```
PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602

Plaintiffs
   In Pro Persona
```

FILED
2009 JUN 29  AM 10: 02
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. CV09-4589 CBM(AJWX)<br><br>**NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.**<br><br>DATE: N/A |

## EX PARTE APPLICATION

Pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 65(b) and local Rule L.R. 65-1, Plaintiffs Paul Nguyen and Laura Nguyen (collectively, "NGUYEN") hereby apply *ex parte* to this Court for:

1. A temporary restraining order ("TRO") restraining and enjoining Defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First

---

EX PARTE APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION

American Loanstar Trustee Services and all of their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation or privities with any of them, from foreclosing and/or selling Plaintiffs' property located at 16141 Quartz Street, Westminster, CA 92683 (hereinafter "Plaintiffs' Home").

2. Plaintiffs will apply for an Order to Show Cause ("OSC") why a preliminary injunction should not be granted enjoining Defendants, Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services, a corporation their agents, employees, representatives, attorneys, and all persons acting in concert or participating with them from foreclosing and/or selling Plaintiffs' property located at 16141 Quartz Street, Westminster, CA 92683.

3. Concurrently, Plaintiffs hereby applies for a hearing date to obtain a preliminary injunction.

This Application is based on the grounds that pecuniary compensation would not afford adequate relief for the loss of Plaintiffs' home that Defendants are seeking to foreclose and have scheduled Trustee's sale on 07/12/2009. Defendants' action to proceed with the sales is in violation of the rights of Plaintiffs and in retaliatory after Plaintiffs noticed Defendants of their rescission of the Mortgage Loan, which is the subject of this action. Great and irreparable injury will result to Plaintiffs before the matter can be heard on notice.

Plaintiffs have not previously obtained an order from any judicial officer for similar relief in this case.

The Application is based upon this notice, the Complaint on file, the attached Memorandum of Points and Authorities, the Declarations of Paul Nguyen, and Laura Nguyen, and any oral argument which be heard at the time of the hearing of this matter.

//

- 1 -
EX PARTE APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION

1 | Dated: 06/26/2009

Respectfully Submitted;

Paul Nguyen & Laura Nguyen
Plaintiffs in Pro Persona

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiffs, Paul Nguyen and Laura Nguyen bring this action against Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company (hereinafter "Defendants") and their agents, officers, employees, and affiliated or associated parties, for their and their predecessors actions in engaging in a pattern of unlawful, fraudulent, or unfair predatory real estate practices causing Plaintiffs to become victims of such behavior and to be in jeopardy of losing their home through foreclosure.

Plaintiffs are seeking to enjoin defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company from proceeding with a foreclosure sale scheduled for July 14, 2009, on their residence located at 16141 Quartz Street, Westminster, CA. (Exhibit "1")

## II.

## STATEMENT OF FACTS

Plaintiff Paul Nguyen obtained a loan on their residence on December 7, 2007 for $250,000.00. The loan is memorialized via Promissory note and Deed of Trust, wherein the lender was Chase Bank USA, N.A. (True and correct copies of which are attached to Plaintiffs' Complaint as Exhibit "A"). Plaintiff Laura Nguyen is not a borrower and is not a party to such Promissory Note.

Defendants misrepresented and fraudulently forged Plaintiff Laura Nguyen's signature on the Deed of Trust which stated at section (B) as followed" ""Borrower" is Paul Nguyen, and Laura Nguyen, Husband and wife, as Joint Tenants". (True and correct copies of which is attached to Plaintiffs' Complaint as Exhibit "B".)

Defendants never provided Plaintiff Laura Nguyen with "Notice of Right to Cancel" in violations of the Truth in Lending Act, 15 U.S.C. § 1601, et seq..

On or about April 6, 2009, Plaintiffs exercise their rights and notified, via certified mail with return receipt, Defendants Chase Home Finance LLC c/o First American Loanstar Trustree Services, Chase Bank USA, N.A., and JPMorgan Chase Bank NA c/o Chase Home Finance LLC (True and correct copies of which are attached to Plaintiffs' Complaint as Exhibit "C), of cancellation and rescission of mortgage loan. In addition, Plaintiffs made offer to tender of the proceeds pursuant to Truth in Lending Act, 15 U.S.C. § 1601, et seq...

Plaintiffs notified Defendants of cancellation and rescission of mortgage loan along with tender offer via certified mail on April 12, 2009.

Defendants failed to take actions as required under Truth in Lending Act, 15 U.S.C. § 1601, et seq. to cancel and rescission the mortgage loan; instead, proceed with the foreclosure and foreclosure sale on July 14, 2009.

## III.

## APPLICABLE AUTHORITIES

Federal Rule of Civil Procedure 65 and Local Rule 65-1 authorize this Court to enter a preliminary injunction or temporary restraining oder. *See* Fed.R. Civ.P 65. The purpose of such injunctive relief is to preserve the relative positions of the parties until a trial on the merits can be conducted. *See* E. & J. Gallo Winery v. Andina Licores S.A., 446 F.3d 984, 990 (9th Cir. 2006); LGS Architects, Inc. v. Concordia Homes, 434 F.3d 1150, 1158 (9th Cir. 2006).

A party seeking a preliminary injunction must show either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. Faith Ctr. Church Evangelistic Ministries v. Glover, 462 F.3d 1194, 1201-02 (9th Cir. 2006). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. LGS Architects, 434 F.3d at 1155; see also Harper v. Poway Unified Sch. Dist., 445 F.3d 1166, 1174 (9th Cir. 2006) (the greater the relative hardship to the

moving party, the less probability of success must be shown to support the grant of a preliminary injunction).

In addition, the party must do more than merely allege imminent harm sufficient to establish standing, he or she must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief. Associated Gen. Contractors v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991), cert. denied, 503 U.S. 985 (1992).

Under the sliding scale theory, a party seeking an injunction "**need not demonstrate that he will succeed on the merits, but must at least show that his cause presents serious questions of law worthy of litigation.**" Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993), cert. denied, 511 U.S. 1030 (1994). Additionally, in cases where the public interest may be affected, the court must consider the public interest as a factor in balancing the hardships. Harris v. Bd. Of Supervisors, 366 F.3d 754, 760 (9th Cir. 2004).

While a preliminary injunction will not be issued without security by the applicant under Federal Rule of Civil Procedure 65(c), a district court has wide discretion in setting the amount of a bond, and the bond amount may be zero if there is no evidence the party will suffer damages from the injunction. *See* Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 321 F.3d 878, 882 (9th Cir. 2003).

## IV.
## ARGUMENTS

Plaintiffs' operative pleadings filed on June 25, 2009 asserts claims for fraud, Fraud by Forgery, Forgery, Rescission and Damages Pursuant to 12 U.S.C. § 1635, et.seq., Damages Pursuant to 12 U.S.C. § 2607, Rescission Pursuant to California Law, Unfair Business Practice Law Business and Professions. Plaintiffs seek declaratory and injunctive relief.

**1. Probability of Success on the Merits**

Plaintiffs can demonstrate probable successes on the merits on their claims for relief of cancellation and rescission of contract and their Truth in Lending Act claim.

### a. Cancellation and Rescission of Contract.

Strong showing is made that Plaintiff Laura Nguyen did not sign the Deed of Trust that encumbered the subject property. In particular, Plaintiff presented evidence demonstrating that she was not present when loan document were signed and here signature on the Deed of Trust was forged. When compared the Deed of Trust which was signed (*See* Exhibit "A" attached to Plaintiffs' Complaint) and the actual Deed of Trust as recorded with the Orange County Recorder (*See* Exhibit "B" attached to Plaintiffs' Complaint) clear forgery can be made because notary statement only certify Plaintiff's, Paul Nguyen, signature and no one else. (*See* Declaration of Joseph Son Nguyen, Notary).

If a party is unaware it is executing a contract, or it did not sign the contract at all, the contract is void for lack of mutual assent. Saint Agnes Med. Ctr. v. Pacificare of Cal., 31 Cal.4th 1187, 1200 (2003); see also CAL. CIV. CODE § 1565 (the consent of the parties to a contract must be free, mutual, and communicated by each to the other). As such, plaintiffs have made a showing of probable success on the merits for their claims that the Chase Bank USA, N.A. upon which it bases its foreclosure are void, and thus Chase Bank USA, N.A.'s deed of trust, upon which it bases its foreclosure sale of Plaintiffs' home, is also invalid.

### b. Truth in Lending Act.

In addition, Plaintiffs shows a probable success on the merits of their claims brought under the Truth In Lending Act (TILA). "The TILA was enacted by Congress to 'avoid the uninformed use of credit.'" Jackson v. Grant, 890 F.2d 118, 120 (9th Cir. 1989). To effectuate this purpose, "[e]ven technical or minor violations of the TILA impose liability on the creditor." Id. (citing Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986)). Thus, the

Ninth Circuit has held that the TILA and accompanying regulations must be "absolutely complied with and strictly enforced."

Applicable here, section 125(a) of the TILA, 15 U.S.C. § 1635(a), provides that, in any consumer credit transaction in which a security interest in a consumer's principal dwelling is retained, the consumer "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." Regulation Z of the Federal Reserve Board provides that "each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction". 12 C.F.R. § 226.23(a)(1). "A creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind." 12 C.F.R. § 226.23(b)(1). In addition, notice of the right to rescind "shall clearly and conspicuously disclose . . . [t]he date the rescission period expires." 12 C.F.R. § 226.23(b)(5). "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3). Id. "When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge." 12 C.F.R. § 226.23(d)(1). "If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation." 12 C.F.R. § 226.23(d)(3).

Assuming that Plaintiffs did sign the contract, it appears that Chase Bank USA, N.A. mortgage loan in this case fall within the ambit of TILA, and the three-year rescission provision. Plaintiff Laura Nguyen was not provided with

-7-
**EX PARTE APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION**

Notice of Right to Cancel and did not sign any acknowledgement of receipt of such notice. If such is the case, the mandatory three years rescission period began to run December 7, 2007 and should have ended on December 7, 2010.

The likelihood of Plaintiffs' success in rescinding the loans due to TILA violation finds support in *Sema*. In Plaintiffs' complaint, Plaintiffs have exercised the rescission rights granted by TILA within three year limitation and made offer to tender the mortgage loan proceeds. (*See* Exhibit "C" attached with Plaintiffs' Complaint). Accordingly, even if Plaintiff signed the contract and Deed of Trust, they have lawfully rescinded it, and the defendants may not rely upon it to foreclose on the property.

## 2. Irreparable Harm.

Plaintiffs maintain they will be irreparably harmed by the sale of their family home. They also assert that they will be irreparably harmed because the sale price sought by defendant in foreclosure is approximately $252,000.00, while their home has been appraised as worth $500,000.00. Therefore, if foreclosure proceeds, plaintiffs will lose about $240,000.00 in appreciation and equity.

In Wrobel v. S.L. Pope & Associates, 2007 WL 2345036, at *1 (S.D. Cal. 2007), the court found that "[l]osing one's home through foreclosure is an irreparable injury." Similar findings were made by the courts in Johnson v. U.S. Department of Agriculture, 734 F.2d 774, 789 (11th Cir. 1984) ("irreparable injury is suffered when one is wrongfully ejected from his home. Real property and especially a home is unique") and Cronkhite v. Kemp, 714 F. Supp. 822, 825 (E.D. Wash. 1989).

One court denied a temporary restraining order on a foreclosure, reasoning that the TRO applicant could halt foreclosure by paying the amount due on the loan. *See* Barrett v. Popular Inc., 2007 WL 1753539, at *1 (W.D. Wash. 2007). But in this case, the validity of the loan itself is the heart of the dispute. The Court is therefore should be persuaded that Plaintiffs will be irreparably harmed by the foreclosure of their home.

## 3. Bond.

While the literal language of Federal Rule of Civil Procedure 65(c) suggests that a restraining order will not be issued without security by the applicant, a district court has wide discretion in setting the amount of a bond. *See* <u>Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills</u>, 321 F.3d 878, 882 (9th Cir. 2003). "The district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." <u>Joregensen v. Cassidy</u>, 320 F.3d 906, 919 (9th Cir. 2003). Here there is no realistic harm to the defendants from a temporary restraint of the foreclosure proceedings. If the defendants' position that the loans were valid is correct, then the loans are secured by the very property in question. It is apparent that the defendants have decided to pursue non-judicial foreclosure at this juncture before proceeding with their counterclaim for judicial foreclosure. Should the non-judicial foreclosure be temporary halted, the defendants are still free to litigate their claim for relief of judicial foreclosure. The defendant's interests are adequately secured by both the deed on the property if it is valid, and their counterclaim that seeks to establish the validity of that deed. No bond will be required at this time.

## CONCLUSION

Accordingly, plaintiffs pray the Court to grant their ex parte application for a temporary restraining order and Order to Show Cause enjoining Defendants from proceeding with the foreclosure and sale of the residence located at 16141 Quartz Street, Westminster, California until the preliminary injunction hearing.

Plaintiffs further request this Court to set a hearing date for preliminary injunction.

Dated: 06/26/2009

Respectfully Submitted;

_____
Paul Nguyen & Laura Nguyen
Plaintiffs in Pro Persona

- 9 -
EX PARTE APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION

```
1  PAUL NGUYEN
   LAURA NGUYEN
2  16141 QUARTZ STREET
   WESTMINSTER, CA 92683
3  TELEPHONE: (714) 360-7602

4  Plaintiffs
     In Pro Persona
```

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. CV09-4589 CBM(AJWX)<br><br>DECLARATION OF PAUL NGUYEN<br><br>1. IN SUPPORT OF NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.<br>2. RE: NOTICE |

I, PAUL NGUYEN, DECLARE:

1. I am the Plaintiff in the above-entitled matter and the owner of the property upon which Notice of Application and Ex Parte Application for temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

2. I have not previously obtained an order from any judicial officer for similar relief in this case.

---

**DECLARATION OF PAUL NGUYEN**

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

3. I am seeking to enjoin defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company from proceeding with a foreclosure sale scheduled for July 14, 2009, on their residence located at 16141 Quartz Street, Westminster, CA.

4. I obtained a loan on my residence held in Joint Tenancy with Plaintiff Laura Nguyen on December 7, 2007.

5. The loan is memorialized via Promissory note and Deed of Trust, wherein the lender was Chase Bank USA, N.A.

6. Plaintiff Laura Nguyen is not a borrower and is not a party to such Promissory Note.

7. The deed of trust was signed by me before the Notary Public, Joseph Son Cao Tran. Plaintiff Laura Nguyen never signed such deed of trust as recorded with the Orange County Recorder.

8. At closing of escrow, I received package of information which contained only copy of "Notice of Right to Cancel"; which was signed by me.

9. To my best knowledge, Plaintiff Laura Nguyen never received copy of "Notice of Right to Cancel."

10. On or about April 6, 2009, I exercised the rescission rights and notified, via certified mail with return receipt, Defendants Chase Home Finance LLC c/o First American Loanstar Trustree Services, Chase Bank USA, N.A., and JPMorgan Chase Bank NA c/o Chase Home Finance LLC, of cancellation and rescission of mortgage loan.

11. In addition, I made offer to tender of the proceeds pursuant to <u>Truth in Lending Act</u>, 15 U.S.C. § 1601, et seq...

12. I again notified Defendants of cancellation and rescission of mortgage loan along with tender offer via certified mail on April 12, 2009.

13. Defendants failed to take actions as required under <u>Truth in Lending Act</u>, 15 U.S.C. § 1601, et seq. to cancel and rescission the mortgage loan; instead, proceed with the foreclosure and foreclosure sale on July 14, 2009.

14. I contacted Chase Bank at 866-395-4760 and asked to speak to legal department.

15. I was referred to speak to a male identified himself as Mr. Frank.

16. I informed him that a complaint against Chase and its affiliates was filed with the Federal District Court, Central District of California, Case No. CV09-4589 CBM (AJWx).

17. I further informed him that I will file EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION enjoining the foreclosure sales of my residence scheduled on July 14, 2009 at 10:00 AM.

18. I further informed him that this case is assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

19. Irreparably harmed will result by the sale of my family home.

20. The sale price sought by defendant in foreclosure is approximately $252,000.00, while the home has been appraised as worth $500,000.00. Therefore, if foreclosure proceeds, I will lose about $240,000.00 in appreciation and equity.

21. There is no realistic harm to the defendants from a temporary restraint of the foreclosure proceedings. If the defendants' position that the loans were valid is correct, then the loans are secured by the very property in question.

22. It is apparent that the defendants have decided to pursue non-judicial foreclosure at this juncture before proceeding with their counterclaim for judicial foreclosure. Should the non-judicial foreclosure be temporary halted, the defendants are still free to litigate their claim for relief of judicial foreclosure.

**DECLARATION OF PAUL NGUYEN**

23. The defendant's interests are adequately secured by both the deed on the property if it is valid, and their counterclaim that seeks to establish the validity of that deed.

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 26, 2009, at Westminster, California.**

Respectfully Submitted;

Paul Nguyen

- 3 -
**DECLARATION OF PAUL NGUYEN**

1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No. CV09-4589 CBM(AJWX)<br><br>DECLARATION OF LAURA NGUYEN<br><br>[IN SUPPORT OF NOTICE OF APPLICATION AND *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.] |

I, LAURA NGUYEN, DECLARE:

1. I am the Plaintiff in the above-entitled matter and the owner of the property upon which Notice of Application and Ex Parte Application for temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction.

2. I have not previously obtained an order from any judicial officer for similar relief in this case.

---

DECLARATION OF LAURA NGUYEN

3. I am seeking to enjoin defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Fidelity National Title Company from proceeding with a foreclosure sale scheduled for July 14, 2009, on their residence located at 16141 Quartz Street, Westminster, CA.

4. I DID NOT obtain a loan on my residence which held in Joint Tenancy with Plaintiff Paul Nguyen on December 7, 2007.

5. The loan is memorialized via Promissory note and Deed of Trust, wherein the lender was Chase Bank USA, N.A.

6. I am not a borrower and is not a party to such Promissory Note.

7. I never signed such deed of trust as recorded with the Orange County Recorder.

8. I never received copy of "Notice of Right to Cancel."

9. On or about April 6, 2009, I exercised the rescission rights and notified, via certified mail with return receipt, Defendants Chase Home Finance LLC c/o First American Loanstar Trustree Services, Chase Bank USA, N.A., and JPMorgan Chase Bank NA c/o Chase Home Finance LLC, of cancellation and rescission of mortgage loan.

10. In addition, I made offer to tender of the proceeds pursuant to <u>Truth in Lending Act</u>, 15 U.S.C. § 1601, et seq...

11. I again notified Defendants of cancellation and rescission of mortgage loan along with tender offer via certified mail on April 12, 2009.

12. Defendants failed to take actions as required under <u>Truth in Lending Act</u>, 15 U.S.C. § 1601, et seq. to cancel and rescission the mortgage loan; instead, proceed with the foreclosure and foreclosure sale on July 14, 2009.

13. Irreparably harmed will result by the sale of my family home.

14. The sale price sought by defendant in foreclosure is approximately $252,000.00, while the home has been appraised as worth $500,000.00.

Therefore, if foreclosure proceeds, I will lose about $240,000.00 in appreciation and equity.

15. There is no realistic harm to the defendants from a temporary restraint of the foreclosure proceedings. If the defendants' position that the loans were valid is correct, then the loans are secured by the very property in question.

16. It is apparent that the defendants have decided to pursue non-judicial foreclosure at this juncture before proceeding with their counterclaim for judicial foreclosure. Should the non-judicial foreclosure be temporary halted, the defendants are still free to litigate their claim for relief of judicial foreclosure.

17. The defendant's interests are adequately secured by both the deed on the property if it is valid, and their counterclaim that seeks to establish the validity of that deed.

**I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 26, 2009, at Westminster, California.**

Respectfully Submitted;

*/s/ Laura Nguyen*
Laura Nguyen