FILED

PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602

Plaintiffs
  In Pro Persona

2009 JUL -8  PM 1:40

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PAUL NGUYEN, an individual; and
LAURA NGUYEN, an individual,

                              Plaintiffs,

        v.

Chase Bank USA, N.A.; Chase Home
Finance, LLC; First American Loanstar
Trustee Services; Sydney Funding and
Realty, Inc.; Sidney Tran, an Individual;
Nexus Escrow, Inc.; John Nguyen, an
Individual; Joseph Son Cao Tran, an
Individual; Realty Savers Inc.; Nguyen
Paul Tuan, an Individual; and DOES 1
through 50, inclusive,

                              Defendants.

**Case No.  CV09-4589 AHM (AJWx)**

**FIRST VERIFIED AMENDED
COMPLAINT FOR RECISSION
AND DAMAGES, 15 U.S.C. § 1635,
12 C.F.R. § 226, 12 U.S.C. § 2601,
ET.SEQ., AND CALIFORNIA LAWS**

**DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs PAUL NGUYEN AND LAURA NGUYEN
(hereinafter "Plaintiffs" or "NGUYEN") file this civil action alleging that their
federal and state rights were violated as follows:

---

**FIRST VERIFIED AMENDED COMPLAINT**

## INTRODUCTION AND NATURE OF CONTROVERSY

1. This is a Truth-in-Lending ("TILA") and Real Estate Settlement Procedure Act ("RESPA") case in which Plaintiff Paul Nguyen was fraudulently induced to enter into a loan and PAUL NGUYEN and his wife LAURA NGUYEN executed a deed of trust encumbering their home ("Mortgage Loan") through the use of unfair and deceptive acts and practices in violation of the Truth-in-Lending Act and the Real Estate Settlement Procedures Act, as well as state laws. Fraudulent representations concerning the payment terms of the Mortgage Loan were made to the Plaintiffs to induce PAUL NGUYEN to enter into the Mortgage Loan. In addition, material disclosures in relation to the Mortgage Loan, required pursuant to the Truth-in-Lending Act and its implementing Regulation, and required pursuant to the Real Estate Settlement Procedures Act and its implementing Regulation, were concealed from the NGUYEN. Nor were the NGUYEN provided with a proper number of notices of their right to cancel the transaction within the time period required by law, all in violation of PLAINTIFFS' clearly established rights under federal and state statutory and common law. In addition, Defendant Chase Bank USA N.A., and/or its agent, intentionally forged the signature of Plaintiff LAURA NGUYEN onto the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs as part of a scheme to prevent the Plaintiffs from knowing the true term and conditions of the Mortgage Loan prior to entering into that Mortgage Loan and preventing the Plaintiffs from rescinding the Mortgage Loan if and when they ever discovered the true terms and conditions of the Mortgage Loan by using the forged Deed of Trust as the basis for arguing that the Plaintiffs' right to rescind the Mortgage Loan under federal law had expired.

**FIRST VERIFIED AMENDED COMPLAINT**

2.  This action seeks rescission of the Mortgage Loan and statutory, compensatory, and punitive damages to vindicate the violation of the NGUYEN's federal and state rights.

3.  The NGUYEN also seeks punitive damages against the Defendants in order to punish and set example for the wrongful conduct in violating federal and state laws resulting in injury and damages to the NGUYEN.

4.  The NGUYEN also seeks reasonable costs of litigation, including, but not limited to, attorneys' fees.

## JURISDICTION AND VENUE

5.  This action arises under 15 U.S.C. § 1635, 12 C.F.R. § 226, 15 U.S.C. §§ 2601 and 2614, 12C.F.R. § 3500, and under California statutory and common law.

6.  This Court has jurisdiction over the Federal claims in this action based on 18 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.  This Court also has supplemental jurisdiction over the pendant state law claims because the state law claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

7.  The unlawful conduct, illegal practices, and acts complained of alleged in this complaint were all committed in the Central District of California and the involved real property is located in the Central District of California.  Therefore, venue properly lies in this District, pursuant to 12 U.S.C. § 2614 and 28 U.S.C. § 1391(b).

//

//

//

**FIRST VERIFIED AMENDED COMPLAINT**

## PARTIES

### Plaintiff

8. Plaintiff PAUL NGUYEN and LAURA NGUYEN are resident of Westminster, California, and the real property secured by a deed of trust under the Mortgage Loan is located in Westminster, California.

### Defendants

9. Plaintiffs are informed and believe, and thereon allege, that Defendant Chase Bank USA, N.A. (hereinafter "Chase Bank") is a national banking institution whose exact business form is unknown and at all times mentioned herein was conducting business in California. Plaintiffs are informed and believe that Defendant Chase Bank is the owner of the Mortgage Loan.

10. Plaintiffs are informed and believe, and thereon allege, that Defendant Chase Home Finance LLC ("Chase Home Finance") is a wholly owned subsidiary of Chase Bank and at all times mentioned herein was conducting business in California. Plaintiffs are informed and believe that Defendant Chase Home Finance is the servicer of the Mortgage Loan.

11. Plaintiffs are informed and believe, and thereon allege, that Defendant First American Loanstar Trustee Services ("Trustee Services") whose exact business form is unknown and at all times mentioned herein was conducting business in California. Plaintiffs are informed and believe that Defendant Trustee Services is the subsequent trustee of the Mortgage Loan and an agent of Chase Bank.

12. Plaintiffs are informed and believe, and thereon allege, that Defendant Joseph Cao Son Tran, a licensed real estate broker and Notary Public which licenses were issued by the California Department of Real Estate, at all time mentioned herein acting on behalf of himself, Sydney Funding, Nexus Escrow and Realty Savers and is an agent acting on behalf of Chase Bank, was conducting business in California.

**FIRST VERIFIED AMENDED COMPLAINT**

13. Plaintiffs are informed and believe, and thereon allege, that Defendant Sydney Funding and Realty, Inc. ("Sydney Funding"), a licensed real estate company which license was issued by the California Department of Real Estate, at all time mentioned herein acting as an agent and on behalf of Chase Bank, was conducting business in California.

14. Plaintiffs are informed and believe, and thereon allege, that Defendant Sidney Tran ("TRAN"), a licensed real estate broker which license was issued by the California Department of Real Estate, at all time mentioned herein acting as a designated officer and alter ego of Sydney Funding and is an agent acting on behalf of Chase Bank, was conducting business in California.

15. Plaintiffs are informed and believe, and thereon allege, that Defendant Nexus Escrow, Inc. ("NEXUS"), a licensed escrow company which license was issued by the California Department of Corporation, at all time mentioned herein a wholly owned subsidiary and alter ego of SYDNEY FUNDING, acting as an agent and on behalf of SYDNEY FUNDING and Chase Bank, was conducting business in California.

16. Plaintiffs are informed and believe, and thereon allege, that Defendant John Nguyen, a licensed escrow agent which license was issued by the California Department of Real Estate, at all time mentioned herein acting as a designated officer and alter ego of NEXUS and Sydney Funding and is an agent acting on behalf of Chase Bank, was conducting business in California.

17. Plaintiffs are informed and believe, and thereon further allege, that Defendant John Nguyen and Sidney Tran are related to each other as family members.

18. Plaintiffs are informed and believe, and thereon allege, that Defendant Realty Savers Inc. ("REALTY SAVERS"), a licensed real estate company which license was issued by the California Department of Real Estate, was conducting business in California.

**FIRST VERIFIED AMENDED COMPLAINT**

19. Plaintiffs are informed and believe, and thereon allege, that Defendant Nguyen Paul Tuan, a licensed real estate broker which license was issued by the California Department of Real Estate, at all time mentioned herein acting as a designated officer and alter ego of REALTY SAVERS.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. On or about October 2007, Joseph Son Cao Tran was a licensed real estate broker which license was issued by the California Department of Real Estate and employed by REALTY SAVERS, also a California licensed real estate company who operated under a California designated licensed broker, Nguyen Paul Tuan, at the time of the events and happenings referred to herein.

21. Joseph Son Cao Tran represented to Plaintiff Paul Nguyen that he and REALTY SAVERS (collectively hereinafter referred to as "REALTY SAVERS") i) were properly licensed under California laws and (ii) possessed expertise as a mortgage broker in real estate lending that qualified to serve as Plaintiff Paul Nguyen's mortgage broker, and to find a residential mortgage loan best suited to Plaintiff Paul Nguyen's financial situation and needs, and to explain to Plaintiff the details of any proposed residential mortgage loan.

22. As a direct and proximate result of REALTY SAVERS' representations that it was properly licensed and possessed expertise as a mortgage broker, Plaintiff Paul Nguyen entered into an oral contract ("Oral Contract") with REALTY SAVERS whereby REALTY SAVERS would act as Plaintiff's Paul Nguyen's mortgage broker for the purpose of obtaining a residential mortgage loan secured by the Real Property with terms satisfactory to the Plaintiffs.

23. Defendant Joseph Son Cao Tran assisted Plaintiff Paul Nguyen to fill out the loan application and met with Defendant Joseph Son Cao Tran multiple times to

**FIRST VERIFIED AMENDED COMPLAINT**

provide him with the requested documents at Defendant REALTY SAVERS' offices.

24. These documentations included court records showing judgments which were set aside by Court.

25. Defendant Joseph Son Cao Tran and/or REALTY SAVERS and/or SYDNEY FUNDING never provided Plaintiff PAUL NGUYEN with "Good Faith Estimate" of loan cost.

26. On or about November 21, 2007, Defendant Joseph Son Cao Tran represented to Plaintiff PAUL NGUYEN that he and his company has secured a loan through Defendant Chase Bank.

27. Plaintiff Paul Nguyen agreed to proceed with the mortgage loan as an individual rather than as joint tenant with Plaintiff Laura Nguyen.

28. On or about December 7, 2007, Defendant Joseph Son Cao Tran asked Plaintiff Paul Nguyen to come to Defendant Nexus Escrow to sign mortgage documents.

29. Up to December 7, 2007, Defendant Joseph Son Cao Tran did not provide Plaintiff Paul Nguyen with any document related to the mortgage loan.

30. Defendant Joseph Son Cao Tran actively concealed from Plaintiff that he and Defendant SYDNEY FUNDING are broker of the loan instead of REALTY SAVERS.

31. Neither Defendant Joseph Son Cao Tran nor SYDNEY FUNDING disclosed the relationship between SYDNEY FUNDING and NEXUS ESCROW to Plaintiff.

32. Plaintiff PAUL NGUYEN appeared at Defendant NEXUS ESCROW on December 7, 2007 to signed mortgage documents.  His wife, LAURA NGUYEN, did not appear to sign documents.

33. Defendant Joseph Son Cao Tran, acting as a licensed broker in arranging the loan, also appeared and acted as notary public of documents that signed by Plaintiff PAUL NGUYEN.

**FIRST VERIFIED AMENDED COMPLAINT**

34. Plaintiff Paul Nguyen executed a promissory note and security agreement for that purpose, which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.6.

35. Plaintiff Laura Nguyen never executed a promissory note and security agreement for that purpose.

36. On or about January 2009, Plaintiffs discovered forged signature of Laura Nguyen to the Deed of Trust.

37. Plaintiff Laura Nguyen never appeared before a notary public, Joseph Son Cao Tran or received two (2) copies of a Notice of Right to Cancel from any person or entity, or from the notary.

38. Plaintiff Laura Nguyen are informed and believe, and thereon allege, that all purported signatures of Plaintiff Laura Nguyen that were affixed on mortgage loan is forgeries which included the deed of trust in connection with the Mortgage Loan and were affixed on said documents by Defendants.

39. As a result of the failure of Chase to provide all of the disclosures required by state and federal law, and as a result of the false, fraudulent, and/or deceitful representations made to the Plaintiffs concerning the terms of the Mortgage Loan, Plaintiffs are entitled to rescind the Mortgage Loan.

40. On April 6, 2009, Plaintiffs sent via U.S. Post certified mail, notified Chase of their rescission of the loan under TILA and offer to tender.  Additional copies were also sent via U.S. Post certified mail to Chase Home Finance LLC, c/o First American Loan Star Trustee Services and JP Morgan Chase Bank, NA c/o Chase Home Finance LLC.

41. Again, on April 13, 2009, Plaintiffs again sent via U.S. Post certified mail, notified Chase of their rescission of the loan under TILA and offer to tender.

42. Plaintiffs are also informed and believe, and thereon allege, that the Defendant and one or more of its agents conspired to withhold disclosing the Truth-in-

**FIRST VERIFIED AMENDED COMPLAINT**

Lending Disclosure Form required by federal law and that, in furtherance of said conspiracy, the Defendant forged Plaintiff Laura Nguyen's signatures on the Deed of Trust or authorized and ratified such forged signatures.

43. That the Mortgage loan entered into is a federally related mortgage loan as that term is defined in the *Real Estate Settlement Procedures Act* at 12 U.S.C. § 2602(1).

44. Defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Sydney Funding and Realty, Inc.; Sidney Tran; Nexus Escrow, Inc.; John Nguyen; Joseph Son Cao Tran; Realty Savers Inc.; and Nguyen Paul Tuan are individuals and businesses that regularly offer or extend credit and provide applications for home mortgage to consumers.

45. In addition to acting as the mortgage broker and Chase's agent in the transaction resulting in the entering into of the Mortgage Loan, Sydney Funding and Sidney Tran also acted as the Settlement Agent through its wholly owned subsidiary NEXUS ESCROW in connection with the consummation and closing of the Mortgage Loan.  Neither Sydney Funding, its principals nor Chase ever disclosed to the Plaintiffs that the entity acting as Mortgage Broker would also be acting as the Settlement Agent and would be receiving fees and other funds in connection with such role at any time prior to the delivering of the final Settlement Statement to Plaintiff after entering into the Mortgage Loan. Plaintiffs are informed and believe, and thereon allege, that Chase gave and Sydney Funding accepted and received fees, payments and other things of value in return for the referral of the Mortgage Loan by Sydney Funding to Chase. Such giving accepting of the settlement agent fees and other things of value in return for the referral of the Mortgage Loan by Sydney Funding to Chase was in violation of 12 U.S.C. § 2607(a).

**FIRST VERIFIED AMENDED COMPLAINT**

46. Plaintiffs are further informed and believe that Defendant Joseph Son Cao Tran acted as broker in arranging such mortgage loan illegally acted as notary public.

47. Plaintiffs are informed and believe, and thereon allege, that because of the forgery of Plaintiff Laura Nguyen's signature to one or more documents, and because of the failure to deliver required form under Truth-in-Lending Disclosure to the Plaintiffs prior to the closing of the Mortgage Loan, the value of Sydney Funding's mortgage brokering services and its settlement services provided by its wholly owned subsidiary, Nexus Escrow, was $ 0.00. Plaintiffs' further allege that, since Sydney Funding and its subsidiary were paid and received a fee from Chase as mortgage broker in excess of $10,000.00, such payment to Sydney Funding and its subsidiary represented payment for services that were not actually performed in violation of 12 U.S.C. § 2607(b).

48. The acceptance of fees from Chase by Defendants SYDNEY FUNDING, Sidney Tran, NEXUS ESCROW, John Nguyen and Joseph Son Cao Tran for performing broker services that were not actually performed and Chase's payment of that fee for broker activities represents an unlawful kickback and/or unearned fee under RESPA because the amount received by these Defendants and paid by Chase was not reasonably related to the performance of lawful services.

49. Plaintiffs are informed and believe, and thereon allege, that Chase should have known that Sydney Funding, Sidney Tran, Nexus Escrow, John Nguyen, and Joseph Son Cao Tran did not earn the broker fees because common industry practices are that lenders follow underwriting standards that demand a review of originations by mortgage brokers and, therefore, lenders typically know that brokers have performed the services required and in a lawful manner. Plaintiffs are informed and believe, and thereon allege, that if Chase had reviewed the loan origination documents properly, either before or after the closing of the

FIRST VERIFIED AMENDED COMPLAINT

Mortgage Loan, Chase would have learned of the obvious indications that Sydney Funding was not properly performing its role as a mortgage broker.

50. Plaintiffs also allege that neither Sydney Funding, Sidney Tran or Joseph Son Cao Tran ever offered Plaintiffs the option to pay a lower amount of settlement fees and charges in addition to failing to disclose to Plaintiffs that Sydney Funding would also be performing services as the Settlement Agent through its wholly owned subsidiary in connection with the Mortgage Loan and Joseph Son Cao Tran would also be performing notary services at the time of settlement.

51. The agency responsible for enforcing RESPA and its implementing regulation, Regulation X, the United States Department of Housing and Urban Development ("HUD"), issued a Statement of Policy in 1999 establishing two – part test for determining the legality of certain lender payment to mortgage brokers under RESPA as follows:

(1) Whether goods or facilities were actually furnished or the services were actually furnished or the services were actually performed for the compensation paid, and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

52. In 2001, HUD clarified its interpretation of §§ 2607(a) and (b) when it issued its RESPA Statement of Policy 2001-1 entitled Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section 8(b). ("Statement of Policy 2001-1.) HUD's 2001-1 Policy of Statement explains that the second prong of its two-part test to determine the legality of lender payments to mortgage brokers may not be satisfied when the loan brokers does not offer the borrower the option to pay a lower amount of total fees upfront.

53. Plaintiffs are informed and believe, and thereon allege, that Chase and others knowingly and willfully conspired and agreed among themselves to commit the acts described of herein with the intent to deprive Plaintiff of an amount to be determined and proven at trial but in an amount that exceeds $15,000.00.

54. Plaintiffs are informed and believe, and thereon allege, that Chase and its agents did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

55. Plaintiffs are informed and believe, and thereon allege, that Chase and its agent furthered the conspiracy by cooperation or lend aid and encouragement to, or ratified and adopted the acts of each other.

56. As a proximate result of the wrongful acts herein alleged, Plaintiffs has suffered damages in an amount to be determined and proven at trial but in an amount that exceed $15,000.00.

57. In conspiring and acting in concert as herein alleged, Chase, either directly or through the conduct, authorization or ratification by a Chase officer, director, or managing agent, acted willfully and with the intent to cause injury to the Plaintiff. Chase is guilty of malice, oppression, and/or fraud in conscious disregard of the Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Chase and to deter others from engaging in similar conduct.

## FIRST CLAIM FOR RELIEF
### (Against Defendant Chase, Sydney Funding, Sidney Tran, Nexus Escrow, John Nguyen, Joseph Son Cao Tran, Realty Savers Inc., Nguyen Paul Tuan, and DOES 1 - 50 for Fraud)

58. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 57 above.

59. The false, fraudulent and/or deceitful representations previously alleged were knowingly false, fraudulent and/or deceitful when made by Chase and its agent with the intent that Plaintiffs would rely on such representations.

60. Plaintiff justifiably relied on the false, fraudulent and/or deceitful representations made by Chase and its agents and, as a result of such reliance; Plaintiffs (i) agreed to enter into the Mortgage Loan with Chase as the lender.

61. Such false, fraudulent and/or deceitful representations made by Chase and its agents were made and performed in a wanton, malicious and oppressive manner and in knowingly disregard of the rights of the Plaintiffs, and such false, fraudulent and/or deceitful representations were performed, authorized or ratified by an officer, director or managing agent of Chase and its agent.

62. The false, fraudulent and/or deceitful representations made by Chase and its agents were made for the purpose of unjustly enriching Chase and its agents and that the Defendants were unjustly enriched by the false, fraudulent and deceitful representations.

63. As a direct and proximate result of the false, fraudulent and/or deceitful representations made by Chase and its agents, and the Plaintiffs' justifiable reliance thereon, Chase and its agent have been, and will be, unjustly enriched and the Plaintiffs have been damaged in an amount in excess of $15,000.00.

## SECOND CLAIM FOR RELIEF
### (Against Defendant Chase, Sydney Funding, Sidney Tran, Nexus Escrow, John Nguyen,  Joseph Son Cao Tran, Realty Savers Inc., Nguyen Paul Tuan, and DOES 1 - 50 for Fraud by Forgery)

64. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 63 above.

65. On or about December 7, 2007, Chase and/or its agents intentionally forged signature of the Plaintiff Laura Nguyen onto the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs.

66. The forgery by Chase and/or its agents was undertaken as part of a scheme to (i) prevent Plaintiffs from knowing the true terms and conditions of the Mortgage Loan prior to entering into that Mortgage Loan and (ii) preventing Plaintiffs from rescinding the Mortgage Loan if and when they ever discover the true terms and conditions of the Mortgage Loan by using the forged deed of trust as the legal basis for arguing that the Plaintiffs' right to rescind the Mortgage Loan under federal law had expired.

67. Plaintiffs are informed and believe, and thereon allege, that Chase and/or its agents knew that (i) forged signatures of the Plaintiff Laura Nguyen on the Deed of Trust and other documents related to the Mortgage Loan, or (ii) knew of the forged signatures of the Plaintiff on the Deed of Trust, conspired to defraud the Plaintiffs for the reason that the forged signatures of the Plaintiff Laura Nguyen on the Deed of Trust and the other documents related to the Mortgage Loan were undertaken to further the fraud of concealing from the Plaintiffs the true terms and conditions of the Mortgage Loan and to thereafter create and unlawful defense to any attempted rescission of the Mortgage Loan by the Plaintiffs in the event the Plaintiffs discovered the true terms and conditions of the Mortgage Loan and attempted to assert their rights of rescission under California and or federal law.

68. The forgery of Plaintiff Laura Nguyen's signature on the Deed of Trust, in addition to failure to provide Notice of Right to Cancel were made with the intent to deceive Plaintiffs and to deprive them of their rights under California and federal law.

69. At the time that the forgeries of Plaintiff Laura Nguyen' signatures and concealment from Plaintiff of the true terms and conditions of the Mortgage Loan, Plaintiffs were unaware of the fact that her signature had been, or were to be, forged on the Deed of Trust and other documents related to the Mortgage Loan and were unaware of the true terms and conditions of the Mortgage Loan.

70. Plaintiffs relied to their detriments on the aforementioned concealment of the true terms and conditions of the Mortgage Loan which concealment was effectuated by the withholding of the disclosure under the Truth-in-Lending as required by federal law and by forging the Plaintiffs' signatures on said Deed of Trust for the fraudulent purpose of using the forged Deed of Trust as a basis for depriving the Plaintiffs of their legal rights pursuant to California and federal law in the event the Plaintiffs learned the true terms and provisions of the Mortgage Loan.

71. Chase and/or its agents intentionally forged the signature of the Plaintiff on the Deed of Trust and other documents related to the Mortgage Loan proximately resulting in harm suffered by both Plaintiffs.

72. The aforementioned acts, omissions, and fraud by forgery conducted by Chase and/or its agents alleged above were fraudulent, malicious and oppressive conduct which subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, and constituted despicable conduct by said Defendants with a willful and conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages against said defendants.

//
//
//
//

**FIRST VERIFIED AMENDED COMPLAINT**

### THIRD CLAIM FOR RELIEF

### (Against Defendant Chase, Sydney Funding, Sidney Tran, Nexus Escrow, John Nguyen, Joseph Son Cao Tran, Realty Savers Inc., Nguyen Paul Tuan, and DOES 1 - 50 for Forgery)

73. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 72 above.

74. The act of forging the signature of the Plaintiff Laura Nguyen on the Deed of Trust and other documents related Mortgage Loan was conducted by Chase and/or its agents as part of an intentional scheme and conspiracy to deceive Plaintiffs in order to fraudulently induce Plaintiffs to enter into the Mortgage Loan because by forging Plaintiff Laura Nguyen's signature on Deed of Trust and other documents related to the Mortgage Loan, Chase and/or its agents would gain a material advantage over the Plaintiffs by making it difficult, perhaps impossible, for the Plaintiffs to successfully assert their rights under California and Federal law in the event Plaintiffs discovered the true terms and conditions of the Mortgage Loan.

75. The forgery by Chase and/or its agents of the Deed of Trust was part of a fraudulent scheme to conceal and suppress the truth of the terms and conditions of the Mortgage Loan from the Plaintiffs and the forgery of the Plaintiff Laura Nguyen's signature on the Deed of Trust constituted and artifice designed to deceive Plaintiffs.

76. The aforementioned acts, omissions, and forgery conducted by Chase and/or its agents alleged above were fraudulent, malicious and oppressive conduct which subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, and constituted despicable conduct by Chase and/or its agents with a willful and conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages against this Defendant.

## FOURTH CLAIM FOR RELIEF

### (Against Defendant Chase, , and DOES 1 - 50 for Rescission and Damages Pursuant to 12 U.S.C. § 1635, et.seq.)

77. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 76 above.

78. The Mortgage Loan is subject to the federal Truth-in-Lending Act and its implementing regulation, Regulation Z, because the Borrower under the Mortgage Loan, Paul Nguyen, is an individual and not a corporation, partnership, or other entity, and because Plaintiff Paul Nguyen used the loan proceeds for personal, family, or household purposes, and because the amount borrowed was, and is, subject to a finance charge and is to be repaid in 5 or more installments, and because the Mortgage Loan is secured by Plaintiffs' principal dwelling.  Furthermore, the Mortgage Loan is not subject to any of the exemptions set forth in the Truth-in-Lending Act and Regulation Z and it was not a loan for business purposes.

79. Because of the Mortgage Loan is subject to the Truth-in-Lending Act and Regulation Z, Chase and its agents were required to deliver to the Plaintiffs, among other things, Good Faith Estimate, Notice of Right to Cancel.  Chase and its agents failed to deliver the required disclosures and Right to Cancel to Plaintiff Laura Nguyen.

80. Therefore, the right to rescind the Mortgage Loan is extended to three-years.

81. Plaintiffs exercised its rights under California and federal laws by notify Chase, Chase Home Finance, and Trustee Services of rescission of the Mortgage Loan and tender under such rescission.

**FIRST VERIFIED AMENDED COMPLAINT**

82. Chase, Chase Home Finance, and Trustee Services failed to take actions as required under the Truth-in-Lending Act and Regulation Z upon receipt of rescission of the Mortgage Loan.

83. As a direct and proximate result of the violation of the Truth-in-Lending Acts and Regulation Z by Chase, Plaintiffs suffered damages in an amount to be proven at trial.

### FIFTH CLAIM FOR RELIEF

**(Against Defendant Chase; Chase Home Finance, LLC; First American Loanstar Trustee Services; Sydney Funding and Realty, Inc.; Sidney Tran; Nexus Escrow, Inc.; John Nguyen; Joseph Son Cao Tran; Realty Savers Inc.; Nguyen Paul Tuan, , and DOES 1 - 50 for Damages Pursuant to 12 U.S.C. § 2607)**

84. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 83 above.

85. The Mortgage Loan is a federally related mortgage loan and is subject to the federal Real Estate Procedures Act (RESPA) and its implementing regulation, Regulation X.

86. Because the Mortgage Loan is subject to RESPA and Regulation X, all Defendants were required to comply with Section 8(a) and (b) of RESPA appearing at 12 U.S.C. § 2607(a) and (b).  Section 8 violations are further defined by Regulation X and 24 C.F.R. § 3500.14 as "Prohibition against kickbacks and unearned fees."

87. Because Chase and its agent conspired to withhold, and did withhold, Notice of Right to Cancel, and because Chase and/or its agents conspired to withhold disclosure to Plaintiffs that Sydney Funding through its wholly owned subsidiary, Nexus Escrow,  would be acting as the settlement agent in

connection with the consummation of the Mortgage Loan, Joseph Son Cao Tran acting as broker and notary and because the forgery of the Plaintiff Laura Nguyen's signatures to the Deed of Trust, Plaintiffs allege that the actual value of Chase's agents services was $0.00.

88. As a result of the value of Chase's agents services being $0.00, Chase and/or its agent violated Section 2607(b) of RESPA.

89. Plaintiffs allege that because value of service was $0.00, the payments by Chase to its agents and its subsidiary and any of such payments or portion thereof received are violation of Section 2607(a) of RESPA.

90. As a direct and proximate result of the violations of RESPA and Regulation X by Chase and/or its agents, Plaintiff suffered damages in an amount to be proven at trial.

91. As a direct and proximate result of the violation of RESPA and Regulation X by Chase and/or its agent, this Defendant has been, and will be unjustly enriched and Plaintiffs have been damaged in excess of $20,000.00.

## SIXTH CLAIM FOR RELIEF
### (Against Defendant Chase Home Finance, LLC, and DOES 1 - 50 for Damages Pursuant to 12 U.S.C. § 2607)

92. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 91 above.

93. The Mortgage Loan is a federally related mortgage loan and is subject to the federal Real Estate Procedures Act (RESPA) and its implementing regulation, Regulation X.

94. Because the Mortgage Loan is subject to RESPA and Regulation X, all Defendants were required to comply with Section 6 of RESPA appearing at 12

U.S.C. § 2605.  Section 6 violations are further defined by Regulation X and 24 C.F.R. § 3500.21 (e) as "Duty of loan servicer to respond to borrower inquiries."

95.  Chase Home Finance violated Section 6 of Regulation X upon receipt of Plaintiffs' Qualified Written Request ("QWR") including but not limited to:

   a.  Failure to response and take action upon receipt of Plaintiff's Qualified Written Request as required by laws.

   b.  Failure to make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction.

   c.  Failure to protect Plaintiffs' credit rating upon receipt of Plaintiffs "QWR" by continuing to furnish adverse information regarding payment to credit reporting agencies as defined in section 603 of the *Fair Credit Reporting Act*, 15 U.S.C. 1681a.

96.  As a direct and proximate result of the violations of RESPA and Regulation X by Chase Home Finance, Plaintiff suffered damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (Against Defendant Chase, and DOES 1 - 50

### for Rescission Pursuant to California Law)

97.  Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 96 above.

98.  The Mortgage Loan is subject to the conditional right of rescission provided by the Truth-in-Lending Act which grants the Borrower and any owner (i) an unconditional right of rescission for the first three days following the consummation of the transaction, or (ii) a conditional right of rescission if the creditor fails to deliver certain forms and/or fails to disclose certain information.

**FIRST VERIFIED AMENDED COMPLAINT**

The statute put a 3-year time limit on the exercise of the conditional rescission right.

99. The Defendants failed to deliver Notice of Right to Cancel to Plaintiff Laura Nguyen, who is the owner of the subject property as required by the Truth-in-Lending Act. As the result of such failure, Plaintiffs are entitled to, and have, exercise their conditional right of rescission of the Mortgage Loan.

## **EIGHT CLAIM FOR RELIEF**

**(Against Defendant Chase, Chase Home Finance, LLC; Sydney Funding and Realty, Inc.; Sidney Tran; Nexus Escrow, Inc.; John Nguyen; Joseph Son Cao Tran; Realty Savers Inc.; Nguyen Paul Tuan, and DOES 1 - 50  Pursuant to California Unfair Business Practice - Business and Professions § 17200 et.seq.)**

100. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 99 above.

101. Pursuant to California law, Sydney Funding and Realty, Inc.; Sidney Tran; Nexus Escrow, Inc.; John Nguyen; Joseph Son Cao Tran; Realty Savers Inc.; Nguyen Paul Tuan acting as a mortgage broker on behalf of Plaintiffs owed fiduciary duties of loyalty and due care to the Plaintiffs.

102. Despite the fiduciary and statutory duties owed to the Plaintiffs by these Defendants; they engaged in deliberate actions and conduct in violation of those fiduciary and for the purpose of taking advantage of their relationship with the Plaintiffs by making false, fraudulent, and deceitful representations concerning the Mortgage Loan.

103. These Defendants along with Chase, Chase Home Finance LLC, , have falsely, fraudulently and deceitfully represented to the Plaintiffs as aforesaid which representations were relied upon by the Plaintiffs resulting in consummation of

the Mortgage Loan and to the damage of Plaintiffs in violation of the Consumer Credit Protection Act, as aforesaid.

104. These Defendants along with Chase, Chase Home Finance LLC violated the Real Estate Settlement Procedures Act as set forth herein and the allegations of which are hereby incorporated in this cause of action by this reference.

105. These Defendants acted in concert with Chase forged the signature of Plaintiff Laura Nguyen onto the Deed of Trust.

106. Such unfair, fraudulent and deceptive acts and omissions, and violation of state law are unfair business practices and constitute a violation of California common law and California Business & Professions Code §§ 17200, et seq. Plaintiffs reserve the right to identify additional unfair, fraudulent, or deceptive practices, or unlawful or unfair practices, by Defendants as may be established through discovery.

107. As direct and proximate result of the unfair, fraudulent, and deceptive conduct describe above, as well as the result of their unlawful and unfair business practices as described above, this Defendant has been and will be unjustly enriched.

108. Plaintiffs, pursuant to California Business & Professions Code § 17203, seek an order of this Court enjoining these Defendants from further withholding and confiscating any of the monies, funds and property due to the Plaintiffs as a result of the unfair business practices alleged herein, and compelling this Defendant to:

    a. Make restitution to Plaintiffs for all funds unfairly, unlawfully, fraudulently, and deceptively obtained and retained by all Defendants identified herein and/or its agent as a result of the wrongful acts as alleged herein and their violation of California common law and California Business &Professions Code §§ 17200 et seq.; and

b.  Disgorge all revenues acquired and retained by all Defendants identified herein and/or its agent as a result of the unfair, fraudulent, deceptive, unlawful business practices alleged herein; and

c.  To take steps and actions reasonably and sufficiently necessary to rescind the Mortgage Loan and to void any and all deeds of trust or other legal documents pertaining to the property securing the Mortgage Loan.

109. Plaintiffs are entitled to restitution of their property (tangible and intangible) and money and funds, as that property, money and funds existed prior to the wrongful actions and conduct of all Defendants identified herein and/or its agent.

110. Plaintiffs also seek such additional equitable relief as may be necessary to provide a complete remedy for Defendants indentified herein and/or its agent's wrongful actions and conduct, including without limitation, injunctive relief, restitution, and restoration of their unencumbered title interest in the real property.

111. Pursuant to federal law, Defendants indentified herein, acting as a lender, owed statutory duties to the Plaintiffs.

112. Despite the statutory duties owed to the Plaintiffs, Defendants identified herein violated those statutory duties and, as a result thereof, took advantage of its relationship with the Plaintiffs and has been, and is being, unjustly enriched thereby.

113. As a direct and proximate result of the breach of fiduciary duties, these Defendants have been unjustly enriched, and the Plaintiffs have been damaged in an amount in excess of $25,000.00.

114. These Defendants, in committing wrongful acts described herein, acted with malice, fraud, and oppression toward Plaintiffs, in a conscious disregard of Plaintiffs' rights.

## NINTH CLAIM FOR RELIEF

### (Against ALL Defendants, and DOES 1-50 For Declaratory Relief)

115. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 114 above.

### RESCISSION OF MORTGAGE LOAN:

116. An actual controversy has arisen and now exists between the Plaintiffs and all defendants in that Plaintiffs did not received the required disclosures as required by state and federal law in connection with the Mortgage Loan, specifically "Notice of Right of Rescission" and "Good Faith Estimate". Plaintiffs further contend that they have the right to rescind and tender money received of the Mortgage Loan under state and federal law and have done so. These Defendants took no steps to honor plaintiffs' request to cancel its security interest in the property as required by state and federal laws and to rescind the Mortgage Loan.

117. The statute delineates a specific procedure to be followed when the debtor exercises its right of rescission. In particular, 12 U.S.C. § 1635(b) provides that upon receipt of notice of rescission, the creditor shall return all earnest money or down payments to the debtor and shall terminate its security interest in the property.

118. Thus, the statute contemplates a three-step sequence in which (i) the debtor notifies the creditor of exercise of rescission rights, (ii) the creditor tenders all payments received from the debtor and terminates its security interest in the residence, and (i) the debtor tenders the loan proceeds to the creditor.

119. Plaintiffs rescinded the transaction on December 7, 2007 by delivering to Defendant, by certified mail, a written notice of rescission.

120. Subsequently, Plaintiffs offered to tender the loan proceed of the mortgage loan on December 7, 2007.

121. Defendants have failed to take the necessary and appropriate action to reflect the termination of any security interest created under the transaction, as required by 15 U.S.C. § 1635(b) and Regulation Z §226.23(d)(2).

122. Plaintiffs desire a judicial determination of their rights under state and federal law and that this Defendant account for and pay to Plaintiffs all money and property received by Chase and/or its agent or delivered to others resulting from the Mortgage Loan and terminating its security interest in the real property.

123. A judicial determination is necessary and appropriate at this time in order that Plaintiffs may determine his rights and that the obligations of Defendants will also be determined pursuant to the contract and California and federal law.

124. As a result of the aforesaid violations of TILA and Regulation Z, pursuant to 15 U.S.C. § 1635(a) and §1640(a), the Defendants are liable to the Plaintiffs for:

    a. Damages for its failure to provide required disclosures;

    b. Rescission of the transaction, including a declaration that the Plaintiffs are not liable for any finance charges or other charges imposed by the Defendants;

    c. Termination of any interest whatsoever in Plaintiffs property held by the Defendants;

    d. Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

    e. Statutory damages of $2000 per violation against each Defendant for each plaintiff;

    f. Forfeiture of return of any loan proceeds;

    g. Actual damages in an amount to be determined at trial; and

    h. Costs, including attorney's fees as allowed by TILA.

//

//

**FIRST VERIFIED AMENDED COMPLAINT**

**DECLARATION OF DEED OF TRUST VOID:**

125. An actual controversy has arisen and now exists between the Plaintiffs and all defendants in that Plaintiff's Laura Nguyen signature were forged on the deed of trust, which incumbent the subject property.

126. The California statute requires that such chattel mortgage to be acknowledged otherwise such a mortgage shall be void as against creditors of the mortgagor.

127. Plaintiff Laura Nguyen never conveyed interest in the subject property to Trustee as purported in the Deed of Trust, nor was her signature acknowledged as required by California statute.

128. As a result of the aforesaid violations of California statutes, Plaintiffs seek declaratory relief and damages as follows:

    a. Declaration that the Deed of Trust is VOID;

    b. Termination of any interest whatsoever in Plaintiffs property held by the Defendants;

    c. Actual and exemplary damages in an amount to be determined at trial; and

    d. Costs, including attorney's fees.

**TENTH CLAIM FOR RELIEF**

**(Against All Defendant Chase, and Trustee Services For PRELIMINARY INJUNCTION)**

129. Plaintiffs reallege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 128 above.

130. Plaintiffs move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a Preliminary Injunction against the Defendants enjoining them from taking any action to transfer any interest putatively held by the Defendants in the NGUYEN residence located at 16141 Quartz Street, Westminster, CA or to encumber the Plaintiffs interest in that property. In support of their Motion, the Plaintiffs state as follows:

**FIRST VERIFIED AMENDED COMPLAINT**

a. The Plaintiffs will suffer immediate and irreparable harm if the Defendants should transfer any interest in the NGUYEN property;

b. Plaintiffs have no adequate remedy at law should the Defendants affect such a transfer;

c. Plaintiffs are likely to prevail on the merits of their claims;

d. The balance of the hardships tips decidedly in favor of granting the requested injunction, inasmuch as the cost to the Defendants of enjoining any such transfer is negligible when compared to the potential harm the Plaintiffs face if they lose their dwelling and property prior to these proceedings ending.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against these Defendants, as to all causes of actions, as follows:

1. For general and special damages according to proof;

2. For exemplary and punitive damages;

3. For Plaintiffs' reasonable attorneys' fees and costs necessary to obtain these relief;

4. For rescission of the Mortgage Loan;

5. For an order voiding any Deed of Trust in connection with the Mortgage Loan.

6. For permanent injunction against this Defendant, its subsidiary, affiliates, successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in the improper, unlawful, unfair, fraudulent, and/or deceptive conduct as descried above and according to proof;

7. For an order of restitution requiring this Defendant to disgorge all revenues acquired from Plaintiffs by means of unlawful, unfair, fraudulent and/or

**FIRST VERIFIED AMENDED COMPLAINT**

deceptive acts or practices as more fully described above and according to proof;

8.  For prejudgment interest as allowed by law;

9.  For an order that this Defendant involuntary trustee for the proceeds and property resulting from Chase and/or its agent's wrongful actions of all money, proceeds and property wrongfully acquired by them;

10. For declaration and order that this Defendant release and re-convey any deed of trust or other document signed or entered into and subsequently recorded in connection with the Mortgage Loan;

11. For an order voiding any deed of trust and any other document signed or entered into by either or both of the Plaintiffs in connection with the mortgage loan;

12. For an order requiring this Defendant to return all monies, proceeds, payments, funds, revenues, fees and the like acquired from either Plaintiff as a result of or arising from the Mortgage Loan;

13. For an order Forfeiture of return of any loan proceeds;

14. For statutory damages according to proof;

15. For costs of suit herein incurred; and

16. For such other and further relief as this Court may deem just and proper.

//
//
//
//
//
//
//
//

**FIRST VERIFIED AMENDED COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I verify that the foregoing Verified First Amended Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Westminster, California on July 07, 2009.


_____

Paul Nguyen, Plaintiff


_____

Laura Nguyen, Plaintiff

**FIRST VERIFIED AMENDED COMPLAINT**