1   JOHN M. SORICH (CA Bar No. 125223)
    jsorich@adorno.com
2   S. CHRISTOPHER YOO (CA Bar No. 169442)
    cyoo@adorno.com
3   TUYET T. TRAN (CA Bar No. 245699)
    ttran@adorno.com
4   ADORNO YOSS ALVARADO & SMITH
    A Professional Corporation
5   1 MacArthur Place, Suite 200
    Santa Ana, California 92707
6   Tel:  (714) 852-6800
    Fax: (714) 852-6899
7
    Attorneys for Defendants
8   CHASE BANK USA, N.A. and CHASE
    HOME FINANCE LLC
9
                     UNITED STATES DISTRICT COURT
10
                    CENTRAL  DISTRICT OF CALIFORNIA
11

12
    PAUL NGUYEN, an individual; and          **CASE NO.:** CV09-4589 AHM (AJWx)
13  LAURA NGUYEN, an individual,
                                             **JUDGE:**     A. Howard Matz
14               Plaintiffs,
                                             **OPPOSITION OF DEFENDANTS TO**
15  v.                                       ***EX PARTE* APPLICATION FOR**
                                             **TEMPORARY RESTRAINING**
16  Chase Bank USA, N.A.; Chase Home         **ORDER AND ORDER TO SHOW**
    Finance, LLC; First American Loanstar    **CAUSE RE: PRELIMINARY**
17  Trustee Services; Sydney Funding and     **INJUNCTION CONCERNING REAL**
    Realty, Inc.; Sidney Tran, an Individual;**PROPERTY LOCATED AT 16141**
18  Nexus Escrow, Inc.; John Nguyen, an      **QUARTZ STREET, WESTMINSTER,**
    Individual; Joseph Son Cao Tran, and     **CA; DECLARATION OF S.**
19  Individual; Realty Savers Inc.; Nguyen   **CHRISTOPHER YOO IN SUPPORT**
    Paul Tuan, an Individual; and DOES 1     **THEREOF**
20  through 50, inclusive,
                                             **CTRM:** 14
21               Defendants.                 **DATE:** August 3, 2009
                                             **TIME:** 10:00 a.m.
22
                                             **Action Filed:** June 25, 2009
23

24

25          Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance

26  LLC ("Chase Home," and collectively "Defendants") submit the following Opposition

27  to the *Ex Parte* Application for Temporary Restraining Order and Order to Show Case

28  Re: Preliminary Injunction ("Opposition') of plaintiffs Paul Nguyen and Laura

                                            1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# **TABLE OF CONTENTS**

Page

I.  SUMMARY OF ARGUMENT ................................................................2

II.  SUMMARY OF FACTS ....................................................................3

III.  DEENDANTS RESPECTFULLY REQUEST THE COURT TO CONTINUE THE PRELIMINARY INJUNCTION HEARING....................3

IV.  PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED, BECAUSE PLAINTIFFS CANNOT MEET THE STANDARDS FOR INJUNCTION.....................................................................................4

    A.  Plaintiffs Will Not Prevail On the Merits ...............................4

        1.  Plaintiffs Cannot State A Claim for "Fraud" ...........................4

        2.  Plaintiffs Cannot State Second And Third Claims For "Fraud By Forgery" And "Forgery"......................................................7

        3.  Plaintiffs Cannot State The Fourth And Seventh Claims For "Rescission and Damages Pursuant To 12 U.S.C. § 1635, et seq." and "Rescission Pursuant to California Law"....................9

            a.  Chase Home Cannot Be Liable For Damages For TILA ..................................................................................9

            b.  Neither Chase Bank Nor Chase Home Can Be Liable For Damages For TILA Violation Because The Claim Is Barred By Statute of Limitations...............................10

            c.  Plaintiffs Are Not Entitled to Rescission........................11

        4.  Plaintiffs Cannot State A Claim For "Damages Pursuant to 12 U.S.C. §2607" .........................................................................12

            a.  Plaintiffs' Claim Is Time-Barred By The One Year Statute Of Limitations ...............................................13

        5.  Plaintiffs Fail To Allege A Violation Of RESPA On The Grounds That Defendants Paid Unearned Fees .......................13

        6.  Plaintiffs Cannot State A Claim For "Damages Pursuant to 12 U.S.C. § 2607" Against Chase Home Finance LLC............16

        7.  Plaintiffs Cannot State A Claim For "California Unfair Business Practice – Business and Professions § 17200 Et Seq." ......................................................................................17

        8.  Plaintiffs Cannot State A Claim For "Declaratory Relief".......18

            a.  Plaintiffs Do Not Seek Prospective Relief against Defendants ..................................................................18

            b.  Even Assuming A Present Controversy Existed, Other Relief Is Available To Plaintiffs Thereby Justifying The Denial Of The Declaratory Relief Claim ...............19

i

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# **TABLE OF CONTENTS**

Page

**B.**   The Harm To Defendants Would Be Greater Than Any Harm To Plaintiffs ............................................................................................20

**V.**   IN THE UNLIKELY EVENT THAT THE COURT ISSUES A PRELIMINARY INJUNCTION, DEFENDANTS ARE ENTITLED TO AN UNDERTAKING ..................................................................................21

**VI.**   CONCLUSION..........................................................................................22

OPPOSITION TO EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

1087270.2

# TABLE OF AUTHORITIES

<u>Page</u>

## Cases

*Abba Rubber Co. v. Seaquist*, 235 Cal.App.3d 1, 14 (1991) .........................................21

*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968) ......................................................5

*Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937) ..............18

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998)...........................................................................................................................8

*Bachis v. State Farm Mutual Auto. Ins. Co.,* 265 Cal.App.2d 722 (1968)...................19

*Bachis,* 265 Cal.App.2d 726-728 (1968) .......................................................................19

Barquis v. Merchants Collection Assn., 7 Cal.3d 94, 113 (1972) ................................17

*Bess v. Park*, 132 Cal.App.2d 49, 53 (1955) .................................................................18

*Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D.Ill. 2007)............................10

*California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624; Cal. Prac. Guide: Civ. Proc. Before Trial, 6:193 (The Rutter Group, 2005)..................................................................................................................................20

*Cardellini v. Casey*, 181 Cal.App.3d 389 (1986) .........................................................19

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).......................8

*Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983) ...............................................................................................................................6

*Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946) ........................18

*Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) ...................................................................16

*Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999)................................................................................................................................14

*General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968).......................19

*General of America Ins. Co.,* 258 Cal.App.2d at 470....................................................20

*Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003)...........................................14

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977)..........................17

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

iii

# TABLE OF AUTHORITIES

Page

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968) .. 5

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006) ....... 16

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (9th Cir. 1994) .............. 6

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ................................................................................................................................. 5

*Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993) ............................... 17

*Large v. Conseco Financing Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002) ..... 11

*Matt-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, 2007 WL2206946, pg. 5 (S.D. Cal. 2007) ................................................................................................................... 6

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004) ................................................................... 4

*PacLink Communications Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001) ......................................................................................................................... 6

*People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994) ......................................................................................................................... 17

*People v. McKale*, 25 Cal. 3d 626 (1979) .................................................................... 17

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987) .................................... 4

*Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990) .................................................... 5

*Stansfield v. Starkey*, supra, 220 Cal.App.3d at 73 ....................................................... 5

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th at 157 ................... 6

*Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th at 157 ........................... 7

*Travers v. Louden*, 254 Cal.App.3d 926, 930-932 (1967) ........................................... 20

*Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006) ................. 11

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62-63 (1999) ...... 15

**Statutes**

12 U.S.C. § 2601(a) ...................................................................................................... 13

12 U.S.C. § 2607(a) ...................................................................................................... 13

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

# TABLE OF AUTHORITIES

<u>Page</u>

12 U.S.C. §  2607(b) ..............................................................................13

12 U.S.C. §  2607(c)(2)..........................................................................13

12 U.S.C. § 2605 ...................................................................................16

12 U.S.C. § 2605(f)(1)(A).......................................................................16

12 USC § 2614 ......................................................................................13

**15 U.S.C. § 1641(f)**..............................................................................9

**15 USC §§ 1640**..................................................................................9

Bus. & Prof. Code § 17200 .....................................................................18

Cal. Penal Code § 470(d) ........................................................................7

Civil Code § 2923.6 ................................................................................2

Code. Civ. Proc. § 1060 ..........................................................................18

Section 1060, of the Code of Civil Procedure ............................................18

**Other Authorities**

5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997).........5

California Corporations Code § 17101 ......................................................6

California Corporations Code, § 17000 .....................................................6

**Rules**

FRCP 9(b) .............................................................................................5

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

OPPOSITION TO EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION
1087270.2

Nguyen (collectively "Plaintiffs") regarding the property located 16141 Quartz Street, Westminster, CA 92683.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    SUMMARY OF ARGUMENT

Upon checking the pacer docket, Defendants learned for first time that the last day to file an opposition has passed.  As such, Defendants respectfully file this belated Opposition.  In order to avoid prejudicing any parties, Defendants have no objection to continuance of the hearing for preliminary injunction in order for Plaintiffs to respond to Defendants' Opposition.  In turn, Defendants are willing to continue the temporary restraining order that the Court has previously issued.

As to the substance of Plaintiffs' application for a preliminary injunction, Plaintiffs is merely attempting to delay the foreclosure sale of the subject property, despite Plaintiffs' default of the subject loan.  The FAC is premised upon the allegation that Defendants failed to provide certain disclosures in connection with the subject loan.

An injunction can be issued only if Plaintiffs demonstrate: 1) likelihood of success on the merits; 2) a substantial threat that Plaintiffs will suffer irreparable injury if the injunction is denied; 3) the threatened injury outweighs any damage the injunction might cause to defendant; and 4) the injunction will not disserve the public interest. *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987).  The first requirement is the likelihood that plaintiff will prevail on the merits at trial.  Plaintiffs will not prevail for the reasons set forth below.

Plaintiffs assert  claims for fraud, forgery, violation of the Truth in Lending Act ("TILA"), rescission, violation of Real Estate Settlement Procedures Act ("RESPA"), and unfair business practice under Business & Professions Code § 17200, and declaratory relief.  Plaintiffs cannot state any claims against Defendants.

Accordingly, it is unlikely that Plaintiffs will prevail on the merits and, thus, a preliminary injunction should not be continued in this action.

2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## II.   <u>SUMMARY OF FACTS</u>

The following is a list of relevant facts of which the Court may take judicial notice:

- Plaintiffs obtained a loan in the amount of $250,000.00 ("Loan") in connection with the property located at 16141 Quartz Street, Westminster, California 92683 ("Subject Property"). The Loan was secured by a deed of trust encumbering the Subject Property that was recorded with the Orange County Official Records on December 12, 2007 as instrument number 2007000731120 ("DOT"). The DOT identifies Chase Bank as the lender and Plaintiffs as the borrowers. *See*, Request for Judicial Notice ("RJN"), 1.

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded pursuant to the DOT on March 19, 2009 with the Orange County Official Records as instrument number 2009000131148 due to Plaintiffs' failure to make monthly mortgage payments. The NOD states that as of March 18, 2009, the amount arrears under the Loan is $14,372.75. *See* RJN, Exhibit 2.

- A Substitution of Trustee pursuant to the DOT was recorded on April 22, 2009 with the Orange County Official Records as instrument number 2009000197524. First American Loanstar Trustee Services was named the new trustee of the DOT. *See* RJN, Exhibit 3.

- An Assignment of Deed of Trust was recorded on April 30, 2009, with the Orange County Recorder as instrument number 2009000215727. All beneficial interest under the DOT was assigned to JPMorgan Chase Bank, N.A. ("JPMorgan"). *See* RJN, Exhibit 4.

- A Notice of Trustee's Sale was recorded pursuant to the DOT on June 24, 2009 with the Orange County Official Records as instrument number 2009000331959. *See* RJN, Exhibit 5.

## III.   <u>DEENDANTS RESPECTFULLY REQUEST THE COURT TO CONTINUE THE PRELIMINARY INJUNCTION HEARING</u>

Courts may not grant ex parte relief that would affect the opposing party's rights.   "The general rule is that notice of motion must be given whenever the order sought may affect the rights of an adverse party." *See*, *McDonald v. Severy*, 6 Cal.2d

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

3

1   629, 631 (1936).

2   On July 23, 2009, upon checking the pacer docket, Defendants learned for the

3   first time that the Court had granted Plaintiffs' ex parte application for a temporary

4   restraining order. *See*, Court's Civil Minutes, Pacer Docket, Document No. 12.

5   Furthermore, the Court set a hearing for preliminary injunction for July 30, 2009 at

6   10:00 a.m. with any opposition to be filed no later than July 17, 2009. *Id.* Upon such

7   discovery, Defendants file this belated Opposition. In order to avoid prejudicing any

8   parties, Defendants respectfully request that the Court continue the hearing for

9   preliminary injunction in order for Plaintiffs to respond to Defendants' Opposition. In

10   turn, Defendants are willing to continue the temporary restraining order that the Court

11   has previously issued.

12   **IV.   PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED, BECAUSE**

13   **PLAINTIFFS CANNOT MEET THE STANDARDS FOR INJUNCTION**

14   An injunction can be issued only if Plaintiffs demonstrate: 1) likelihood of

15   success on the merits; 2) a substantial threat that Plaintiffs will suffer irreparable

16   injury if the injunction is denied; 3) the threatened injury outweighs any damage the

17   injunction might cause to defendant; and 4) the injunction will not disserve the public

18   interest. *Production Co. v. Village of Gambell*, 480 US at 542; *Owner-Operator*

19   *Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108,

20   1111 (9th Cir. 2004).

21   **A.   Plaintiffs Will Not Prevail On the Merits**

22   Plaintiffs will not prevail on the merits, because it is transparent that the instant

23   lawsuit was filed to simply delay foreclosure sale of the Subject Property.

24   Specifically, Plaintiffs will not prevail on the merits for the following reasons:

25   **1.   Plaintiffs Cannot State A Claim for "Fraud"**

26   Since Plaintiffs fail to allege the claim for fraud with the requisite particularity,

27   the claim fails.

28   The elements for fraud are: 1) a false representation of a material fact, 2)

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   knowledge of the falsity (scienter), 3) intent to induce another into relying on the

2   representation, 4) reliance on the representation, and 5) resulting damage. *Ach v.*

3   *Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure,

4   Pleadings, § 668, at 123 (4th ed. 1997).

5       A plaintiff must plead a fraud claim specifically and not generally.  Specific

6   pleading requires facts that clearly allege every element of the fraud. *Stansfield v.*

7   *Starkey,* 220 Cal.App.3d 59, 73 (1990).

8        Additionally, FRCP 9 has a specificity or particularity requirement.  FRCP 9(b)

9   states that "in all averments of fraud or mistake, the circumstances constituting fraud

10  or mistake shall be stated with particularity."  Thus, rule 9(b) serves to furnish

11  defendant with notice, but also imposes the additional obligation on plaintiff to "aver

12  with particularity the circumstances constituting the fraud." *In Re GlenFed Inc.*

13  *Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).  The *GlenFed*

14  court interpreted 9(b) to require allegations not only the <u>time, place and content of the</u>

15  <u>alleged misrepresentation</u>, but also the circumstances indicating false statements:

16              "[t]o allege fraud with particularity a plaintiff must set forth more

17              than the mutual facts necessary to identify the transaction.  The

18              plaintiff must set forth what is false or misleading about a

19              statement, and why it is false.  In other words, the plaintiff must

20              set forth an explanation as to why the statements or omissions

21              complained are misleading."

22  *Id*. at 1547-48.

23      The particularity requirement for fraud mandates pleading facts that "show

24  how, when, where, to whom, and by what means the representations were tendered."

25  *Stansfield v. Starkey*, supra, 220 Cal.App.3d at 73; *Hill Trans. Co. v. Southwest Forest*

26  *Industries Inc.* 266 Cal.App.2d 702, 707 (1968).  The rationale for this strict pleading

27  requirement is not to merely provide notice to the defendant.  "The idea seems to be

28  that allegations of fraud involve a serious attack on character, and fairness to the

Adorno Yoss Alvarado & Smith
Attorneys At Law
Santa Ana

1  defendant demands that he should receive the fullest possible details of the charge in

2  order to prepare his defense . . . and the policy of liberal construction of the pleadings

3  . . . will not ordinarily be invoked to sustain a pleading defective in any material

4  respect." *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d

5  at 216 (1983). Thus, each element of fraud must be alleged factually and specifically.

6  *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153, 157

7  (Cal.App.6.Dist. 1991).

8      In addition, to assert a fraud action against a corporation, a <u>plaintiff must also</u>

9  <u>allege that names of the person or persons who allegedly made the fraudulent</u>

10  <u>representation, their authority to speak, to whom they spoke, what they said or wrote,</u>

11  <u>and when it was said or written.</u> *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2

12  Cal.App.4th at 157; *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (9th

13  Cir. 1994); *Matt-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, 2007 WL2206946,

14  pg. 5 (S.D. Cal. 2007).

15      Chase Home is a limited liability company. *See*, Caption. A limited liability

16  company is a hybrid between a partnership and a corporation, formed under the

17  Corporations Code which, like a corporation, is an entity separate from its

18  shareholders. *See*, California Corporations Code, § 17000; *PacLink Communications*

19  *Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001). The general rule is

20  regarding liability for that of a limited liability company follows that of a corporation,

21  in that individual members are not liable for the debts or conduct of the entity. *See*,

22  California Corporations Code § 17101. Thus, for purposes of imposing liability, the

23  limited liability company can be equated with that of a corporation.

24      In violation of the particularity requirement, Plaintiffs vaguely allege that

25  "false, fraudulent and/or deceitful representations" were made. *See*, First Amended

26  Complaint ("FAC"), ¶ 59. Plaintiffs fail to specify the substance of those purported

27  representations. Furthermore, the allegation of misrepresentation is asserted against

28  "Chase and its agent" when there are two separate "Chase" defendants (i.e., Chase

ADORNO VOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   Bank and Chase Home) against whom the claim is asserted.  *See,* FAC, ¶ 59; *see also*,

2   Caption.  Finally, even assuming arguendo that the allegation of misrepresentation has

3   been properly pled, Plaintiffs fail to allege that a person at either Chase Bank or Chase

4   Home who purportedly made the misrepresentation had authority to speak, to whom

5   they spoke, or what they said or wrote.  *See*, *Tarmann v. State Farm Mutual Auto. Ins.*

6   *Co.*, 2 Cal.App.4th at 157.

7         Given Plaintiffs' failure to allege with any particularity that either Chase Bank

8   or Chase Home made any misrepresentation, Plaintiffs cannot state a claim for fraud

9   against Defendants.

10        **2.    Plaintiffs Cannot State Second And Third Claims For "Fraud**

11               **By Forgery" And "Forgery"**

12        Under the second and third claims, Plaintiffs assert two civil claims for forgery

13   when such claims are a criminal charge.  Under such claim, Plaintiffs allege that

14   Chase and/or its agent forged the signature of Plaintiff Laura Nguyen onto the DOT

15   and other documents related to the Loan.  *See*, FAC, ¶¶ 65 and 74.

16        For the purpose of establishing the offense of forgery, an intent to defraud is an

17   intent to deceive another person for the purpose of gaining a material advantage over

18   that person or to induce that person to part with property or alter that person's position

19   by some false statement or false representation of fact, wrongful concealment or

20   suppression of the truth or by any artifice or act designed to deceive.  *See*, Cal. Penal

21   Code § 470(d).

22        Here, Plaintiff makes no allegation that either Chase Bank or Chase Home

23   committed any misrepresentation or concealment, as evidenced by the aforementioned

24   claim of fraud.  Instead, Plaintiffs simply makes a general and conclusory allegation

25   that Chase and/or its agents forged the signature.  *See*, FAC, ¶¶ 65 and 74.

26        These are conclusory allegations made without any factual support.  Although

27   the Court must construe the facts in the light most favorable to the non-moving party,

28   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

7

a motion to dismiss." *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

And assuming arguendo that Defendants committed a misrepresentation or concealment in connection with the DOT, Plaintiffs fail to allege that such purported misrepresentation or concealment altered Plaintiff Paul Nguyen's position. Ultimately, Plaintiff Paul Nguyen still would have obtained the Loan, regardless of whether there was a forgery of Plaintiff Laura Nguyen's signature on the Loan or DOT.

Furthermore, all allegations of misconduct that culminated in the purported forgery are asserted against defendants other than Chase Bank or Chase Home. Specifically, Plaintiffs allege that defendant Joseph Son Cao Tran "concealed from Plaintiff [Paul Nguyen] that he and Defendant SYDNEY FUNDING are broker [sic] of the loan instead of REALTY SAVERS." *See*, FAC, ¶ 30. Plaintiffs further allege that "[n]either Defendant Joseph Son Cao Tran nor SYNDEY FUNDING disclosed the relationship between SYNDEY FUNDING and NEXUS ESCROW to Plaintiff." *See*, FAC, ¶ 31. Finally, "Plaintiff PAUL NGUYEN appeared at Defendant NEXUS ESCROW . . . to signed [sic] mortgage documents" and subsequently "discovered forged signature of Laura Nguyen to the Deed of Trust." *See*, FAC, ¶¶ 32 and 36. Clearly, Plaintiffs' claim for forgery are predicated on allegations of concealment attributed to defendants Tran, Sydney Funding, and Nexus Escrow, not to Chase Bank or Chase Home.

Notably, Chase Home is simply the servicer of the Loan after the Loan was consummated. And in the capacity as a loan servicer, Chase Home was simply involved in ensuring that Plaintiffs were current on their mortgage loan payments. Therefore, it is inconceivable that Chase Home would have been involved in the loan

8

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  transaction, or otherwise involved in the purported forged signature during the

2  transacting phase of the Loan.

3     Accordingly, even assuming that Plaintiffs can assert a criminal charge for

4  forgery, which Defendants do no concede, the allegations asserted are conclusory at

5  best.  And all allegations of concealment that predicate the two claims for fraud are

6  asserted against defendants other than Chase Bank or Chase Home.  Thus, Plaintiffs

7  cannot state the second and third claims for forgery.

8           **3.  Plaintiffs Cannot State The Fourth And Seventh Claims For**

9               **"Rescission and Damages Pursuant To 12 U.S.C. § 1635, et**

10              **seq." and "Rescission Pursuant to California Law"**

11    In support of the two claims for rescission and damages for TILA violation,

12  Plaintiffs allege that Defendants failed to provide certain disclosures in connection

13  with the Loan, namely a good faith estimate and notice of right to cancel.  *See*, FAC,

14  ¶¶ 79 and 99.

15          **a.  Chase Home Cannot Be Liable For Damages For TILA**

16             **Violation Because It Is Neither The Lender Nor**

17             **Assignee**

18    The only parties who can be liable for TILA violations are the <u>original creditor</u>

19  <u>and assignees of that creditor</u>.  15 USC §§ 1640, 1641.  Moreover, servicers of

20  consumer obligations are not to be treated as assignees for purposes of imposing

21  liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f).

22    In *Chow*, the Plaintiff brought an action for TILA violations against various

23  parties, including the loan servicer.  The loan servicer, GMAC, brought a summary

24  judgment motion and argued that because it was only the servicer of the mortgage

25  loan, not the owner, it could not be liable as an assignee.  The Plaintiff argued that

26  there were still questions to be resolved as to whether GMAC had violated TILA

27  because the violations appeared on the face of the TILA statements and GMAC

28  profited from the errors and omissions.  The Court, however, found that because

9

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

GMAC was merely the servicer of the mortgage, it could not be held liable as an assignee for the alleged TILA violations.

Similarly, in *Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D.Ill. 2007), an action was brought for violation of TILA against various parties, including the loan servicer. The loan servicer, Option One, moved to dismiss arguing that TILA expressly disclaims any liability for servicers for disclosure violations. The Plaintiffs argued that although a loan servicer is not subject to monetary damages under TILA, the loan server was a proper defendant in a TILA rescission action. The Court, however, granted the loan servicer's motion to dismiss.

As the recorded documents indicate, Chase Home is not the originating lender or assignee of the lender in connection with the Loan. Pursuant to the DOT, Chase Bank is identified as the originating lender of Loan. *See*, RJN, Exhibit 1. Thereafter, pursuant to the Assignment of Deed of Trust, JPMorgan Chase Bank, N.A. was assigned all beneficial interest under the DOT and thereby became the assignee beneficiary of the DOT. *See*, RJN, Exhibit 4. Therefore, Chase Home cannot be liable for any purported TILA violation because it is neither the original lender nor assignee of the lender in connection with the Loan. *Chow v. Aegis Mortg. Corp.*, 286 F.Supp.2d 956 (N.D. Ill. 2003); *Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773 (N.D.Ill. 2007). As such, Chase cannot be liable for any purported TILA violation. *Chow* at 959.

### b. Neither Chase Bank Nor Chase Home Can Be Liable For Damages For TILA Violation Because The Claim Is Barred By Statute of Limitations

Even assuming that Plaintiffs can state a claim for TILA violation, Defendants cannot be liable for damages because the statute of limitations has expired. *See*, FAC, ¶¶ 78-83. Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e). Section 1640(e) states, in part:

"Any action under this section may be brought in any United

10

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

States district court, or in any other court of competent jurisdiction, <u>within one year from the date of the occurrence</u> of the violation." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiffs filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation. If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

Plaintiffs' Loan closed in December of 2007. *See,* RJN, Exhibit 1. Plaintiffs filed an initial complaint in June of 2009 and the FAC in July 2009 (both of which assert a claim for TILA violation), over one year after the Loan closed and they purportedly obtained the deficient disclosures. *See,* Pacer Docket, Document Nos. 1 and 13. Consequently, any claim for damages for improper TILA disclosures are time-barred because the statute of limitations period began to run on the date the Loan closed in December of 2007. Plaintiffs' claim expired in December of 2008, one year after the Loan closed. *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584.

### c.   <u>Plaintiffs Are Not Entitled to Rescission</u>

Moreover, Plaintiffs are not entitled to rescind the Loan for alleged TILA violations. <u>Nothing in TILA establishes that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract."</u> *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1172 (9th Cir. 2003) (*citing Large v. Conseco Financing Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002)).

> "The 'natural reading' of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because

11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined…<u>Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.</u>"" *Id.* (Emphasis added).

The Ninth Circuit upheld the district court's decision and found that when a lender contests the right to rescind, the transaction is not voided automatically. *Id.* at 1172. "Otherwise, a borrower could get from under a secured loan simply *claiming* TILA violations, whether or not then lender had actually committed any." *Id.* In a contested case, the consumer rescinds and the action becomes void ONLY when the right to rescind is determined in the borrowers favor.

Furthermore, the court held that rescission may not be enforced unless there is a determination that a borrower could also comply with his rescission obligations. *Id.* at 1173. That is, the borrower must show that that <u>he has the capacity to pay back what he received from the lender because is a remedy that restores the *status quo ante*</u>. *Id.*

In this case, Plaintiffs' right to rescission is contested by Defendants. Therefore, as held by the *Yamamoto* Court, the loan transaction is not void until there has been a determination that rescission is warranted.

Moreover, the transaction <u>cannot</u> be voided until Plaintiffs prove that they have the capacity to pay back what they received in the original mortgage transaction (minus interest, finance charges, etc).

For the foregoing reasons, the two claims for rescission and damages pursuant to TILA as asserted against Defendants fail.

### 4.   **Plaintiffs Cannot State A Claim For "Damages Pursuant to 12 U.S.C. §2607"**

In support of the claim for violation of RESPA, Plaintiffs allege that Defendants paid broker fees that constituted unlawful kickbacks and/or unearned fee under RESPA. *See*, FAC ¶¶ 45 and 88.

12

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

### a.   Plaintiffs' Claim Is Time-Barred By The One Year Statute Of Limitations

Plaintiffs' RESPA claim is time-barred, because the statute of limitations has expired.  Under, 12 U.S.C. § 2614, any action for violation of RESPA under Section 2607 (unearned fees) has a one year statute of limitations.  In this case, the Loan was made in December of 2007.  *See*, RJN, Exhibit 1.  Plaintiffs filed an initial complaint in June of 2009 and the FAC in July 2009 (both of which assert a claim for RESPA violation), over one year after the violation allegedly occurred.  *See*, Pacer Docket, Document Nos. 1 and 13.  Since 1 ½ year has elapsed since consummation of the Loan, the one-year statute of limitations lapsed.

### 5.   Plaintiffs Fail To Allege A Violation Of RESPA On The Grounds That Defendants Paid Unearned Fees

In support of the RESPA claim, Plaintiffs allege that Defendants paid broker fees that constituted unlawful kickbacks and/or unearned fee under RESPA.  *See*, FAC ¶¶ 45 and 88.

Congress enacted the Real Estate Settlement Procedures Act in 1974 to shield home buyers "from unnecessarily high settlement charges caused by certain abusive practices." 12 U.S.C. § 2601(a).  Section 2607(a) of RESPA proscribes giving or accepting "any fee, kickback or thing of value pursuant to any agreement or understanding ... that business incident to or a part of a real estate settlement service ... shall be referred to any person." 12 U.S.C. § 2607(a).  Section 2607(a) of RESPA similarly prohibits the payment of any percentage or division of a charge except for services actually rendered.  12 U.S.C. § 2607(b).  Section 2607(c) provides a safe harbor, however, stating in relevant part that "nothing in this section shall be construed as prohibiting ... (2) the payment to any person of a bona fide salary or compensation or other payment for goods or facilities actually furnished or for services actually performed[.]" 12 U.S.C. § 2607(c)(2).

The difficulty in applying Section 2607 to yield spread premiums is

13

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

determining when such a payment is "for goods or facilities actually furnished or for services actually performed."  In an official policy statement, the United States Department of Housing ("HUD") "explained Regulation X" and the provisions of the RESPA.  64 Fed. Reg. 10080.  The policy statement indicates unequivocally that HUD does not consider yield spread premiums to be per se legal or illegal.  64 Fed. Reg. 10084.

Moreover, the HUD developed a two-part test for determining liability under Section 2607.  *Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003).  The first part of the test requires a determination of whether the yield spread premium was exchanged for goods, facilities, or services actually provided.  347 F.3d at 751.   If the yield spread premium was paid to broker in exchange for goods or services, then the next part of the test is whether the payment bears a reasonable relationship to the goods or services provided.  *Id.*  HUD considers the reasonableness prong of the test to be "determinative."  *Id.*  This test has been adopted by the majority of courts in applying Section 8 to yield spread premiums.  *See, e.g.*, *LaCasse*, 198 F. Supp. 2d 1255, Slip Op. (W.D. Wash. March 15, 2002); *Bjustrom*, 178 F. Supp.2d at 1196; *Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999).

In this case, Plaintiffs fail to state a claim under section 2607 because Plaintiffs fail to allege that the yield spread premium payments (1) were not for goods or services, and (2) did not bear a reasonable relationship to any goods or services provided.  *See,* FAC, ¶¶ 85-91.  Instead, Plaintiffs simply allege that "if Chase had reviewed the loan origination documents properly . . . Chase would have learned of the obvious indications that Sydney Funding was not properly performing its role as a mortgage broker."  *See*, FAC, ¶ 49.  Plaintiffs further and nonsensically allege that because "Chase and its agent" failed to make disclosures that certain entities and individuals were acting as settlement agent, broker, and notary, and because there was purported forgery of signature in connection with the DOT, the "agents services was

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   $0.00." *See*, FAC, ¶ 87. Such conclusory allegations fail to plead facts conforming to

2   the rule of liability set forth in the HUD's test for liability.

3       Even assuming such allegations are true, Plaintiffs fail to allege any facts that, if

4   proven, would demonstrate that the fees were not paid as compensation for goods or

5   services in connection with the Loan, or that it does not bear a reasonable relationship

6   to any goods or services that were actually provided in connection with the Loan.

7       Furthermore, Chase Home is merely the loan servicer and thus not the

8   originating lender that would be involved in the loan transaction that may otherwise

9   suggest it extended any yield premium fees in violation of Section 2607 of RESPA.

10      Finally, a mere allegation of a violation of a statute or regulation by a defendant

11  does not entitle the plaintiff to assert a claim against that defendant. In that regard, in

12  *Vikco Ins. Services, Inc.,* the court held:

13          Adoption of a regulatory statute does not automatically create
            a private right to sue for damages resulting from violations of
14          the statute; such a private right of action exists only if the
            language of the statute or its legislative history clearly
15          indicates the Legislature *intended* to create such a right to sue
            for damages. If the Legislature intends to create a private
16          cause of action, we generally assume it will do so 'directly,
            ...in clear, understandable, unmistakable terms... (citations
17          omitted).....absent some express provision for civil liability,
            courts cannot assume a private cause of action for negligence
18          may be brought any time a legislative enactment is violated."
            (Emphasis added). *Vikco Ins. Services, Inc. v. Ohio Indemnity*
19          *Co.*, 70 Cal.App.4th 55, 62-63 (1999).

20      Plaintiffs fail to properly allege that they have standing to assert a private cause

21  of action under Section 2607 of RESPA. Thus, for this reason alone, the claim for

22  violation of Section 2607 must be dismissed.

23      In light of the foregoing, Plaintiffs' claim for RESPA violation for unlawful

24  yield premium fees cannot be established as asserted against Defendants.

25      For the foregoing reasons, the claim for violation of RESPA fails.

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

15

6.   **Plaintiffs Cannot State A Claim For "Damages Pursuant to 12 U.S.C. § 2607" Against Chase Home Finance LLC**

Plaintiffs allege that Chase Home violated REPSA by failing to respond to qualified written requests for information. *See*, FAC ¶ 95.

RESPA section 2605(e)(1)(B), states in relevant part:

> "For purposes of this subsection, a **qualified written request** shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) <u>includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.</u>"

The FAC fails to attach a QWR that Plaintiffs purportedly made. *See*, FAC. Even assuming Plaintiffs made a QWR, nothing in the FAC alleges that Chase Home mailed any written response acknowledging the receipt of the QWR. Furthermore, even if a QWR was sent to Chase Home and Chase Home failed to respond, an allegation that Chase Home does not concede, alleging a breach of RESPA duties alone does not state a claim under RESPA.

> "Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)."

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006). The complaint contains no allegation that Chase Home's alleged failure to respond to the purported QWR caused any pecuniary loss to Plaintiffs. That is, a plaintiff must plead how his damages resulted from alleged violation of RESPA. Instead, Plaintiffs make a conclusory allegation that they have "suffered damages in an amount to be proven at

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    trial." *See*, FAC ¶ 96.  Without the causal connection, no claim for violation of

2    RESPA can be asserted.  *Hutchinson*, 410 F.Supp.2d at 383.

3    **7.    Plaintiffs Cannot State A Claim For "California Unfair**

4    **Business Practice – Business and Professions § 17200 Et Seq."**

5    Establishing a claim under Business and Professions Code § 17200 et seq.

6    requires the violation of an independent underlying law or statute often referred to as

7    the "borrowed claim."  *People v. McKale*, 25 Cal. 3d 626 (1979).  Facts supporting a

8    Business and Professions Code § 17200 cause of action must be pled with reasonable

9    particularity.  *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).

10   Additionally, a claim of unfair business practice under Section 17200 must be

11   premised upon a "pattern of behavior" or a "course of conduct."  *Hewlett v. Squaw*

12   *Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).  Thus, as a general rule, Section

13   17200 is typically found to encompass an action which constitutes a business practice

14   and that "at the same time is forbidden by law."  *Id.*, citing *Barquis v. Merchants*

15   *Collection Assn.*, 7 Cal.3d 94, 113 (1972).  In order to allege a claim for an unlawful

16   business practice under 17200, the plaintiff must allege facts to demonstrate that the

17   practice violates the law.  *See, People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F.

18   Supp. 308, 313 (C.D. Cal. 1994).

19   Here, in support of the claim for unfair business practice under Bus. & Prof.

20   Code § 17200, Plaintiffs allege that Defendants made false representations in

21   connection with the Loan, violated RESPA, and forged the signature of Plaintiff Laura

22   Nguyen of the DOT.  *See*, FAC, ¶¶ 103-104.

23   However, as previously asserted, Plaintiffs fail to establish the claims of fraud,

24   violation of RESPA, or forgery.  Thus, Plaintiffs fail to establish that Defendants

25   violated any independent underlying law.  Nor do Plaintiffs establish that the

26   allegations of such claims constitute a "pattern of behavior," "course of conduct" or

27   "business practice" within the meaning of § 17200.

28   Furthermore, Plaintiffs fail to establish the remaining claims in the FAC that

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

17

would otherwise establish a violation of an independent underlying law.  Nor can Plaintiffs establish that allegations of those claims constitute a "pattern of behavior," "course of conduct" or "business practice" within the meaning of § 17200.

Accordingly, the claim for unfair business practice under Bus. & Prof. Code § 17200 fails.

### 8.   Plaintiffs Cannot State A Claim For "Declaratory Relief"

Section 1060, of the *Code of Civil Procedure*, sets forth the requirements for declaratory relief and states in relevant part:

> "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, ..., may, in cases of <u>actual controversy relating to the legal rights and duties of the respective parties</u>, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises..."

Code. Civ. Proc. § 1060 [Emphasis added].

In light of the above, in order to state a claim for declaratory relief, a plaintiff must plead some relationship, either contractual or otherwise, giving rise to "rights or duties," and that an actual and present controversy exists.  *See,* CCP §1060; *see also Tiburon v. Northwestern Pacific Railroad Co.*, 4 Cal.App.3d 160, 170 (1970); *Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946); *Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937).

Plaintiffs seek a judicial determination as to the rights of the parties relative to the DOT.  *See,* FAC, ¶¶ 116-128.

### a.   Plaintiffs Do Not Seek Prospective Relief against Defendants

"[D]eclaratory relief being an equitable proceeding the trial court can in its discretion grant that relief in order to liquidate uncertainties and controversies which might result in future litigation." *Bess v. Park*, 132 Cal.App.2d 49, 53 (1955).  Thus, it is axiomatic that a cause of action for declaratory relief serves the purpose of

18

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   adjudicating *future* rights and liabilities between parties. [Emphasis added] *See*

2   *Cardellini v. Casey*, 181 Cal.App.3d 389 (1986); *Bachis v. State Farm Mutual Auto.*

3   *Ins. Co.,* 265 Cal.App.2d 722 (1968).

4       Moreover, where the "rights of the complaining party have crystallized into a

5   cause of action for past wrongs," a decision to sustain a demurrer to a cause of action

6   for declaratory relief will be upheld. *See id.* at 397-398; *see also Bachis,* 265

7   Cal.App.2d 726-728 (1968). Thus, a court has the discretion to dismiss a cause of

8   action for declaratory relief where there is no occasion to define the respective rights

9   of the party which would govern the future conduct of the parties. *See id.*

10       Here, Plaintiffs do not seek prospective relief. In fact, Plaintiffs seek a

11   declaration regarding the <u>preexisting</u> contractual rights and duties in relation to the

12   DOT between Plaintiffs and Chase Bank, and as such, no prospective relief is sought

13   to resolve future wrongs. *See, Cardellini v. Casey*, 181 Cal.App.3d at 396; *see also*,

14   RJN, Exhibits 1-5. Thus, Plaintiffs are improperly using the declaratory procedure

15   when they are not seeking to define *future* rights of the parties. *See, Cardellini.*

16       Accordingly, the declaratory relief action is unnecessary and improper because

17   Plaintiffs seek an adjudication of a cause of action for past wrongs, rather than to

18   define the future conduct of the parties. *See, Cardellini.*

19           **b.**    <u>**Even Assuming A Present Controversy Existed, Other**</u>

20               <u>**Relief Is Available To Plaintiffs Thereby Justifying The**</u>

21               <u>**Denial Of The Declaratory Relief Claim**</u>

22       Even assuming *arguendo* that a relationship between the parties existed that

23   justifies a declaration of future rights, which Defendants do not concede, Plaintiffs'

24   declaratory judgment claim is unnecessary because other forms of relief are available

25   to Plaintiff.

26       The availability of another form of relief for a plaintiff will usually justify the

27   refusal to grant declaratory relief. *See, General of America Ins. Co. v. Lilly,* 258

28   Cal.App.2d 465, 471 (1968). A declaratory relief action will not lie to determine

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

issues raised in other causes of action before the court. *California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624; Cal. Prac. Guide: Civ. Proc. Before Trial, 6:193 (The Rutter Group, 2005). "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *General of America Ins. Co.,* 258 Cal.App.2d at 470. The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. *Id.* at 471. Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main causes of action, the issues can be decided for all purposes in other causes of action before the court. *See id* at 470-471.

It is clear from the FAC that the determination of issues which Plaintiffs seek in the claim for declaratory relief does nothing to afford Plaintiffs a new form of relief. In determining whether declaratory relief is necessary and proper, the character of a declaratory relief action must be determined from an examination of the facts pleaded, rather than from the title or prayer for relief. *See, Travers v. Louden*, 254 Cal.App.3d 926, 930-932 (1967). Plaintiffs essentially seek a judicial determination as to the "security interest in the real property." *See*, FAC, ¶ 122. Thus, Plaintiffs' declaratory relief claim is merely duplicative of the claims for fraud, forgery, violation of TILA, rescission, and unfair business practice under Bus. & Prof. Code §17200. Thus, the declaratory relief claim does nothing to afford Plaintiffs a new form of relief, and is merely a disingenuous attempt by Plaintiffs to determine the same issues raised under the remaining claims in the FAC.

Accordingly, Plaintiffs' declaratory relief claim fails.

### B. The Harm To Defendants Would Be Greater Than Any Harm To Plaintiffs

The Court should not issue any injunction, because the harm to the lender of the subject Loan would be greater than any harm to Plaintiffs or anyone else. The Loan has been in default <u>since March of 2009</u>. As of March of 2009, the amount in arrears was $14,372.75 and continues to accrue. *See*, RJN, Exhibit 2. The harm to JPMorgan

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

(which was assigned all beneficial interest under the DOT) would be greater than to Plaintiffs or anyone else. *See*, RJN, Exhibit 4.  If an injunction is issued, JPMorgan would be severely prejudiced, because with Plaintiffs still in possession of the Subject Property, JPMorgan would be enjoined from exercising its legal right to conduct foreclosure sale on the defaulted Loan. *See*, RJN, Exhibits 2 and 4-5.

## V.   IN THE UNLIKELY EVENT THAT THE COURT ISSUES A PRELIMINARY INJUNCTION, DEFENDANTS ARE ENTITLED TO AN UNDERTAKING

Case law allows the Court to require the amount of the undertaking to reflect the "reasonably foreseeable" damages of the restrained party caused by a wrongfully issued injunction. *Abba Rubber Co. v. Seaquist*, 235 Cal.App.3d 1, 14 (1991). Reasonably foreseeable damages include <u>lost profits</u> and <u>attorneys' fees</u> incurred in an appeal of the preliminary injunction or in defending against those causes of action upon which the preliminary injunctive relief had been granted. *Id.* at 16.

Defendants estimate that it would take approximately 6 months for counsel for Defendants to conduct discovery and depositions to set this matter for a dispositive motion. *See*, Declaration of S. Christopher Yoo ("Yoo Declaration"), ¶ 3.  Thus, Defendants estimate that it would be required to expend approximately $25,000.00 to defend Plaintiffs' claims against Defendants. *Id.*

At the time that the Notice of Trustee's Sale was recorded in June 24, 2009, the unpaid loan balance was $268,669.44. *See*, RJN, Exhibit 5.

Moreover, Plaintiffs would be residing at the Subject Property without making any mortgage payments or rent payments. *See,* Yoo Declaration, ¶ 5.  Because the original loan amount was $250,000.00, the monthly rent is at least $1,250.00 per month (6% interest of $250,000.00 would be at least $1,250.00). *Id.*  Thus, an additional sum of $7,500.00 (accounting for 6 months of rent) should be added to the undertaking. *Id.*

///

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

21

1    Therefore, the amount of undertaking should be no less than $32,500.00 to

2  reflect the lost profits and reasonable attorneys' fees and costs to be incurred to

3  eventually dissolve the injunction. *Id.*   Also, there is a distinct possibility that

4  Plaintiffs may cause physical damage to the Subject Property.

5    In the unlikely event that a preliminary injunction is continued, the amount of

6  undertaking should be no less than $32,500.00 to account for the attorneys' fees and

7  costs to be incurred in this action plus the lost rental value of the Subject Property.

8  Alternatively, Plaintiffs should be required to make a monthly payment of $1,250.00

9  to maintain the injunction.

10  **VI.    CONCLUSION**

11    For the foregoing reasons, there is no reason why a preliminary injunction

12  should be continued in this action.  In the unlikely event that the Court continues an

13  injunction, Defendants respectfully request that the undertaking be for an amount no

14  less than $32,500.00.

15  DATED:  July 24, 2009         ADORNO YOSS ALVARADO & SMITH
                                  A Professional Corporation
16

17

18                               By: /s/ S. Christopher Yoo
                                     JOHN M. SORICH
19                                   S. CHRISTOPHER YOO
                                     TUYET T. TRAN
20                                   Attorneys for Defendants
                                     CHASE BANK USA, N.A. and CHASE
21                                   HOME FINANCE LLC

22

23

24

25

26

27

28

OPPOSITION TO EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION
1087270.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

## DECLARATION OF S. CHRISTOPHER YOO

I, S. Christopher Yoo, declare as follows:

1.      I am a member of the law firm of Adorno Yoss Alvarado & Smith, a Professional Corporation, attorneys of record herein for defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home," and collectively "Defendants") in the above-referenced action ("Action"). I have been duly admitted to practice law in the State of California and before this District. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

2.      I submit this declaration in support of Defendants' Opposition to the *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Application") of plaintiffs Paul Nguyen and Laura Nguyen (collectively "Plaintiffs").

3.      I estimate that it would take approximately 6 months for my firm to conduct necessary discovery (including depositions) to set this matter for a dispositive motion. Thus, I estimate that Defendants would be required to expend approximately $25,000.00 to defend the claims of Plaintiffs against Defendants.

4.      Further, the amount of the subject loan was $250,000.00. *See*, Request for Judicial Notice ("RJN"), Exhibit 1. As of June of 2009, the unpaid Loan balance was in excess of $268669.44. *See*, RJN, Exhibit 5. The estimated monthly mortgage payment is $1,250.00 per month.

5.      If an injunction is continued, Plaintiffs would be residing at the Subject Property without making any mortgage payments or rent payments. Because the original loan amount was $250,000.00, the monthly rent is at least $1,250.00 per month (6% interest of $250,000.00 would be at least $1,250.00). Thus, an additional sum of $7,500.00 (accounting for 6 months of rent) should be added to the undertaking. Accordingly, amount of undertaking should be no less than $32,500.00

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

23

1  to reflect the lost profits and reasonable attorneys' fees and costs to be incurred to

2  eventually dissolve the injunction.

3      I declare under penalty of perjury under the laws of the State of California and

4  the Laws of the United States that the foregoing is true and correct.

5      Executed this 24th day of July 2009, at Santa Ana, California.

6

7      _____

8                    S. CHRISTOPHER YOO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

OPPOSITION TO EX PARTE APPLICATION FOR TRO AND OSC RE: PRELIMINARY INJUNCTION

1087270.2

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

I am employed in the County of Orange, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On July 24, 2009, I served the foregoing document described as **OPPOSITION OF DEFENDANTS TO EX PARTE APPLICATION FOR TEMPORARY  RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION CONCERNING REAL PROPERTY LOCATED AT 16141 QUARTZ STREET, WESTMINSTER, CA; DECLARATION OF S. CHRISTOPHER YOO IN SUPPORT THEREOF** on the interested parties in this action.

☒  by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒  **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California.  The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the U.S. Postal Service on that same day in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐  **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐  **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707.  The envelope was deposited with delivery fees thereon fully prepaid.

☐  **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒  (Federal)  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 24, 2009, at Santa Ana, California.

*Veronica Delgado*
Veronica Delgado

1087365.1

1

**SERVICE LIST**
Paul Nguyen v. Chase Bank USA, N.A., et al.
USDC Central Case No. CV09-4589 AHM (AJWx)

2

3

Paul Nguyen                                    (714) 360-7602-telephone
16141 Quartz Street
4    Westminster, CA 92683                **Plaintiffs in Pro Per**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1087365.1