1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602
EMAIL:  mnapaul1@gmail.com

Plaintiffs
  In Pro Persona

FILED

2009 JUL 30  PM 12: 37

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PAUL NGUYEN, an individual; and
LAURA NGUYEN, an individual,

                    Plaintiffs,

          v.

Chase Bank USA, N.A.; Chase Home
Finance, LLC; First American Loanstar
Trustee Services; Fidelity National Title
Company; and DOES 1 through 50,
inclusive,

                    Defendants.

Case No.  CV09-4589 AHM(AJWX)

**REQUEST TO STRIKE LATE OPPOSITION FILED BY DEFENDANTS', CHASE BANK USA, NA AND CHASE HOME FINANCE LLC, IN OPPOSITION TO PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION.  IN THE ALTERNATIVE, PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION.**

**ROOM:     14**
**DATE:       AUGUST 3, 2009**
**TIME:        10:00 A.M.**
**ACTION FILED: JUNE 25, 2009**

       Plaintiffs Paul Nguyen and Laura Nguyen hereby object to Defendants Chase

Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home",

and collectively "Defendants") late opposition to the *Ex Parte* Application for

1   Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction

2   of Plaintiffs Paul Nguyen and Laura Nguyen.  Consequentially, Plaintiffs request the

3   Court to strike Defendants' oppositions and granting Plaintiff's request for

4   Preliminary injunction.  Without waiving such objection, Plaintiffs hereby submit the

5   following reply to Defendants' opposition.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

**REQUEST TO STRIKE OPPOSITION TO PLAINTIFFS' APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION; REPLY TO OPPOSITION**

# TABLE OF CONTENTS

**I.**    SUMMARY OF REPLY TO DEFENDANTS' OPPOSITION .........................5

**II.**    DEFENDANTS CAN NOT FORECLOSE UPON A VOID TRUST DEED AND PLAINTIFFS WILL LIKELY PREVAIL ON SUCH CLAIMS. ....................................................................................................6

**III.**    DEFENDANTS' POSITIONs ARE BASED ON INAPPLICABLE LAWS RELATING TO RIGHT OF RESCISSION AND STATUTE OF LIMITATION. ............................................................................8

  **A.**    Right of Rescission under TILA. .........................................8

  **B.**    Statute of Limitation ..........................................................10

**IV.**    DEFENDANTS' ASKING FOR UNDERTAKING BASED ON THEIR ANTICIPATED LOST OF PROFIT AND ATTORNEY FEES, IN LIGHT OF THEIR EGREIOUS CONDUCTS , IS OFFENSIVE TO THIS COURT. .........................................................................................12

**V.**    CONCLUSION................................................................................13

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

REQUEST TO STRIKE OPPOSITION TO PLAINTIFFS' APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION; REPLY TO OPPOSITION

# TALBE OF AUTHORITIES

## Cases

*Belini v. Washington Mutual Bank, FA* (2005) 412 F.3d 17 ..................................11

*Betancourt v. Countrywide Home Loans, Inc.*, 344 F. Supp. 2d 1253....................10

*Brewer v. Indymac Bank*, 2009 WL 700423 .........................................................11

Burns v. Ross, supra, 190 Cal. 269 ..........................................................................6

*Egipciaco Ruiz v. R & G Financial* 383 F.Supp.2d 31 ...........................................9

*Erickson v. Bohne*, 130 Cal.App.2d 553.................................................................5

*Fid. Consumer Disc. Co.*, 898 F.2d at 903.............................................................11

Forte v.Nolfi, supra, 25 Cal.App.3d 656..................................................................6

Hamel v. Gootkin (1962) 202 Cal.App.2d 27...........................................................6

*Hubbard v. Fidelity Federal Bank*, 91 F.3d 75, 79 (9th Cir.1996) .........................11

*In re Quenzer*, Bkrtcy.D.Kan. (2001) 266 B.R. 760 ...............................................9

*Wutzke v. Bill Reid Painting Serv.* (1984) 151 Cal. App. 3d 36 .............................7

*Yamamoto v. Bank of New York* (2003) 329 F.3d 1167 ..........................................7

## Statutes

15 U.S.C. § 1635 .....................................................................................................10

15 U.S.C. § 1640 .....................................................................................................10

15 U.S.C.A. § 1640(e)..............................................................................................10

California Codes of Civil Procedure, § 749...............................................................5

## Regulations

Truth in Lending Act, § 130(e) ................................................................................10

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

**REQUEST TO STRIKE OPPOSITION TO PLAINTIFFS' APPLICATION FOR TRO & OSC RE: PRELIMINARY INJUNCTION; REPLY TO OPPOSITION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   SUMMARY OF REPLY TO DEFENDANTS' OPPOSITION

Defendants never denied that they did not receive Plaintiffs' moving papers nor their original complaint and First Amended Complaint.

Defendants belatedly asserted that they learned about the action and Plaintiffs' Application for Temporary Restraining Order through PACER docket when all documents were served through Defendants' designated service of process agents as filed with the California Secretary of State. Such an argument is pure sophistry. There is no excusable reason for such delays.

At issue is whether Defendants can move ahead with foreclosure based on forged deed of trust, which is VOID and Plaintiffs' right of rescission under TILA.

As alleged in Plaintiffs' First Amended Complaint ("FAC"), Plaintiff Laura Nguyen's signature on the Deed of Trust was forged. It has been uniformly established that a forged document is void ab initio and constitutes a nullity. Therefore, forged Deed of Trust as recorded with the Orange County Official Records on December 12, 2007, which encumbered the subject property, is therefore VOID.

As established under TILA, Defendants have 20 days to object or contested Plaintiffs' right to rescission and failed to do so. Plaintiffs' rescission request also included offer to tender in which Defendants failed to accept. TILA established non-judicial processes for rescission and Defendants failed to take judicial action to determine its rights, instead chose take non-judicial processes to foreclose upon the subject property based on VOID deed of trust whether due to forgery or violation of TILA. Plaintiffs' capacity to pay back the loan is no longer at issue because Plaintiffs had made offer to tender and Defendants failed to accept it within the time allowed under TILA.

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

## II.    DEFENDANTS CAN NOT FORECLOSE UPON A VOID TRUST DEED AND PLAINTIFFS WILL LIKELY PREVAIL ON SUCH CLAIMS.

"A deed is void if the grantor's signature is forged or if the grantor is unaware of the nature of what he or she is signing." *Erickson v. Bohne*, 130 Cal.App.2d 553 at pp. 555-556.

Furthermore, California Codes of Civil Procedure, § 749 (a) states:

"(a) In an action for damages by a homeowner or trustor against a beneficiary of a trust deed on real property consisting of a single-family residence containing not more than four dwelling units, or against an assignee or successor in interest thereof, wherein it is established the trust deed was forged in whole or in part by the beneficiary, judgment may be entered for three times the amount at which the actual damages are assessed."

Plaintiffs' FAC clearly alleged that the Deed of Trust as recorded with the Orange County Official Recorder is forged. Consequentially, a forged Deed of Trust is void rather than voidable. The borrower is in this case is Plaintiff Paul Nguyen, NOT Laura Nguyen. *See*, Plaintiffs' First Request for Judicial Notice, Exhibit A (Promissory Note).

In reviewing the Deed of Trust as recorded (*See*, Defendants' Request for Judicial Notice, Exhibit 1), (1) the borrower is "Paul Nguyen, and Laura Nguyen, Husband and Wife, as Joint Tenant". Such deed of trust is not supported by the promissory note (section (B) of the Deed of Trust). (2) The Deed of Trust was prepared by Ramirez, Hector at Chase Bank USA, NA. (3) the recording was requested and returned to Defendant Chase Bank USA, NA. (4) The statement of "on 12/7/2007 before me, Joseph Son Cao Tran, Notary Public, Paul Nguyen and Laura Nguyen personally appeared" was modified after the witnessing by notary public. The statement "and Laura Nguyen" was handwritten by someone as quick observation revealed inconsistent handwriting of Joseph Son Cao Tran. (5) the

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

Notary certified statement clearly indicated he only witness the signature of Paul Nguyen[1]. (6) Page 15 of 16 of the Deed of Trust contained only 1 initial which belonged to Plaintiff Paul Nguyen.

Based on the face of the record before the court alone, strong inference can be made that the Deed of Trust was forged to include Plaintiff Laura Nguyen to convey to trustee power of sale without her knowledge.  This was done because Plaintiff Laura Nguyen refused to be on the loan from the beginning.

> "The fact that a deed of trust conveys a more limited interest in property than a grant deed (see Hamel v. Gootkin (1962) 202 Cal.App.2d 27, 29-30 [20 Cal.Rptr. 372]) does not mean that forged documents involving that interest should be treated differently than documents involving other interests. Indeed, decisional authority relative to forged instruments other than grant deeds uniformly hold such instruments to be void. For example, in Burns v. Ross, supra, 190 Cal. 269, the Supreme Court held that the forged assignment of a contract for the sale of real property was void, and the rights of the original owner of title to the contract were not defeated, even as to a bona fide purchaser. (See also Forte v.Nolfi, supra, 25 Cal.App.3d 656, holding a forged promissory note and deed of trust void.) (See fn. 4.) In short, there is no reason in law or policy why the principle that forged documents are void should not apply to any instrument through which an interest in property is passed." ***Wutzke v. Bill Reid Painting Serv.*** (1984) 151 Cal. App. 3d 36.

---

[1] *See*, Defendant Request for Judicial Notice, Exhibit 1, Pg 15 of 16 which states "(proved to me on the basis of satisfactory evidence) to be the person whose name **IS** subscribed to the within instrument and acknowledged to me that **HE** executed the same in **HIS** authorized **CAPACITY**, and that by **HIS SIGNATURE** on the instrument the **PERSON** or the entity upon behalf of which the **PERSON** acted, executed the instrument." *Emphasis added.*

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

Defendant Chase Bank had full control of the Deed of Trust in both preparing and recording.  So far, Defendants have not provided any evidence to the contrary that Plaintiff Laura Nguyen's signature was not forged on the instrument as recorded. Assuming allegations made in Plaintiffs' Verified First Amended Complaint as true; Plaintiffs will likely to prevail in voiding the deed of trust as instrument Defendants seek to foreclose Plaintiffs' property.

III.   **DEFENDANTS' POSITIONS ARE BASED ON INAPPLICABLE LAWS RELATING TO RIGHT OF RESCISSION AND STATUTE OF LIMITATION.**

A.      **Right of Rescission under TILA.**

Defendants erroneously relied on ***Yamamoto v. Bank of New York*** (2003) 329 F.3d 1167.  This Court clearly stated with emphasis on **AFTER**:

> "*As rescission under § 1635(b) is an on-going process*
> *consisting of a number of steps, there is no reason why a court that*
> *may alter the sequence of procedures after deciding that rescission*
> *is warranted, may not do so before deciding that rescission is*
> *warranted when it finds that, assuming grounds for rescission*
> *exist, rescission still could not be enforced because the borrower*
> *cannot comply with the borrower's rescission obligations no*
> *matter what.*"

In the context of the ***Yamamoto*** case, the borrowers specifically stated that they could not tender the proceeds even after the Court allowed them with 60 days to do so.  Based upon such facts, this Court held within the specific facts before it as followed:

> "*We simply decide that in the circumstances of this case, the*
> *court did not lack discretion to modify the sequence of rescission*
> *events to assure that Tampon could repay the loan proceeds before*

REQUEST TO STRIKE OPPOSITION TO PLAINTIFFS' APPLICATION FOR TRO & OSC RE:
PRELIMINARY INJUNCTION; REPLY TO OPPOSITION

*going through the empty (and expensive) exercise of a trial on the merits.*"

Here, Plaintiffs exercised their rights to rescind and at the same time offer to tender the loan. *See*, Exhibit C attached to Plaintiff Complaint. Thus, authorities as cited by Defendants in **Yamamoto** can clearly be distinguished from this case and inapplicable[2].

Furthermore, Defendants misstated the decision in **Yamamoto**. In actual, The Mortgagee's security interest did not become automatically void upon mortgagors' notice that they were exercising their right to rescind loan based upon mortgagee's alleged failure to disclose their right to cancel and alleged inaccurate disclosure of appraisal fees in violation of TILA, **where** mortgagee contested mortgagors' right to rescind **and** presented evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements. Here, Chase Bank USA, N.A., as mortgagee, never contested Plaintiffs' right to rescind within the time as required under § 1635 nor presented any shred of evidence that it did provide Laura Nguyen with copies of Notice of Right to Rescind.

Lender's failure to timely take steps mandated by Truth in Lending Act's (TILA) right of-rescission provision, in response to borrower's valid notice of rescission, generally constitutes violation of a requirement of same provision, for

---

[2] In arguing otherwise, Defendants rely heavily on a Ninth Circuit decision, **Yamamoto v. Bank of New York**, 329 F.3d 1167 (9th Cir. 2003). In that case, the court found that the district court did not abuse its discretion in granting the lender's motion for summary judgment on a rescission claim where the record reflected that the borrower was unable to tender the loan proceeds. But Yamamoto is unavailing here. That decision stresses that summary judgment may be granted on a TILA rescission claim based on a borrower's inability to perform "on a case-by case basis, in light of the record adduced." In Yamamoto itself, the panel found that "it is clear from the evidence that the borrower lacks capacity to pay back what she has received." Here, however, no such clarity exists. Defendants have failed to adduce any record that might establish such a lack of capacity, and has failed adequately to rebut plaintiffs' prima facie showing that they will be able to refinance the loan once Defendants' lien is removed. In fact, Plaintiffs have made offer to tender. Thus, the case at bar bears little similarity to Yamamoto because its factual posture is markedly different.

- 9 -

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

which lender can be held liable for damages. ***Egipciaco Ruiz v. R & G Financial*** 383 F.Supp.2d 31.

Defendants are putting the cart before the horse in relying on ***Yamamoto*** by asking the Court to determine Plaintiffs' ability to tender; wherein Plaintiffs did make offer to tender. *See*, Exhibit C attached to Plaintiff Complaint. Under Regulation Z, when obligor rescinds a transaction under the Truth in Lending Act (TILA), creditor's security interest becomes void as soon as obligor rescinds, and the "procedures" that courts may modify are limited to the exchange of money and property, and any action creditor must take, presumably on any relevant public record, to show that the security interest is terminated. ***In re Quenzer***, Bkrtcy.D.Kan. (2001) 266 B.R. 760, reversed 288 B.R. 884.

Here, Plaintiffs' ability to tender is not at issue because Plaintiffs had made offer to tender. If Defendants complied with statutory requirements in taking actions to rescind the notes and return earnest money received; Plaintiffs would have tendered. Here, Defendants completely ignore Plaintiffs' valid rescission notice and did nothing. Instead, they seek to foreclose Plaintiffs' property to recover the money which Plaintiffs tried to tender.

**B.    Statute of Limitation**

A violation of TILA occurs, and the one year limitations period applicable to actions for statutory and actual damages begins to run, when credit is extended through the consummation of the transaction between the creditor and its customer **without the required disclosures being made**; "consummation" of the transaction occurs at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party. Truth in Lending Act, § 130(e), as amended, 15 U.S.C.A. § 1640(e). ***Betancourt v. Countrywide Home Loans, Inc.***, 344 F. Supp. 2d 1253. Plaintiffs' alleged TILA violation included (1) failure to provide notice of right of rescission at the time of

- 10 -

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

consummation of the loan on December 7, 2007; (2) failure to take required action to terminate the security instrument upon receipt of Plaintiffs' notice of rescission.

Defendants' arguments that Plaintiffs' TILA claims are barred by statute of limitation are false based on the misreading of the laws. In a recent decision in in which the Court analyzed 15 U.S.C. § 1635 as followed:

> "15 U.S.C. § 1635 (g) provides, "In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind."15 U.S.C. § 1640(a) allows private causes of action for monetary damages. However, 15 U.S.C. § 1640(e) establishes a limitation period on damages claims, providing that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation."Where a creditor refuses to cancel a loan after receiving timely notice of rescission, the creditor violates TILA. *Miguel*, 309 F.3d at 1165. Pursuant to 15 U.S.C. § 1640(e), the obligor has one year from the date of refusal to file suit for damages arising out of the failure to rescind. *Id.* Additionally, a creditor violates TILA where they make inaccurate disclosures, and an obligor has one year from each of the lender's inaccurate disclosures to file suit. ***Hubbard v. Fidelity Federal Bank***, 91 F.3d 75, 79 (9th Cir.1996)." ***Brewer v. Indymac Bank***, 2009 WL 700423.

The statute of limitations for bringing an action under section 1640 is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The "date of the occurrence of the violation," here, at the earliest the date that Defendants

- 11 -

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

received the Plaintiffs' notice of rescission; in truth, the date of the occurrence is likely twenty days later, when Defendants' time for responding to that notice expired. See *Fid. Consumer Disc. Co.*, 898 F.2d at 903."

The Plaintiffs' rescission notice was not mailed until April 6, 2009 and received by Defendants on April 7, 2009. The "date of the occurrence of the violation" cannot be the date the loan was closed; the closing is not the only source of the debtor's complaint, and such a rule would create nonsensical results. 15 U.S.C. § 1635(f) states that "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," notwithstanding that the necessary material disclosures or forms have not been received. It cannot be that the one-year statute of limitations under section 1640 for the Defendants' failing to respond properly to Plaintiffs' notice of rescission expires before the Plaintiffs are required to send that notice in the first place[3].

**IV.   DEFENDANTS' ASKING FOR UNDERTAKING BASED ON THEIR ANTICIPATED LOST OF PROFIT AND ATTORNEY FEES, IN LIGHT OF THEIR EGREIOUS CONDUCTS , IS OFFENSIVE TO THIS COURT.**

Evidences as presented to this Court are clear as to (1) Deed of Trust as recorded with the Orange County Official Recorder is forged which rendered it void. (2) In addition, Plaintiffs had timely noticed Defendants of their loan rescission based upon Defendants' failure to provide Plaintiff Laura Nguyen with Notice of Right of Rescission as required.  (3) Plaintiffs made offer to tender the loan even though Plaintiffs were not required to do so until Defendants had taken action to rescind the loan and return money received to date.  Such offer felt on deft ear.  (4) Instead of taking required action to rescind the loan and accept tender, Defendants moved with foreclosure in retaliation.

---

[3] *See Belini v. Washington Mutual Bank, FA* (2005) 412 F.3d 17 for similar analysis dealing with issue of statute of limitation raised by Defendants.

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Assuming *arguendo*, that Defendants are correct in their position, their alleged past due mortgage would be added to the loan.  As stated in Defendants' oppositions, the outstanding loan is $250,000.00 and the property is appraised at $550,000.00. Plaintiffs would be required to pay the past due mortgage, otherwise, Defendants would foreclose the property.  Essentially, Defendants are not harm in any way.

Defendants, through their attorneys, are making bad faith arguments in asking the court to impose bond as part of the preliminary injunction.  Defendants argued that they contested Plaintiffs' notice of rescission when in fact they produced nothing in support of their position.  Assuming they did contest Plaintiffs' notice of rescission, Defendants could move with judicial foreclosure to determine their rights instead of seeking non-judicial foreclosure.

In light of the fact that Plaintiffs did make offer to tender as part of their rescission, Defendants would have recovered the loan.  Furthermore, the forged deed of trust would have subjected them to exemplary damages.  Instead of promptly taking action to rescind the loan, they seek to punish Plaintiffs through foreclosure.

Therefore, Plaintiffs pray this court to not impose bond requirements as part of preliminary injunction.

## V.   CONCLUSION

As indicated, Defendants' oppositions are nonsense and based on inapplicable authorities.  Furthermore, records indicated that Defendants were served with all moving papers through their designated agent for service of process as filed with the California Secretary of State.  Defendants' delay in retaining counsels is not an excusable neglect.  Therefore, Defendants' untimely opposition should be stricken and Plaintiffs' preliminary injunction should be granted.

Without waiving the objection to Defendants' untimely opposition papers, Defendants' oppositions would not warrant the denial of Plaintiffs' preliminary injunction.

1   Dated: 07/28/2009                          Respectfully Submitted;

2

3

4                                              Paul Nguyen
                                               Plaintiffs in Pro Persona
5

6   Dated: 07/28/2009                          Respectfully Submitted;

7

8

9                                              Laura Nguyen
                                               Plaintiffs in Pro Persona
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAUL NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

**REQUEST TO STRIKE OPPOSITION TO PLAINTIFFS' APPLICATION FOR TRO & OSC RE:
PRELIMINARY INJUNCTION; REPLY TO OPPOSITION**

**PROOF OF SERVICE**

I am a citizen of the United States; I am over 18 years of age; my business address is 9353 Bolsa Ave, #L4, Westminster, California 92683. I am employed in the County of Orange where this mailing occurred.

On 07/30/2009               , I served the following document(s):

by placing a true copy thereof enclosed in a sealed envelope and served in the manner and/or(1) Request to Strike late opposition file by Defendants', Chase Bank USA NA(2) Plaintiffs' first request for judicial notice manners described below to each of the parties herein and addressed as follows:

> ADORNO YOSS ALVARADO & SMITH
> Attention S. Christopher Yoo
> 1 MacArthur Place, Suite 200
> Santa Ana, CA 92707

XX   **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. I am readily familiar with the California State Treasurer's Office practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

____   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____   **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered via Federal Express to the addressee(s) designated.

____   **BY FACSIMILE:** I caused said documents(s) to be transmitted to the telephone number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Westminster, California, on 07/30/2009

HIEN LAM