JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
TUYET T. TRAN (CA Bar No. 245699)
ttran@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel:  (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE
HOME FINANCE LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Sydney Funding and Realty, Inc.; Sidney Tran, an Individual; Nexus Escrow, Inc.; John Nguyen, an Individual; Joseph Son Cao Tran, and Individual; Realty Savers Inc.; Nguyen Paul Tuan, an Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:** CV09-4589 AHM (AJWx)<br><br>**JUDGE:**   Hon. A. Howard Matz<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**CTRM:**   "14"<br>**DATE:**   October 19, 2009<br>**TIME:**   10:00 a.m.<br><br>**Action Filed:** June 25, 2009 |

## TO PLAINTIFFS AND ALL INTERESTED PARTIES:

**NOTICE IS GIVEN** that on October 19, 2009 at 10:00 a.m. or as soon

thereafter as the matter can be heard in Courtroom "14" of the above-entitled Court,

defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC

("Chase Home," and collectively "Defendants") will move the court to dismiss the

action pursuant to Federal Rules of Civil Procedure ("FRCP") §12(b)(6) on the

ADORNO YOSS ALVARADO & SMITH<br>ATTORNEYS AT LAW<br>SANTA ANA

grounds that the first amended complaint ("FAC") of plaintiffs Paul Nguyen and Laura Nguyen (collectively "Plaintiffs") fails to state a claim upon which relief can be granted.

Specifically, Defendants will move the Court as follows:

1.     The claim for "Fraud" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

2.     The claim for "Fraud by Forgery" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

3.     The claim for "Forgery" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

4.     The claim for "Rescission and Damages Pursuant To 12 U.S.C. § 1635, et seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

5.     The claim for "Damages Pursuant to 12 U.S.C. §2607" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

6.     The claim for "Damages Pursuant to 12 U.S.C. §2607" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

7.     The claim for "Rescission Pursuant to California Law" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

8.     The claim for "California Unfair Business Practice – Business and Professions § 17200 Et Seq." fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

9.     The claim for "Declaratory Relief" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

10.     The claim for "Preliminary Injunction" fails to state facts sufficient to constitute a claim for relief pursuant to FRCP 12(b)(6).

The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities filed herewith, and the pleadings and papers filed.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1088269.2

1         <u>Counsel for Defendants are exempt from the requirement to "meet and confer"</u>

2     <u>with Plaintiffs because Plaintiffs are in pro per.  Therefore, Defendants have met the</u>

3     <u>requirements of Local Rule 7-3</u>.  *See*, Local Rule 7-3.

4     DATED:  August 3, 2009          ADORNO YOSS ALVARADO & SMITH
                                 A Professional Corporation

5

6                                    By: <u>/s/ S. Christopher Yoo</u>

7                                       JOHN M. SORICH
                                  S. CHRISTOPHER YOO

8                                       TUYET T. TRAN
                                  Attorneys for Defendants

9                                       CHASE BANK USA, N.A. and CHASE
                                  HOME FINANCE LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

1

2

# **TABLE OF CONTENTS**

3

<u>Page</u>

4

5   **I.**   SUMMARY OF ARGUMENT ........................................................ 1

6   **II.**   STATEMENT OF RELEVANT FACTS ...................................... 2

7   **III.**   THE STANDARD FOR A MOTION TO DISMISS ................... 3

**IV.**   PLAINTIFFS FAIL TO STATE THE FIRST CLAIM FOR "FRAUD" ....... 4

8   **V.**   PLAINTIFFS FAIL TO STATE THE SECOND AND THIRD CLAIMS FOR "FRAUD BY FORGERY" AND "FORGERY" .................................. 6

9   **VI.**   PLAINTIFFS FAIL TO STATE THE FOURTH AND SEVENTH CLAIMS FOR "RESCISSION AND DAMAGES PURUSANT TO 12 U.S.C. SECTION 1635, ET SEQ." AND "RESCISSION PURUSANT TO CALIFORNIA LAW" ............................................................... 8

10

11

12              A.   Chase Home Cannot Be Liable For Damages For TILA Violation Because It is Neither The Lender Nor Assignee ............................................................. 8

13

14              B.   Neither Chase Bank Nor Chase Home Can Be Liable For Damages For TILA Violation Because The Claim Is Barred By Statute of Limitations ............................. 10

15              C.   Plaintiffs Are Not Entitled to Rescission ...................... 11

16   **VII.**   PLAINTIFFS FAIL TO STATE THE FIFTH CLAIM FOR "DAMAGES PURSUANT TO 12 U.S.C. SECTION 2607" .................................. 12

17              A.   Plaintiffs' Claim Is Time-Barred By The One Year Statute Of Limitations ...................................... 12

18

19              B.   Plaintiffs Fail To Allege A Violation Of RESPA On The Grounds That Defendants Paid Unearned Fees ..................... 12

20   **VII.**   PLAINTIFFS FAIL TO STATE THE SIXTH CLAIM FOR "DAMAGES PURUSANT TO 12 U.S.C. SECTION 2607" AS ASSERTED AGAINST CHASE HOME" ................................................... 15

21   **IX.**   PLAINTIFFS FAIL TO STATE THE EIGHTH CLAIM FOR "CALIFORNIA UNFAIR BUSINESS PRACTICE-BUSINESS AND PROFESSIONS CODE SECTION 17200 ET SEQ." ................................ 16

22

23   **X.**   PLAINTIFFS FAIL TO STATE THE NINTH CLAIM FOR "DECLARATORY RELIEF" ................................................................. 17

24              A.   Plaintiffs Do Not Seek Prospective Relief against Defendants ....................................................... 18

25              B.   Even Assuming A Present Controversy Existed, Other Relief Is Available To Plaintiffs Thereby Justifying The Denial Of The Declaratory Relief Claim ................ 19

26

27   **XI.**   PLAINTIFFS FAIL TO STATE THE TENTH CLAIM FOR "PRELIMINARY INJUNCTION" .................................................... 20

28   **XII.**   CONCLUSION ................................................................................. 21

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

i

1088269.2

# **TABLE OF AUTHORITIES**

Page

**Cases**

*Ach v. Finkelstein*, 264 Cal.App.2d 667, 674 (1968).................................................. 4

*Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937) .............. 17

*Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998)........................................................................................................................ 7

*Bachis v. State Farm Mutual Auto. Ins. Co.*, 265 Cal.App.2d 722 (1968) ................. 18

*Bachis,* 265 Cal.App.2d 726-728 (1968) ...................................................................... 18

Barquis v. Merchants Collection Assn., 7 Cal.3d 94, 113 (1972) ............................... 16

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007) ...................................... 3

*Bess v. Park*, 132 Cal.App.2d 49, 53 (1955)................................................................. 18

*Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D.Ill. 2007) .............................. 9

*California Insurance Guarantee Assoc. v. Superior  Court,* 231 ................................. 19

*Cardellini v. Casey*, 181 Cal.App.3d 389 (1986)......................................................... 18

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) ....................... 7

*Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983).............................................................................................................................. 5

*Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946) ....................... 17

*Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) ................................................................ 15

*Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12, 1999)............................................................................................................................. 13

*General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 470, 471 (1968).............. 19

*Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003) .......................................... 13

*Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977) ......................... 16

*Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968) . 5

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006) ...... 16

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

# **TABLE OF AUTHORITIES**

Page

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (9th Cir. 1994) ............. 5

*In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994) ................................................................................................................ 4

*Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).............................. 16

*Large v. Conseco Financing Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002) .... 11

*Matt-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, 2007 WL2206946, pg. 5 (S.D. Cal. 2007) ............................................................................................................ 5

*Owner-Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367 F.3d 1108, 1111 (9th Cir. 2004)................................................................. 20

*PacLink Communications Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001) ........................................................................................................................ 5

*People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994) ...................................................................................................................... 16

*People v. McKale*, 25 Cal. 3d 626 (1979) ............................................................... 16

*Production Co. v. Village of Gambell*, 480 US 531, 542 (1987)............................... 20

*Stansfield v. Starkey,* 220 Cal.App.3d 59, 73 (1990)..................................................... 4

*Stansfield v. Starkey*, supra, 220 Cal.App.3d at 73 ...................................................... 5

*Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th at 157............... 5,6

*Travers v. Louden*, 254 Cal.App.3d 926, 930-932 (1967).......................................... 19

*Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006)........... 10, 11

*Vikco Ins. Services, Inc. v. Ohio Indemnity Co.*, 70 Cal.App.4th 55, 62-63 (1999)..... 14

**Statutes**

12 U.S.C. § 2601(a).................................................................................................. 12

12 U.S.C. § 2607(a).................................................................................................. 12

12 U.S.C. § 2607(b) .................................................................................................. 13

12 U.S.C. § 2607(c)(2)............................................................................................... 13

12 U.S.C. § 2605 ...................................................................................................... 15

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

2

## <u>TABLE OF AUTHORITIES</u>

3

<u>Page</u>

4

5    12 U.S.C. § 2605(f)(1)(A) ............................................................... 15

6    12 USC § 2614 ................................................................................... 12

7    **15 U.S.C. § 1641(f)** ........................................................................ 9

8    **15 USC §§ 1640** ........................................................................... 9

9    Bus. & Prof. Code § 17200 .............................................................. 17

10   Cal. Penal Code § 470(d) ................................................................. 6

11   Civil Code § 2923.6 .......................................................................... 1

12   Code. Civ. Proc. § 1060 ................................................................... 17

13   Section 1060, of the Code of Civil Procedure ................................. 17

14   **Other Authorities**

15   5 Witkin, California Procedure, Pleadings, § 668, at 123 (4th ed. 1997) ...................... 4

16   California Corporations Code § 17101 ............................................. 5

17   California Corporations Code, § 17000 ............................................ 5

18   Cal. Prac. Guide: Civ. Proc. Before Trial, 6:193 (The Rutter Group, 2005) ............... 19

19   **Rules**

20   FRCP 9(b) ........................................................................................... 4

21

22

23

24

25

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2       Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance

3   LLC ("Chase Home," and collectively "Defendants") hereby submit the following

4   memorandum of points and authorities in support of the Motion to Dismiss the first

5   amended complaint ("FAC") of plaintiffs Paul Nguyen and Laura Nguyen

6   (collectively "Plaintiffs").

7   **I.    SUMMARY OF ARGUMENT**

8       The FAC is premised upon the allegation that Defendants failed to provide

9   certain disclosures in connection with the subject loan.

10      Plaintiffs assert claims for fraud, forgery, violation of the Truth in Lending Act

11  ("TILA"), rescission, violation of Real Estate Settlement Procedures Act ("RESPA"),

12  and unfair business practice under Business & Professions Code § 17200, declaratory

13  relief, and preliminary injunction.  Plaintiffs cannot state any claims against

14  Defendants.

15      In violation of the particularity requirement under a claim for fraud, Plaintiffs

16  vaguely allege that "false, fraudulent and/or deceitful representations" were made.

17  Since the allegation fails to allege the claim for fraud with the requisite particularity,

18  the claim fails.

19      Plaintiffs assert two civil claims for forgery, based on the allegedly forged

20  signature of Plaintiff Laura Nguyen on the deed of trust, when such claims are

21  criminal charges and thus cannot be asserted as civil claims.  Additionally, it is

22  interesting that Plaintiffs allege that the subject deed of trust contains a forged

23  signature of Laura Nguyen but Plaintiffs do not dispute that they obtained the subject

24  loan.

25      In support of the two claims for rescission and damages for TILA violation,

26  Plaintiffs allege that Defendants failed to provide certain disclosures in connection

27  with the subject loan, namely a good faith estimate and notice of right to cancel.

28  However, Defendants cannot be liable for damages because the statute of limitations

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

has expired.  Civil penalties under TILA are subject to a one-year statute of limitations.  15 U.S.C. § 1640(e). Furthermore, the loan transaction is not void until there has been a determination that rescission is warranted.  Thus, both claims for rescission and damages under TILA fail.

In support of the claim for violation of RESPA, Plaintiffs allege that Defendants paid broker fees that constituted unlawful kickbacks and/or unearned fee under RESPA.  Plaintiffs' RESPA claim is time-barred, because the statute of limitations has expired pursuant to 12 U.S.C. § 2614. Plaintiffs also assert a claim for violation of RESPA based on the alleged failure to respond to qualified written requests for information. However, there is no allegation that Chase Home's alleged failure to respond to the purported qualified written request caused any pecuniary loss to Plaintiffs. Thus, both claims under RESPA must be dismissed.

Under the claim for unfair business practice under Bus. & Prof. Code § 17200, Plaintiffs fail to establish that Defendants violated any independent underlying law. Nor do Plaintiffs establish that the allegations of such claims constitute a "pattern of behavior," "course of conduct" or "business practice" within the meaning of § 17200. Therefore, the claim fails.

Plaintiffs do not seek prospective relief under their claim for declaratory relief. In fact, Plaintiffs seek a declaration regarding the preexisting contractual rights and duties in relation to the deed of trust between Plaintiffs and Chase Bank.  As such, no prospective relief is sought to resolve future wrongs, and the claim for declaratory relief fails.

Accordingly, the Motion to Dismiss all claims in the FAC as asserted against Defendants must be granted without leave to amend.

## II.   STATEMENT OF RELEVANT FACTS

The following is a list of relevant facts of which the Court may take judicial notice.

- Plaintiffs obtained a loan in the amount of $250,000.00 ("Loan") in

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

connection with the property located at 16141 Quartz Street, Westminster, California 92683 ("Subject Property"). The Loan was secured by a deed of trust encumbering the Subject Property that was recorded with the Orange County Official Records on December 12, 2007 as instrument number 2007000731120 ("DOT"). The DOT identifies Chase Bank as the lender and Plaintiffs as the borrowers. *See*, Request for Judicial Notice ("RJN"), 1.

- A Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded pursuant to the DOT on March 19, 2009 with the Orange County Official Records as instrument number 2009000131148 due to Plaintiffs' failure to make monthly mortgage payments. The NOD states that as of March 18, 2009, the amount arrears under the Loan is $14,372.75. *See* RJN, Exhibit 2.

- A Substitution of Trustee pursuant to the DOT was recorded on April 22, 2009 with the Orange County Official Records as instrument number 2009000197524. First American Loanstar Trustee Services was named the new trustee of the DOT. *See* RJN, Exhibit 3.

- An Assignment of Deed of Trust was recorded on April 30, 2009, with the Orange County Recorder as instrument number 2009000215727. All beneficial interest under the DOT was assigned to JPMorgan Chase Bank, N.A. ("JPMorgan"). *See* RJN, Exhibit 4.

- A Notice of Trustee's Sale was recorded pursuant to the DOT on June 24, 2009 with the Orange County Official Records as instrument number 2009000331959. *See* RJN, Exhibit 5.

## III.   THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). "Factual allegations must be enough to raise a right to relief above the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  speculative level on the assumption that all of the complaint's allegations are true."

2  *Id.*

3  **IV.     PLAINTIFFS FAIL TO STATE THE FIRST CLAIM FOR "FRAUD"**

4        Since Plaintiffs fail to allege the claim for fraud with the requisite particularity,

5  the claim fails.

6        The elements for fraud are: 1) a false representation of a material fact, 2)

7  knowledge of the falsity (scienter), 3) intent to induce another into relying on the

8  representation, 4) reliance on the representation, and 5) resulting damage. *Ach v.*

9  *Finkelstein*, 264 Cal.App.2d 667, 674 (1968); 5 Witkin, California Procedure,

10  Pleadings, § 668, at 123 (4th ed. 1997).

11        A plaintiff must plead a fraud claim specifically and not generally.  Specific

12  pleading requires facts that clearly allege every element of the fraud.  *Stansfield v.*

13  *Starkey,* 220 Cal.App.3d 59, 73 (1990).

14        Additionally, FRCP 9 has a specificity or particularity requirement.  FRCP 9(b)

15  states that "in all averments of fraud or mistake, the circumstances constituting fraud

16  or mistake shall be stated with particularity."  Thus, rule 9(b) serves to furnish

17  defendant with notice, but also imposes the additional obligation on plaintiff to "aver

18  with particularity the circumstances constituting the fraud."  *In Re GlenFed Inc.*

19  *Securities Litigation*, 42 F.3d 1541, 1547 (en banc) (9th Cir. 1994).  The *GlenFed*

20  court interpreted 9(b) to require allegations not only the <u>time, place and content of the</u>

21  <u>alleged misrepresentation</u>, but also the circumstances indicating false statements:

22            "[t]o allege fraud with particularity a plaintiff must set forth more

23            than the mutual facts necessary to identify the transaction.  The

24            plaintiff must set forth what is false or misleading about a

25            statement, and why it is false.  In other words, the plaintiff must

26            set forth an explanation as to why the statements or omissions

27            complained are misleading."

28  *Id*. at 1547-48.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

The particularity requirement for fraud mandates pleading facts that "show how, when, where, to whom, and by what means the representations were tendered." *Stansfield v. Starkey*, supra, 220 Cal.App.3d at 73; *Hill Trans. Co. v. Southwest Forest Industries Inc.* 266 Cal.App.2d 702, 707 (1968). The rationale for this strict pleading requirement is not to merely provide notice to the defendant. "The idea seems to be that allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense . . . and the policy of liberal construction of the pleadings . . . will not ordinarily be invoked to sustain a pleading defective in any material respect." *Committee on Children's Television, Inc. v. General Foods Corp.* 35 Cal.3d at 216 (1983). Thus, each element of fraud must be alleged factually and specifically. *Tarmann v. State Farm Mutual Auto Insurance Co.*, 2 Cal.App.4th 153, 157 (Cal.App.6.Dist. 1991).

In addition, to assert a fraud action against a corporation, a <u>plaintiff must also allege that names of the person or persons who allegedly made the fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written</u>. *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th at 157; *In Re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1547 (9th Cir. 1994); *Matt-Van, Inc. v. Sheldon Good & Co. Auctions*, LLC, 2007 WL2206946, pg. 5 (S.D. Cal. 2007).

Chase Home is a limited liability company. *See*, Caption. A limited liability company is a hybrid between a partnership and a corporation, formed under the Corporations Code which, like a corporation, is an entity separate from its shareholders. *See,* California Corporations Code, § 17000; *PacLink Communications Internat., Inc. v. Superior Court*, 90 Cal.App.4th 958, 963 (2001). The general rule is regarding liability for that of a limited liability company follows that of a corporation, in that individual members are not liable for the debts or conduct of the entity. *See,* California Corporations Code § 17101. Thus, for purposes of imposing liability, the

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

limited liability company can be equated with that of a corporation.

In violation of the particularity requirement, Plaintiffs vaguely allege that "false, fraudulent and/or deceitful representations" were made. *See*, FAC, ¶ 59. Plaintiffs fail to specify the substance of those purported representations. Furthermore, the allegation of misrepresentation is asserted against "Chase and its agent" when there are two separate "Chase" defendants (i.e., Chase Bank and Chase Home) against whom the claim is asserted. *See*, FAC, ¶ 59; *see also*, Caption. Finally, even assuming *arguendo* that the allegation of misrepresentation has been properly pled, Plaintiffs fail to allege that a person at either Chase Bank or Chase Home who purportedly made the misrepresentation had authority to speak, to whom they spoke, or what they said or wrote. *See*, *Tarmann v. State Farm Mutual Auto. Ins. Co.*, 2 Cal.App.4th at 157.

Given Plaintiffs' failure to allege with any particularity that either Chase Bank or Chase Home made any misrepresentation, Plaintiffs cannot state a claim for fraud against Defendants and the claim must be dismissed accordingly.

## V.   PLAINTIFFS FAIL TO STATE THE SECOND AND THIRD CLAIMS FOR "FRAUD BY FORGERY" AND "FORGERY"

Under the second and third claims, Plaintiffs assert two civil claims for forgery when such claims are a criminal charge. Under such claim, Plaintiffs allege that Chase and/or its agent forged the signature of Plaintiff Laura Nguyen onto the DOT and other documents related to the Loan. *See*, FAC, ¶¶ 65 and 74.

For the purpose of establishing the offense of forgery, an intent to defraud is an intent to deceive another person for the purpose of gaining a material advantage over that person or to induce that person to part with property or alter that person's position by some false statement or false representation of fact, wrongful concealment or suppression of the truth or by any artifice or act designed to deceive. *See*, Cal. Penal Code § 470(d).

6

1088269.2

1   Here, Plaintiff makes no allegation that either Chase Bank or Chase Home

2   committed any misrepresentation or concealment, as evidenced by the aforementioned

3   claim of fraud.  Instead, Plaintiffs simply makes a general and conclusory allegation

4   that Chase and/or its agents forged the signature.  *See*, FAC, ¶¶ 65 and 74.

5   These are conclusory allegations made without any factual support.  Although

6   the Court must construe the facts in the light most favorable to the non-moving party,

7   "conclusory allegations of law and unwarranted inferences are not sufficient to defeat

8   a motion to dismiss."  *Associated Gen. Contrs. of Am. v. Metropolitan Water Dist.*,

9   159 F.3d 1178, 1181 (9th Cir. 1998).  "[T]he court is not required to accept legal

10  conclusions cast in the form of factual allegations if those conclusions cannot

11  reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18

12  F.3d 752, 754-55 (9th Cir. 1994).

13  And assuming arguendo that Defendants committed a misrepresentation or

14  concealment in connection with the DOT, Plaintiffs fail to allege that such purported

15  misrepresentation or concealment altered Plaintiff Paul Nguyen's position.

16  Ultimately, Plaintiff Paul Nguyen still would have obtained the Loan, regardless of

17  whether there was a forgery of Plaintiff Laura Nguyen's signature on the Loan or

18  DOT.

19  Furthermore, all allegations of misconduct that culminated in the purported

20  forgery are asserted against defendants other than Chase Bank or Chase Home.

21  Specifically, Plaintiffs allege that defendant Joseph Son Cao Tran "concealed from

22  Plaintiff [Paul Nguyen] that he and Defendant SYDNEY FUNDING are broker [sic]

23  of the loan instead of REALTY SAVERS."  *See*, FAC, ¶ 30.  Plaintiffs further allege

24  that "[n]either Defendant Joseph Son Cao Tran nor SYNDEY FUNDING disclosed

25  the relationship between SYNDEY FUNDING and NEXUS ESCROW to Plaintiff."

26  *See*, FAC, ¶ 31.  Finally, "Plaintiff PAUL NGUYEN appeared at Defendant NEXUS

27  ESCROW . . . to signed [sic] mortgage documents" and subsequently "discovered

28  forged signature of Laura Nguyen to the Deed of Trust."  *See*, FAC, ¶¶ 32 and 36.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

7
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

Clearly, Plaintiffs' claim of forgery is predicated on allegations of concealment attributed to defendants Tran, Sydney Funding, and Nexus Escrow, not to Chase Bank or Chase Home.

Notably, Chase Home is simply the servicer of the Loan after the Loan was consummated. And in the capacity as a loan servicer, Chase Home was simply involved in ensuring that Plaintiffs were current on their mortgage loan payments. Therefore, it is inconceivable that Chase Home would have been involved in the loan transaction, or otherwise involved in the purported forged signature during the transacting phase of the Loan.

Accordingly, even assuming that Plaintiffs can assert a criminal charge for forgery, which Defendants do no concede, the allegations asserted are conclusory at best. And all allegations of concealment that predicate the two claims for fraud are asserted against defendants other than Chase Bank or Chase Home. Thus, Plaintiffs cannot state the second and third claims for forgery, and the claims must be dismissed without leave to amend.

## VI.   PLAINTIFFS FAIL TO STATE THE FOURTH AND SEVENTH CLAIMS FOR "RESCISSION AND DAMAGES PURSUANT TO 12 U.S.C. § 1635, ET SEQ." AND "RESCISSION PURSUANT TO CALIFORNIA LAW"

In support of the two claims for rescission and damages for TILA violation, Plaintiffs allege that Defendants failed to provide certain disclosures in connection with the Loan, namely a good faith estimate and notice of right to cancel. *See*, FAC, ¶¶ 79 and 99.

### A.   Chase Home Cannot Be Liable For Damages For TILA Violation Because It Is Neither The Lender Nor Assignee

The only parties who can be liable for TILA violations are the original creditor

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1   and assignees of that creditor. 15 USC §§ 1640, 1641. Moreover, servicers of

2   consumer obligations are not to be treated as assignees for purposes of imposing

3   liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f).

4          In *Chow*, the Plaintiff brought an action for TILA violations against various

5   parties, including the loan servicer. The loan servicer, GMAC, brought a summary

6   judgment motion and argued that because it was only the servicer of the mortgage

7   loan, not the owner, it could not be liable as an assignee. The Plaintiff argued that

8   there were still questions to be resolved as to whether GMAC had violated TILA

9   because the violations appeared on the face of the TILA statements and GMAC

10  profited from the errors and omissions. The Court, however, found that because

11  GMAC was merely the servicer of the mortgage, it could not be held liable as an

12  assignee for the alleged TILA violations.

13         Similarly, in *Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773, 775 (N.D.Ill. 2007),

14  an action was brought for violation of TILA against various parties, including the loan

15  servicer. The loan servicer, Option One, moved to dismiss arguing that TILA

16  expressly disclaims any liability for servicers for disclosure violations. The Plaintiffs

17  argued that although a loan servicer is not subject to monetary damages under TILA,

18  the loan server was a proper defendant in a TILA rescission action. The Court,

19  however, granted the loan servicer's motion to dismiss.

20         As the recorded documents indicate, Chase Home is not the originating lender

21  or assignee of the lender in connection with the Loan.  Pursuant to the DOT, Chase

22  Bank is identified as the originating lender of Loan. *See*, RJN, Exhibit 1. Thereafter,

23  pursuant to the Assignment of Deed of Trust, JPMorgan Chase Bank, N.A. was

24  assigned all beneficial interest under the DOT and thereby became the assignee

25  beneficiary of the DOT. *See*, RJN, Exhibit 4. Therefore, Chase Home cannot be

26  liable for any purported TILA violation because it is neither the original lender nor

27  assignee of the lender in connection with the Loan. *Chow v. Aegis Mortg. Corp.*, 286

28  F.Supp.2d 956 (N.D. Ill. 2003); *Bills v. BNC Mortg., Inc.*, 502 F.Supp.2d 773 (N.D.Ill.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

9

1088269.2

2007).   As such, Chase cannot be liable for any purported TILA violation.  *Chow* at 959.

**B.    Neither Chase Bank Nor Chase Home Can Be Liable For Damages For TILA Violation Because The Claim Is Barred By Statute of Limitations**

Even assuming that Plaintiffs can state a claim for TILA violation, Defendants cannot be liable for damages because the statute of limitations has expired.  *See*, FAC, ¶¶ 78-83.  Civil penalties under TILA are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e).  Section 1640(e) states, in part:

> "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." (Emphasis added).

In *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584, 589 (E.D.Va. 2006), the Court granted the defendant's motion for summary judgment of plaintiffs' count of statutory damages, attorney costs and fees, and forfeiture of the tender because Plaintiffs filed their claim after the expiration of the TILA's one year statute of limitations. The Court held that the one (1) year statute of limitations period applying to claims for civil damages arising from TILA violations begins to run from the date of the complained of violation.  If the violation is one of disclosure in a closed-end credit transaction, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement.

Plaintiffs' Loan closed in December of 2007.  *See,* RJN, Exhibit 1.  Plaintiffs filed an initial complaint in June of 2009 and the FAC in July 2009 (both of which assert a claim for TILA violation), over one year after the Loan closed and they purportedly obtained the deficient disclosures.  *See*, Pacer Docket, Document Nos. 1 and 13.  Consequently, any claim for damages for improper TILA disclosures are time-barred because the statute of limitations period began to run on the date the Loan closed in December of 2007.  Plaintiffs' claim expired in December of 2008, one year

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1    after the Loan closed. *Tucker v. Beneficial Mortg. Co.,* 437 F.Supp.3d 584.

2    ### C.    **Plaintiffs Are Not Entitled to Rescission**

3    Moreover, Plaintiffs are not entitled to rescind the Loan for alleged TILA

4    violations. <u>Nothing in TILA establishes that a borrower's "mere assertion of the right</u>

5    <u>to rescission has the automatic effect of voiding the contract."</u> *Yamamoto v. Bank of*

6    *New York,* 329 F.3d 1167, 1172 (9th Cir. 2003) (*citing Large v. Conseco Financing*

7    *Servicing Corp.,* 292 F.3d 49, 54-55 (1st Cir. 2002)).

> "The 'natural reading' of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined…<u>Until such decision is made, the [borrowers] have only advanced a claim seeking rescission.</u>"" *Id.* (Emphasis added).

The Ninth Circuit upheld the district court's decision and found that when a lender contests the right to rescind, the transaction is not voided automatically. *Id.* at 1172. "Otherwise, a borrower could get from under a secured loan simply *claiming* TILA violations, whether or not then lender had actually committed any." *Id.* In a contested case, the consumer rescinds and the action becomes void ONLY when the right to rescind is determined in the borrowers favor.

Furthermore, the court held that rescission may not be enforced unless there is a determination that a borrower could also comply with his rescission obligations. *Id.* at 1173. That is, the borrower must show that that <u>he has the capacity to pay back what</u> <u>he received from the lender because is a remedy that restores the *status quo ante*</u>. *Id.*

In this case, Plaintiffs' right to rescission is contested by Defendants. Therefore, as held by the *Yamamoto* Court, the loan transaction is not void until there has been a determination that rescission is warranted.

Moreover, the transaction <u>cannot</u> be voided until Plaintiffs prove that they have

11

1088269.2

1   the capacity to pay back what they received in the original mortgage transaction

2   (minus interest, finance charges, etc).

3       For the foregoing reasons, the two claims for rescission and damages pursuant

4   to TILA as asserted against Defendants fail and must be dismissed without leave to

5   amend.

6   **VII.   PLAINTIFFS FAIL TO STATE THE FIFTH CLAIM FOR "DAMAGES**

7         **PURSUANT TO 12 U.S.C. § 2607"**

8       In support of the claim for violation of RESPA, Plaintiffs allege that Defendants

9   paid broker fees that constituted unlawful kickbacks and/or unearned fee under

10   RESPA.  *See*, FAC ¶¶ 45 and 88.

11       **A.   Plaintiffs' Claim Is Time-Barred By The One Year Statute Of**

12           **Limitations**

13       Plaintiffs' RESPA claim is are time-barred, because the statute of limitations

14   has expired.  Under, 12 U.S.C. § 2614, any action for violation of RESPA under

15   Section 2607 (unearned fees) has a one year statute of limitations.  In this case, the

16   Loan was made in December of 2007.  *See*, RJN, Exhibit 1.  Plaintiffs filed an initial

17   complaint in June of 2009 and the FAC in July 2009 (both of which assert a claim for

18   RESPA violation), over one year after the violation allegedly occurred.  *See*, Pacer

19   Docket, Document Nos. 1 and 13.  Since 1 ½ year has elapsed since consummation of

20   the Loan, the one-year statute of limitations lapsed.

21       **B.   Plaintiffs Fail To Allege A Violation Of RESPA On The Grounds**

22           **That Defendants Paid Unearned Fees**

23       Congress enacted the Real Estate Settlement Procedures Act in 1974 to shield

24   home buyers "from unnecessarily high settlement charges caused by certain abusive

25   practices." 12 U.S.C. § 2601(a).  Section 2607(a) of RESPA proscribes giving or

26   accepting "any fee, kickback or thing of value pursuant to any agreement or

27   understanding ... that business incident to or a part of a real estate settlement service ...

28   shall be referred to any person." 12 U.S.C. § 2607(a).  Section 2607(a) of RESPA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1  similarly prohibits the payment of any percentage or division of a charge except for

2  services actually rendered.  12 U.S.C. § 2607(b).  Section 2607(c) provides a safe

3  harbor, however, stating in relevant part that "nothing in this section shall be

4  construed as prohibiting ... (2) the payment to any person of a bona fide salary or

5  compensation or other payment for goods or facilities actually furnished or for

6  services actually performed[.]" 12 U.S.C. § 2607(c)(2).

7      The difficulty in applying Section 2607 to yield spread premiums is

8  determining when such a payment is "for goods or facilities actually furnished or for

9  services actually performed."  In an official policy statement, the United States

10  Department of Housing ("HUD") "explained Regulation X" and the provisions of the

11  RESPA.  64 Fed. Reg. 10080.  The policy statement indicates unequivocally that

12  HUD does not consider yield spread premiums to be per se legal or illegal.  64 Fed.

13  Reg. 10084.

14      Moreover, the HUD developed a two-part test for determining liability under

15  Section 2607.  *Geraci v. Homestreet Bank*, 347 F.3d 749 (9th Cir. 2003).  The first part

16  of the test requires a determination of whether the yield spread premium was

17  exchanged for goods, facilities, or services actually provided.  347 F.3d at 751.   If the

18  yield spread premium was paid to broker in exchange for goods or services, then the

19  next part of the test is whether the payment bears a reasonable relationship to the

20  goods or services provided.  *Id.*  HUD considers the reasonableness prong of the test

21  to be "determinative."  *Id.*  This test has been adopted by the majority of courts in

22  applying Section 8 to yield spread premiums.  *See, e.g.*, *LaCasse*, 198 F. Supp. 2d

23  1255, Slip Op. (W.D. Wash. March 15, 2002); *Bjustrom*, 178 F. Supp.2d at 1196;

24  *Drootman v. First Nationwide Bank, No.* 97-252 PHX TSZ, slip op., at 8 (Feb. 12,

25  1999).

26      In this case, Plaintiffs fail to state a claim under section 2607 because Plaintiffs

27  fail to allege that the yield spread premium payments (1) were not for goods or

28  services, and (2) did not bear a reasonable relationship to any goods or services

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

13
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

provided.  *See,* FAC, ¶¶ 85-91.  Instead, Plaintiffs simply allege that "if Chase had reviewed the loan origination documents properly . . . Chase would have learned of the obvious indications that Sydney Funding was not properly performing its role as a mortgage broker."  *See,* FAC, ¶ 49.  Plaintiffs further and nonsensically allege that because "Chase and its agent" failed to make disclosures that certain entities and individuals were acting as settlement agent, broker, and notary, and because there was purported forgery of signature in connection with the DOT, the "agents services was $0.00."  *See,* FAC, ¶ 87.  Such conclusory allegations fail to plead facts conforming to the rule of liability set forth in the HUD's test for liability.

Even assuming such allegations are true, Plaintiffs fail to allege any facts that, if proven, would demonstrate that the fees were not paid as compensation for goods or services in connection with the Loan, or that it does not bear a reasonable relationship to any goods or services that were actually provided in connection with the Loan.

Furthermore, Chase Home is merely the loan servicer and thus not the originating lender that would be involved in the loan transaction that may otherwise suggest it extended any yield premium fees in violation of Section 2607 of RESPA.

Finally, a mere allegation of a violation of a statute or regulation by a defendant does not entitle the plaintiff to assert a claim against that defendant.  In that regard, in *Vikco Ins. Services, Inc.,* the court held:

> Adoption of a regulatory statute does not automatically create a private right to sue for damages resulting from violations of the statute; such a private right of action exists only if the language of the statute or its legislative history clearly indicates the Legislature *intended* to create such a right to sue for damages.  If the Legislature intends to create a private cause of action, we generally assume it will do so 'directly, …in clear, understandable, unmistakable terms…' (citations omitted)…..absent some express provision for civil liability, courts cannot assume a private cause of action for negligence may be brought any time a legislative enactment is violated."  (Emphasis added).  *Vikco Ins. Services, Inc. v. Ohio Indemnity Co.,* 70 Cal.App.4th 55, 62-63 (1999).

Plaintiffs fail to properly allege that they have standing to assert a private cause of action under Section 2607 of RESPA.  Thus, for this reason alone, the claim for

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

violation of Section 2607 must be dismissed.

In light of the foregoing, Plaintiffs' claim for RESPA violation for unlawful yield premium fees cannot be established as asserted against Defendants.   Thus, the fifth claim for violation of RESPA must be dismissed without leave to amend.

## VIII.   PLAINTIFFS FAIL TO STATE THE SIXTH CLAIM FOR "DAMAGES PURSUANT TO 12 U.S.C. § 2607" AS ASSERTED AGAINST CHASE HOME

Plaintiffs allege that Chase Home violated REPSA by failing to respond to qualified written requests for information.  *See*, FAC ¶ 95.

RESPA section 2605(e)(1)(B), states in relevant part:

> "For purposes of this subsection, a **qualified written request** shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) <u>includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.</u>"

The FAC fails to attach a QWR that Plaintiffs purportedly made.  *See*, FAC.  Even assuming Plaintiffs made a QWR, nothing in the FAC alleges that Chase Home mailed any written response acknowledging the receipt of the QWR.  Furthermore, even if a QWR was sent to Chase Home and Chase Home failed to respond, an allegation that Chase Home does not concede, alleging a breach of RESPA duties alone does not state a claim under RESPA.

> "Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages. *See,* 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower ... [for] any actual damages to the borrower as a result of the failure."); *Cortez v. Keystone Bank*, No. 98-2457, 2000 WL 536666, *12, 2000 U.S. Dist. LEXIS 5705 at *40 (E.D.Pa. May 2, 2000) (a claimant under 12 U.S.C. § 2605 must allege a pecuniary loss attributable to the alleged violation)."

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

*Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006).  The complaint contains no allegation that Chase Home's alleged failure to respond to the purported QWR caused any pecuniary loss to Plaintiffs.  That is, a plaintiff must plead how his damages resulted from alleged violation of RESPA.  Instead, Plaintiffs make a conclusory allegation that they have "suffered damages in an amount to be proven at trial."  *See*, FAC ¶ 96.  Without the causal connection, no claim for violation of RESPA can be asserted.  *Hutchinson*, 410 F.Supp.2d at 383.

Accordingly, the sixth claim for damages under RESPA must be dismissed without leave to amend.

## IX.   PLAINTIFFS FAIL TO STATE THE EIGHTH CLAIM FOR "CALIFORNIA UNFAIR BUSINESS PRACTICE – BUSINESS AND PROFESSIONS § 17200 ET SEQ."

Establishing a claim under Business and Professions Code § 17200 et seq. requires the violation of an independent underlying law or statute often referred to as the "borrowed claim." *People v. McKale*, 25 Cal. 3d 626 (1979).  Facts supporting a Business and Professions Code § 17200 cause of action must be pled with reasonable particularity.  *Khoury v. Maly's of California*, 14 Cal.App.4th 612, 619 (1993).

Additionally, a claim of unfair business practice under Section 17200 must be premised upon a "pattern of behavior" or a "course of conduct." *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal.App.4th 499, 519 (1977).  Thus, as a general rule, Section 17200 is typically found to encompass an action which constitutes a business practice and that "at the same time is forbidden by law." *Id.*, citing *Barquis v. Merchants Collection Assn.*, 7 Cal.3d 94, 113 (1972).  In order to allege a claim for an unlawful business practice under 17200, the plaintiff must allege facts to demonstrate that the practice violates the law. *See, People* at 635; *Microsoft Corp. v. A-Tech Corp.*, 855 F. Supp. 308, 313 (C.D. Cal. 1994).

Here, in support of the claim for unfair business practice under Bus. & Prof. Code § 17200, Plaintiffs allege that Defendants made false representations in

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

connection with the Loan, violated RESPA, and forged the signature of Plaintiff Laura Nguyen of the DOT. *See*, FAC, ¶¶ 103-104.

However, as previously asserted, Plaintiffs fail to establish the claims of fraud, violation of RESPA, or forgery. Thus, Plaintiffs fail to establish that Defendants violated any independent underlying law. Nor do Plaintiffs establish that the allegations of such claims constitute a "pattern of behavior," "course of conduct" or "business practice" within the meaning of § 17200.

Furthermore, Plaintiffs fail to establish the remaining claims in the FAC that would otherwise establish a violation of an independent underlying law. Nor can Plaintiffs establish that allegations of those claims constitute a "pattern of behavior," "course of conduct" or "business practice" within the meaning of § 17200.

Accordingly, the claim for unfair business practice under Bus. & Prof. Code § 17200 must be dismissed without leave to amend.

## X.   PLAINTIFFS FAIL TO STATE THE NINTH CLAIM FOR "DECLARATORY RELIEF"

Section 1060, of the *Code of Civil Procedure*, sets forth the requirements for declaratory relief and states in relevant part:

> "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, …, may, in cases of <u>actual controversy relating to the legal rights and duties of the respective parties</u>, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises…"
> Code. Civ. Proc. § 1060 [Emphasis added].

In light of the above, in order to state a claim for declaratory relief, a plaintiff must plead some relationship, either contractual or otherwise, giving rise to "rights or duties," and that an actual and present controversy exists. *See,* CCP §1060; *see also Tiburon v. Northwestern Pacific Railroad Co.*, 4 Cal.App.3d 160, 170 (1970); *Conroy v. Civil Service Commission,* 75 Cal.App.2d 450, 456 (1946); *Aetna Life Insurance Company v. Haworth*, 300 U.S. 227, 240-241 (1937).

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

17

1088269.2

1    Plaintiffs seek a judicial determination as to the rights of the parties relative to

2    the DOT.  *See*, FAC, ¶¶ 116-128.

3        A.    **Plaintiffs Do Not Seek Prospective Relief against Defendants**

4        "[D]eclaratory relief being an equitable proceeding the trial court can in its

5    discretion grant that relief in order to liquidate uncertainties and controversies which

6    might result in future litigation." *Bess v. Park*, 132 Cal.App.2d 49, 53 (1955).  Thus, it

7    is axiomatic that a cause of action for declaratory relief serves the purpose of

8    adjudicating ***future*** rights and liabilities between parties. [Emphasis added] *See*

9    *Cardellini v. Casey*, 181 Cal.App.3d 389 (1986); *Bachis v. State Farm Mutual Auto.*

10   *Ins. Co.,* 265 Cal.App.2d 722 (1968).

11       Moreover, where the "rights of the complaining party have crystallized into a

12   cause of action for past wrongs," a decision to sustain a demurrer to a cause of action

13   for declaratory relief will be upheld.  *See id.* at 397-398; *see also Bachis,* 265

14   Cal.App.2d 726-728 (1968).  Thus, a court has the discretion to dismiss a cause of

15   action for declaratory relief where there is no occasion to define the respective rights

16   of the party which would govern the future conduct of the parties. *See id.*

17       Here, Plaintiffs do not seek prospective relief.  In fact, Plaintiffs seek a

18   declaration regarding the preexisting contractual rights and duties in relation to the

19   DOT between Plaintiffs and Chase Bank, and as such, no prospective relief is sought

20   to resolve future wrongs. *See, Cardellini v. Casey*, 181 Cal.App.3d at 396; *see also*,

21   RJN, Exhibits 1-5.  Thus, Plaintiffs are improperly using the declaratory procedure

22   when they are not seeking to define *future* rights of the parties. *See, Cardellini.*

23       Accordingly, the declaratory relief action is unnecessary and improper because

24   Plaintiffs seek an adjudication of a cause of action for past wrongs, rather than to

25   define the future conduct of the parties. *See, Cardellini.*

26

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**B.** **Even Assuming A Present Controversy Existed, Other Relief Is Available To Plaintiffs Thereby Justifying The Denial Of The Declaratory Relief Claim**

Even assuming *arguendo* that a relationship between the parties existed that justifies a declaration of future rights, which Defendants do not concede, Plaintiffs' declaratory judgment claim is unnecessary because other forms of relief are available to Plaintiff.

The availability of another form of relief for a plaintiff will usually justify the refusal to grant declaratory relief. *See, General of America Ins. Co. v. Lilly,* 258 Cal.App.2d 465, 471 (1968). A declaratory relief action will not lie to determine issues raised in other causes of action before the court. *California Insurance Guarantee Assoc. v. Superior Court,* 231 Cal.App.3d 1617, 1623-1624; Cal. Prac. Guide: Civ. Proc. Before Trial, 6:193 (The Rutter Group, 2005). "The object of the statute is to afford a new form of relief where needed and not to furnish a litigant with a second cause of action for the determination of identical issues." *General of America Ins. Co.,* 258 Cal.App.2d at 470. The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. *Id.* at 471. Thus, if the factual and legal underpinnings of the declaratory relief action involve the same issues as the main causes of action, the issues can be decided for all purposes in other causes of action before the court. *See id* at 470-471.

It is clear from the FAC that the determination of issues which Plaintiffs seek in the claim for declaratory relief does nothing to afford Plaintiffs a new form of relief. In determining whether declaratory relief is necessary and proper, the character of a declaratory relief action must be determined from an examination of the facts pleaded, rather than from the title or prayer for relief. *See, Travers v. Louden*, 254 Cal.App.3d 926, 930-932 (1967). Plaintiffs essentially seek a judicial determination as to the "security interest in the real property." *See*, FAC, ¶ 122. Thus, Plaintiffs' declaratory relief claim is merely duplicative of the claims for fraud, forgery, violation of TILA,

1    rescission, and unfair business practice under Bus. & Prof. Code §17200.  Thus, the
2    declaratory relief claim does nothing to afford Plaintiffs a new form of relief, and is
3    merely a disingenuous attempt by Plaintiffs to determine the same issues raised under
4    the remaining claims in the FAC.
5            Accordingly, Plaintiffs' declaratory relief claim must be dismissed without
6    leave to amend.

7    **XI.    PLAINTIFFS FAIL TO STATE THE TENTH CLAIM FOR**
8            **"PRELIMINARY INJUNCTION"**

9            An injunction can be issued only if Plaintiff demonstrates: 1) likelihood of
10   success on the merits; 2) a substantial threat that Plaintiff will suffer irreparable injury
11   if the injunction is denied; 3) the threatened injury outweighs any damage the
12   injunction might cause to defendant; and 4) the injunction will not disserve the public
13   interest. *Production Co. v. Village of Gambell*, 480 US 531, 542 (1987); *Owner-*
14   *Operator Independent Drivers Association, Inc. v. Swift Transportation Co, Inc.*, 367
15   F.3d 1108, 1111 (9th Cir. 2004).

16           Plaintiffs fail to show that Defendants are liable under any of the claims
17   asserted in the FAC.  Thus, it is not likely that Plaintiffs will prevail on the merits at
18   trial as the underlying claims on which the injunction is based are defective.  As the
19   requirements for an injunction cannot be met, an injunction cannot be issued.  As
20   such, the claim for preliminary injunction must be dismissed.

21
22
23   ///
24   ///
25   ///
26   ///
27   ///
28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

## XII.   <u>CONCLUSION</u>

For on the foregoing reasons, Defendants respectfully request that the Court grant their Motion to Dismiss without leave to amend as to all claims asserted against Defendants.

DATED:  August 3, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By:  /s/ S. Christopher Yoo
    JOHN M. SORICH
    S. CHRISTOPHER YOO
    TUYET T. TRAN
    Attorneys for Defendants
    CHASE BANK USA, N.A. and CHASE
    HOME FINANCE LLC

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1088269.2

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1

## PROOF OF SERVICE

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

*Paul Nguyen v. Chase Bank USA, N.A., et al.*

USDC Central Case No. CV09-4589 AHM (AJWx)

4

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

5

6

On August 3, 2009, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** on the interested parties in this action.

7

8

9

10

☒   by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

11

☒   **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

12

13

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

14

15

16

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

17

18

☐   **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

19

☐   **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

20

21

22

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

23

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

24

25

Executed on August 3, 2009, at Santa Ana, California.

26

Cynthia Rosas

27

28

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

PROOF OF SERVICE

1088381.1

1

## **SERVICE LIST**

2

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

3

4    Paul Nguyen                          (714) 360-7602-telephone
     16141 Quartz Street
5    Westminster, CA 92683               **Plaintiffs in Pro Per**

6
     Ed Beneville, Esq.                   (714) 891-1901-telephone
7    Lac Quon Nguyen & Associates         (714) 373-0250-facsimile
     9141 Bolsa Ave., #303
8    Westminster, CA 92683               **Attorney for Defendant, Paul Tuan
                                          Nguyen**

9

10

11

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1088381.1

PROOF OF SERVICE