O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

     This home foreclosure action was filed in this Court by Plaintiffs Paul Nguyen and Laura Nguyen, appearing *pro se*, against Chase Bank USA, N.A. ("Chase Bank"), Chase Home Finance, LLC ("Chase Home"), First American Loanstar Trustee Services, Fidelity National Title Co., and fifty Does. On June 29, 2009, Plaintiffs filed an *ex parte* application for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. The Court denied the application on June 30, 2009, due to improper service and in light of the fact that the foreclosure sale was not scheduled to occur until July 12, 2009. On July 8, 2009, the Court issued a TRO enjoining defendant Chase Bank, the only defendant who was properly served, from foreclosing on Plaintiffs' home. The July 8, 2009 Order set a hearing on the preliminary injunction for July 30, 2009 and required opposition briefs by July 17, 2009. On July 14, 2009, the Court recalendared the hearing for August 3, 2009.

     The *ex parte* application for a TRO was based on the allegations that (1) Defendants forged the signature of Laura Nguyen on the Deed of Trust; and (2) under the Truth in Lending Act ("TILA"), Plaintiffs had the right to rescind the mortgage. Paul Nguyen allegedly exercised that right by sending a rescission letter and offering to tender proceeds from the loan, but the Bank never responded. Plaintiffs assert several other claims, including claims for fraud and violations of Real Estate Settlement Procedures Act ("RESPA"), but these claims were not addressed in the *ex parte* application. On July 8, 2009, Plaintiffs filed a First Amended Complaint ("FAC") dropping Fidelity National Title Co. as a defendant, and adding defendants Sydney Funding and Realty, Inc., Sidney Tran, Nexus Escrow, Inc., John Nguyen, Joseph Son Cao Tran, Realty Savers, and Nguyen Paul Tuan.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

On July 24, 2009, Defendants Chase Bank and Chase Home filed a late opposition to the *ex parte* application. They stated that they did not know of the July 17, 2009 deadline until July 23, 2009, when they checked PACER. The opposition addresses all of the claims alleged in the FAC. On July 30, 2009, Plaintiffs filed a reply and a request that the Court strike the late opposition, which the Court declines to do.

After considering the parties' papers and conducting a hearing on August 3, 2009, I conclude that Plaintiffs have raised serious questions as to their TILA rescission claim, and that the balance of hardships tips sharply in their favor. I therefore GRANT their motion for a preliminary injunction precluding foreclosure of the home. However, as explained below, the duration of this preliminary injunction will depend on whether Plaintiffs can show that they are able to tender the proceeds of the mortgage.

## I. FACTUAL ALLEGATIONS

In December 2007, Plaintiffs obtained a loan for $250,000 from Chase Bank, using their home as security. Plaintiffs' application for a preliminary injunction is based on two allegations arising from this loan. First, they claim that Laura Nguyen's signature was forged on the Deed of Trust, thereby rendering the deed of trust void. Second, they allege that, assuming Laura Nguyen was one of the borrowers, Defendants failed to provide a "Notice of Right to Cancel" required by TILA, and in light of this omission Plaintiffs have made a valid offer to rescind the loan.

### A. Forgery

The Nguyens allege that Paul Nguyen obtained a mortgage from Chase Bank for $250,000, but that Defendants allegedly forged Laura Nguyen's signature on the deed of trust. The only evidence of this allegation is two versions of the Deed of Trust attached to Plaintiffs' Complaint (but not their FAC). In the first version, included as part of Exhibit A, the Deed of Trust states on the first page that the "'Borrower' is Paul Nguyen, and Laura Nguyen, Husband and Wife, as Joint Tenants." This version of the Deed of Trust is signed only by Paul Nguyen. Attached to the Deed is a signed, typed, statement from a Notary Public, Joseph Son Cao Tran, stating that

Paul Nguyen proved to me on the basis of satisfactory evidence to be the person(s)

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(~~ies~~), and that by his/~~her/their~~ signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

(The cross-outs were made by hand on the document.) In the second version of the Deed of Trust, included as part of Exhibit B, the Deed has a stamp that appears to indicate that it was recorded. Like the version in Exhibit A, the Deed states on the first page that the "'Borrower' is Paul Nguyen, and Laura Nguyen, Husband and Wife, as Joint Tenants." But unlike the Deed in Exhibit A, this version has a signature for *both* Paul and Laura Nguyen. In addition, the Notary Public's statement attached to this version says "Paul Nguyen *and Laura Nguyen* proved to me . . ." (emphasis added). "Laura Nguyen," unlike "Paul Nguyen," is in handwriting, but the gender-related cross-outs are the same as the version in Exhibit A.

These documents are the only evidence of forgery. Plaintiffs have not, for example, filed a sworn declaration by Laura Nguyen stating that she did not sign the recorded Deed of Trust.

**B.   Rescission**

Plaintiffs also allege that Defendants violated TILA by failing to provide Laura Nguyen with a "Notice of Right to Cancel." They contend that this omission extends the deadline by which Chase Bank must accept a valid offer to rescind the loan, to three years after the consummation of the loan. Thus, on April 6, 2009 Plaintiffs allegedly sent a letter of rescission via certified mail with return receipt to Defendants Chase Home (the loan servicer) c/o First American Loanstar Trustee Services; Chase Bank (the lender); and JPMorgan Chase Bank NA (the assignee beneficiary of the deed of trust) c/o Chase Home. Copies of each letter are attached to the Complaint and state, "Pursuant to the provisions of the Truth and Lending Act ("TILA"), 15 U.S.C. Section 1635, the above-captioned homeowner hereby rescinds the above-referenced loan, due to violations of TILA, including but not limited to the unlawful failure to give timely and proper notices required under TILA." Compl. Exh. C. The letters are signed by Paul Nguyen, and Plaintiffs attached return receipts for each copy.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

On April 13, 2009, Paul and Laura Nguyen allegedly sent a more detailed letter to Chase Bank, stating that they were rescinding the loan based on the lender's failure to provide a "Notice of Right to Cancel" to Laura Nguyen. The letter, attached to the Complaint, also stated, "[W]e cancel the refinance loan under the provisions of the Truth in Lending Act and present a tender offer of $250,000.00 to Chase Bank USA N.A., as the current holder of her mortgage loan; conditioned upon Chase Bank returning money that has been given to anyone in connection with the transaction and payment made since inception of this loan. Such return of refund is calculated to be $57,135.66." Compl. Exh. D. Unlike the earlier letters, there is no return receipt attached to this exhibit.

On April 22, 2009, Chase Home (the loan servicer) sent a letter to the Nguyens stating that "No evidence has been given for your request to rescind. As such, your request to rescind this loan is denied." It is not clear whether Chase Home was responding to the April 6 letter sent directly to it or the April 13 letter sent to Chase Bank. Plaintiffs contend that Chase Bank's failure to accept their valid offer of rescission entitles them to enjoin a foreclosure sale.

As discussed below, the Court finds that Plaintiffs have failed to demonstrate a likelihood of success on their forgery-based claim. They have, however, shown a probability of success on their TILA rescission claim.

**II.   STANDARDS FOR ISSUING A PRELIMINARY INJUNCTION**

As stated by the Ninth Circuit in *Raich v. Gonzales*:

> "The standard for granting a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties." *Clear Channel Outdoor, Inc. v. City of L*.A., 340 F.3d 810, 813 (9th Cir. 2003). We have two different criteria for determining whether preliminary injunctive relief is warranted. "Under the traditional criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to [the] plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *See Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005) (internal quotations omitted). We also

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

use an alternative test whereby a court may grant the injunction if the plaintiff demonstrates either: (1) a combination of probable success on the merits and the possibility of irreparable injury, or (2) that serious questions are raised and the balance of hardships tips sharply in his favor.

The two alternative formulations "represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. They are not separate tests but rather outer reaches of a single continuum." *Baby Tam & Co. v. City of Las Vegas*, 154 F.3d 1097, 1100 (9th Cir. 1998).

500 F.3d 850, 857-58 (9th Cir. 2007). The Supreme Court has recently overruled these formulations in part, by holding that "the Ninth Circuit's 'possibility' standard [for irreparable injury] is too lenient. Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter v. Nat'l Res. Def. Council*, 129 S.Ct. 365, 375, 2008 WL 4862464, at *10 (Nov. 12, 2008) (emphasis in original). In light of this holding, this Court may grant a preliminary injunction only if the moving party shows that irreparable injury is likely in the absence of an injunction. Otherwise, the standards in *Raich, supra*, remain applicable.

## III. THE ALLEGED FORGERY

Plaintiffs contend that due to the alleged forgery, the Deed of Trust is void for lack of mutual consent. The Court finds that the different versions of the Deed of Trust and the notary public's affidavit that Plaintiffs attached to the Complaint are inadequate to establish a probability that Plaintiffs can establish that Laura Nguyen's signature is forged. Ms. Nguyen has not filed a sworn declaration stating that she did not sign the recorded Deed of Trust, or presented any other evidence of forgery.[1] Nor is there any evidence of a motive on behalf of any of the defendants to forge a signature. At the August 3, 2009 hearing, Paul Nguyen

---

[1] The FAC is captioned as a "First Verified Amended Complaint," and is signed by Paul and Laura Nguyen "under penalty of perjury." The FAC does not, however, include the exhibits attached to the Complaint. The Complaint was signed only by Paul Nguyen.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

stated that the failure to file Ms. Nguyen's declaration was an oversight. The Court will therefore allow Laura Nguyen to file a sworn declaration, by not later than August 10, 2009.

Even assuming that Plaintiffs have presented sufficient evidence of forgery, they have not articulated a clear legal basis for finding the Deed of Trust void. Of the California authorities relied upon by Plaintiffs, the most relevant is *Wutzke v. Bill Reid Painting Service, Inc.*, 151 Cal. App. 3d 36 (Ct. App. 1984). In that case the plaintiff was a lender who held a security interest in property. The defendant borrowers signed fictitious names to a deed of reconveyance falsely representing that the plaintiff had made a written request that the property be reconveyed to them because the loan had been fully paid. The defendants then obtained another loan using the property as security. The court held that the deed of reconveyance was void because "[i]t has been uniformly established that a forged document is void *ab initio* and constitutes a nullity; as such it cannot provide the basis for a superior title as against the original grantor." *Id.* at 43. The court looked to the Penal Code for the elements of forgery: (1) intent to defraud; (2) making a false instrument by signing another's name without authority; (3) the instrument on its face be capable of defrauding someone who might act upon it as genuine or the person in whose name it is forged. *Id.* at 41.

The Nguyens have not established a claim under this theory because they do not make any particularized allegations of fraud or intent to defraud. The FAC does not allege, for example, that Paul Nguyen would not have signed the loan or recognized his obligations under it, if not for the forgery. Indeed, the Deed of Trust that Paul Nguyen signed states clearly on the first page that he *and* Laura Nguyen are borrowers as joint tenants. Moreover, the relevant allegations in the FAC claim that Defendants intended to prevent Paul *and* Laura Nguyen from rescinding the loan, suggesting that even Plaintiffs admit that they both intended to be borrowers. In any event, the allegations in the FAC are too vague and conclusory to establish Plaintiffs' theory of forgery. They do not state, for example, who perpetrated the fraud, or when it was perpetrated. They allege that the forgery was undertaken to prevent Plaintiffs from rescinding the loan, but do not explain why the forged signature of one spouse would have that effect. *See* FAC ¶¶ 66-67, 70, 74.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

In sum, Plaintiffs' allegations and limited evidence of forgery are not sufficient to show a likelihood of success on their forgery theory.

## IV.     TILA RESCISSION CLAIM

Plaintiffs' second basis for seeking a preliminary injunction assumes that Laura Nguyen's signature was not forged and that she actually was a party to the mortgage. Plaintiffs contend that Defendants violated TILA by failing to deliver a notice of the right to rescind to Laura Nguyen, that Plaintiffs consequently are entitled to wait up until three years after consummation of the mortgage to rescind the loan, and that they validly rescinded by sending a letter of rescission and an offer to tender all proceeds.

Plaintiffs' FAC asserts a claim for both damages and rescission under TILA. Chase Bank and Chase Home do not contend that the rescission claim is barred by the statute of limitations, and it is apparent from the relevant regulations that the rescission claim is not time-barred. Plaintiffs rely on 12 C.F.R. § 226.23, known as "Regulation Z," which tracks 16 U.S.C. § 1635. Regulation Z provides that "each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction . . . ."[2] 12 C.F.R. § 226.23(a)(1). "In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind," 12 C.F.R. § 226.23(b)(1). "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3). "Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to

---

[2] The regulation does not apply to a "residential mortgage transaction," which is defined in the statute as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). The Chase defendants do not allege that this exception applies, presumably because the $250,000 loan was not used to finance the acquisition or construction of the home.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest."  12 C.F.R. § 226.23(d)(2).  "If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, the consumer shall tender the money or property to the creditor or, where the latter would be impracticable or inequitable, tender its reasonable value."  12 C.F.R. § 226.23(d)(3).  "If the creditor does not take possession of the money or property within 20 calendar days after the consumer's tender, the consumer may keep it without further obligation."  12 C.F.R. § 226.23(d)(3).  "When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge."  12 C.F.R. § 226.23(d)(1).

The Chase defendants discuss these regulations only in the context of a distinguishable case, *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003).  There, the issue was whether borrowers seeking to rescind a loan could be required to show their ability to satisfy the tender requirement before the district court decided whether there was a TILA violation.  The borrowers testified that they could not fulfill TILA's tender requirement, and the district court gave them sixty days to attempt to do so.  The borrowers were still unable to make a tender, and the district court then granted summary judgment in favor of the lender.  The Ninth Circuit upheld the decision, holding that district courts have discretion to decide when borrowers must make a showing that they can meet the tender requirement.  The Ninth Circuit also noted in *dicta* that a borrower's notice of rescission does not automatically make the rescission effective.  Rather, if the lender presents evidence sufficient to create a triable issue of fact about compliance with TILA's disclosure requirements, the security interest becomes void only when the right to rescind is determined by the court in the borrower's favor.  *Id.* at 1172.

The Chase defendants rely on *Yamamoto* to argue that because they contest Plaintiffs' right to rescission the loan transaction is not void until the Court determines that a TILA violation occurred.  They also contend that the transaction cannot be voided until Plaintiffs prove that they have the capacity to pay back what they received in the original mortgage transaction.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

The Court finds that Plaintiffs' written offer to tender the proceeds of the loan is sufficient to support the imposition of a preliminary injunction. However, it would be inequitable and risk creating an unwise precedent to enjoin foreclosure indefinitely without further evidence that Plaintiffs can actually tender the outstanding amount of the loan. Moreover, to do so would make it likely that the Court could expend valuable resources and time adjudicating the merits of Plaintiffs' rescission claim, only to find that Plaintiffs are unable to meet their statutory obligations. Plaintiffs must therefore show in writing, by not later than August 24, 2009, that they can tender the proceeds of the loan. Defendants may file a response to this showing on or before September 2, 2009, and Plaintiffs may file a reply by September 9, 2009. If Plaintiffs fail to make the requisite showing, the preliminary injunction will expire.[3]

## V.   LIKELIHOOD OF IRREPARABLE INJURY

It is obvious that Plaintiffs will be irreparably injured if they lose their home in a foreclosure sale. In the absence of any other unusual facts, it is also apparent that the balance of hardships tips sharply in their favor.

Defendants note that the loan has been in default since March 2009, and at that time the amount in arrears was $14,372.75. They also estimate that it will cost $25,000 in legal fees to defend against Plaintiffs' claims, and that if the preliminary injunction issues Plaintiffs will be able to live in the home without making mortgage or rent payments. Plaintiffs respond that the loan was for $250,000, but the home has been appraised at $550,000. If so, the Chase defendants would apparently have no basis to assert that they would be irreparably injured. Since Plaintiffs are claiming that there is such an appraisal, in order to qualify for the preliminary injunction they must file a copy of the appraisal, authenticated under penalty of perjury, by August 10, 2009.

## VI.   BOND

---

[3] In addition, the Court conditions the preliminary injunction on Plaintiffs filing a copy of the appraisal. See next section.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | August 3, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

      The Chase defendants argue that Plaintiffs should be required to post a bond to cover legal fees and rent for 6 months at $1,250, totaling $32,500. Again, assuming the home is worth more than $500,000 a bond is unnecessary.

## VII.  CONCLUSION

      Because Plaintiffs have raised a serious question as to their TILA rescission claim, there is a likelihood of irreparable injury in the absence of an injunction, and the balance of hardships tips sharply in their favor, the Court enjoins Chase Bank and Chase Home directly or indirectly from proceeding with the foreclosure and sale of the residence located at 16141 Quartz Street Westminster, California. As discussed above, this preliminary injunction is conditioned upon Plaintiffs filing an authenticated appraisal by August 10, 2009, and presenting evidence that they are capable of tendering the proceeds of the loan. Plaintiffs must show in writing, by not later than August 24, 2009, that they can tender the proceeds. Defendants may file a response to this showing on or before September 2, 2009, and Plaintiffs may file a reply by September 9, 2009. If Plaintiffs fail to make the requisite showing, the preliminary injunction will expire. Plaintiffs may also file a declaration by Laura Nguyen regarding the alleged forgery.

|  | : |
|---|---|
| Initials of Preparer | se |