1  **LEE & KAUFMAN, LLP**
   Martin J. Kaufman, Esq. (SBN 155672)
2  Matthew A. Slater, Esq. (SBN 259986)
   U.S. Bank Tower
3  633 W. Fifth Street, 51ˢᵗ Floor
   Los Angeles, CA 90071
4  Tel: (213) 239-9400
   Fax: (213) 239-9409
5
   Attorneys for Defendants
6  JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, INC.,
   and NEXUS ESCROW, INC.
7

8                  **UNITED STATES DISTRICT COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10

11 PAUL NGUYEN, an individual; and )   Case No. CV09-4589 AHM (AJWx)
12 LAURA NGUYEN, an individual,    )
                                   )
13              Plaintiffs,        )   **ANSWER OF DEFENDANTS JOHN
                                   )   NGUYEN, SIDNEY TRAN, SYDNEY
14                                 )   FUNDING AND REALTY, INC., AND
                                   )   NEXUS ESCROW, INC. TO
15       vs.                       )   PLAINTIFFS PAUL NGUYEN AND
                                   )   LAURA NGUYEN'S FIRST VERIFIED
16 Chase Bank USA, N.A.; Chase     )   AMENDED COMPLAINT
   Home Finance, LLC; First American )
17 Loanstar Trustee Services; Sydney )
   Funding and Realty, Inc.; Sidney )
18 Tran, an individual; Nexus Escrow, )
   Inc.; John Nguyen, an individual; )
19 Joseph Son Cao Tran, an individual; )   Action Filed:   July 8, 2009
   Realty Savers, Inc.; Nguyen Paul  )   Trial Date:     None Set
20 Tran, an individual; and DOES 1   )
   through 50, inclusive,           )
21                                 )
                Defendants        )
22 _____ )

23

24

25        Come now Defendants JOHN NGUYEN (hereinafter "NGUYEN"),

26 SIDNEY TRAN (hereinafter "TRAN"), SYDNEY FUNDING AND REALTY,

27 INC. (hereinafter "SYDNEY"), and NEXUS ESCROW, INC. (hereinafter

28 "NEXUS") (hereinafter collectively "Defendants"), severing themselves from all

                                   -1-

1   other defendants and third-party defendants, and answering for themselves alone,

2   answer the complaint of PAUL NGUYEN and LAURA NGUYEN (hereinafter

3   "Plaintiffs") as follows:

4           1.      Defendants deny the allegations in paragraph 1 of Plaintiffs'

5   complaint.

6           2.      The allegations in paragraph 2 of Plaintiffs' complaint call for a

7   legal conclusion, and on that basis Defendants can neither admit or deny said

8   allegations.

9           3.      The allegations in paragraph 3 of Plaintiffs' complaint call for a

10  legal conclusion, and on that basis Defendants can neither admit or deny said

11  allegations.

12          4.      The allegations in paragraph 4 of Plaintiffs' complaint call for a

13  legal conclusion, and on that basis Defendants can neither admit or deny said

14  allegations.

15          5.      The allegations in paragraph 5 of Plaintiffs' complaint call for a

16  legal conclusion, and on that basis Defendants can neither admit or deny said

17  allegations.

18          6.      The allegations in paragraph 6 of Plaintiffs' complaint call for a

19  legal conclusion, and on that basis Defendants can neither admit or deny said

20  allegations.

21          7.      The allegations in paragraph 7 of Plaintiffs' complaint call for a

22  legal conclusion, and on that basis Defendants can neither admit or deny said

23  allegations.

24          8.      Defendants admit the allegations in paragraph 8 of Plaintiffs'

25  complaint.

26          9.      Defendants lack sufficient information to admit or deny the

27  allegation in paragraph 9 of Plaintiffs' complaint that Defendant Chase Bank USA,

28  N.A. ("Chase") "is a national banking institution whose exact business form is

-2-

1   unknown and at all times herein mentioned was conducting business in California,"
2   and on that basis deny said allegation. Defendants admit the allegation that Chase is
3   the owner of Plaintiffs' Mortgage Loan.

4             10.   Defendants lack sufficient information to admit or deny the
5   allegations in paragraph 10 of Plaintiffs' complaint, and on that basis deny said
6   allegations.

7             11.   Defendants lack sufficient information to admit or deny the
8   allegations in paragraph 11 of Plaintiffs' complaint, and on that basis deny said
9   allegations.

10             12.   Defendants admit the allegations in paragraph 12 of Plaintiffs'
11   complaint.

12             13.   Defendants admit the allegations in paragraph 13 of Plaintiffs'
13   complaint.

14             14.   The allegation in paragraph 14 of Plaintiffs' complaint that
15   TRAN was the "alter ego" of Sydney Funding calls for a legal conclusion, and on
16   that basis Defendants can neither admit or deny said allegation. Defendants admit
17   all other allegations in paragraph 14 of Plaintiffs' complaint.

18             15.   Defendants deny the allegation in paragraph 15 of Plaintiffs'
19   complaint that NEXUS is a "wholly owned subsidiary" of SYDNEY. The allegation
20   that NEXUS is the "alter ego" of SYDNEY calls for a legal conclusion, and on that
21   basis Defendants can neither admit nor deny said allegation. Defendants admit all
22   other allegations in paragraph 15 of Plaintiffs' complaint.

23             16.   Defendants admit the allegation in paragraph 16 of Plaintiffs'
24   complaint to the extent that NGUYEN is a licensed escrow agent, but deny that the
25   license was issued by the California Department of Real Estate. The allegation that
26   NGUYEN was the "alter ego" of SYDNEY calls for a legal conclusion, and on that
27   basis Defendants can neither admit or deny said allegation. Defendants admit the
28   other allegations in paragraph 16 of Plaintiffs' complaint.

-3-

1        17.     Defendants admit the allegations in paragraph 17 of Plaintiffs'
2    complaint.
3        18.     Defendants lack sufficient information to admit or deny the
4    allegations in paragraph 18 of Plaintiffs' complaint, and on that basis deny said
5    allegations.
6        19.     Defendants lack sufficient information to admit or deny the
7    allegations in paragraph 19 of Plaintiffs' complaint, and on that basis deny said
8    allegations.
9        20.     Defendants lack sufficient information to admit or deny the
10   allegations in paragraph 20 of Plaintiffs' complaint, and on that basis deny said
11   allegations.
12       21.     Defendants lack sufficient information to admit or deny the
13   allegations in paragraph 21 of Plaintiffs' complaint, and on that basis deny said
14   allegations.
15       22.     Defendants lack sufficient information to admit or deny the
16   allegations in paragraph 22 of Plaintiffs' complaint, and on that basis deny said
17   allegations.
18       23.     Defendants lack sufficient information to admit or deny the
19   allegations in paragraph 23 of Plaintiffs' complaint, and on that basis deny said
20   allegations.
21       24.     Defendants lack sufficient information to admit or deny the
22   allegations in paragraph 24 of Plaintiffs' complaint, and on that basis deny said
23   allegations.
24       25.     Defendants deny the allegations in paragraph 25 of Plaintiffs'
25   complaint.
26       26.     Defendants lack sufficient information to admit or deny the
27   allegations in paragraph 26 of Plaintiffs' complaint, and on that basis deny said
28   allegations.

27.   Defendants lack sufficient information to admit or deny the allegations in paragraph 27 of Plaintiffs' complaint, and on that basis deny said allegations.

28.   Defendants lack sufficient information to admit or deny the allegations in paragraph 28 of Plaintiffs' complaint, and on that basis deny said allegations.

29.   Defendants lack sufficient information to admit or deny the allegations in paragraph 29 of Plaintiffs' complaint, and on that basis deny said allegations.

30.   Defendants lack sufficient information to admit or deny the allegations in paragraph 30 of Plaintiffs' complaint, and on that basis deny said allegations.

31.   Defendants deny the allegations in paragraph 31 of Plaintiffs' complaint.

32.   Defendants admit the allegations in paragraph 32 of Plaintiffs' complaint.

33.   Defendants admit the allegations in paragraph 33 of Plaintiffs' complaint.

34.   Defendants admit the allegations in paragraph 34 of Plaintiffs' complaint to the extent that Plaintiff Paul Nguyen executed a promissory note and security agreement, but lack sufficient information to admit or deny that the transaction was a "consumer credit transaction with in the meaning of TILA, 15 U.S.C. §1602 and Regulation Z §226.2.6" as it calls for a legal conclusion.

35.   Defendants deny the allegations in paragraph 35 of Plaintiffs' complaint.

36.   Defendants deny the allegations in paragraph 36 of Plaintiffs' complaint.

37.   Defendants deny the allegations in paragraph 37 of Plaintiffs'

-5-

1    complaint.

2            38.    Defendants deny the allegations in paragraph 38 of Plaintiffs'
3    complaint.

4            39.    Defendants deny the allegations in paragraph 39 of Plaintiffs'
5    complaint.

6            40.    Defendants lack sufficient information to admit or deny the
7    allegations in paragraph 40 of Plaintiffs' complaint, and on that basis deny said
8    allegations.

9            41.    Defendants lack sufficient information to admit or deny the
10   allegations in paragraph 41 of Plaintiffs' complaint, and on that basis deny said
11   allegations.

12           42.    Defendants deny the allegations in paragraph 42 of Plaintiffs'
13   complaint.

14           43.    The allegations in paragraph 43 of Plaintiffs' complaint call for a
15   legal conclusion, and on that basis Defendants can neither admit or deny said
16   allegations.

17           44.    Defendants admit the allegations in paragraph 44 of Plaintiffs'
18   complaint.

19           45.    Defendants deny the allegations in paragraph 45 of Plaintiffs'
20   complaint.

21           46.    Defendants deny the allegations in paragraph 46 of Plaintiffs'
22   complaint.

23           47.    Defendants deny the allegations in paragraph 47 of Plaintiffs'
24   complaint.

25           48.    Defendants deny the allegations in paragraph 48 of Plaintiffs'
26   complaint.

27           49.    Defendants deny the allegations in paragraph 49 of Plaintiffs'
28

-6-

1   complaint.

2          50.    Defendants deny the allegations in paragraph 50 of Plaintiffs'
3   complaint.

4          51.    The allegations in paragraph 51 of Plaintiffs' complaint call for a
5   legal conclusion, and on that basis Defendants can neither admit nor deny said
6   allegations.

7          52.    The allegations in paragraph 52 of Plaintiffs' complaint call for a
8   legal conclusion, and on that basis Defendants can neither admit nor deny said
9   allegations.

10         53.    Defendants deny the allegations in paragraph 53 of Plaintiffs'
11  complaint.

12         54.    Defendants deny the allegations in paragraph 54 of Plaintiffs'
13  complaint.

14         55.    Defendants deny the allegations in paragraph 55 of Plaintiffs'
15  complaint.

16         56.    Defendants deny the allegations in paragraph 56 of Plaintiffs'
17  complaint.

18         57.    Defendants deny the allegations in paragraph 57 of Plaintiffs'
19  complaint.

20         58.    Defendants incorporate their responses to paragraphs 1 through
21  57 of Plaintiffs' complaint herein by reference.

22         59.    Defendants deny the allegations in paragraph 59 of Plaintiffs'
23  complaint.

24         60.    Defendants admit the allegations in paragraph 60 of Plaintiffs'
25  complaint to the extent that Plaintiffs agreed to enter into the Mortgage Loan with
26  Chase as the lender, but deny that there were any false, fraudulent and/or deceitful
27  representations made to Plaintiffs.

28

**ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW**

1            61.    Defendants deny the allegations in paragraph 61 of Plaintiffs'

2 complaint.

3            62.    Defendants deny the allegations in paragraph 62 of Plaintiffs'

4 complaint.

5            63.    Defendants deny the allegations in paragraph 63 of Plaintiffs'

6 complaint.

7            64.    Defendants incorporate their responses to paragraphs 1 through

8 63 of Plaintiffs' complaint herein by reference.

9            65.    Defendants deny the allegations in paragraph 65 of Plaintiffs'

10 complaint.

11            66.    Defendants deny the allegations in paragraph 66 of Plaintiffs'

12 complaint.

13            67.    Defendants deny the allegations in paragraph 67 of Plaintiffs'

14 complaint.

15            68.    Defendants deny the allegations in paragraph 68 of Plaintiffs'

16 complaint.

17            69.    Defendants deny the allegations in paragraph 69 of Plaintiffs'

18 complaint.

19            70.    Defendants deny the allegations in paragraph 70 of Plaintiffs'

20 complaint.

21            71.    Defendants deny the allegations in paragraph 71 of Plaintiffs'

22 complaint.

23            72.    Defendants deny the allegations in paragraph 72 of Plaintiffs'

24 complaint.

25            73.    Defendants incorporate their responses to paragraphs 1 through

26 72 of Plaintiffs' complaint herein by reference.

27            74.    Defendants deny the allegations in paragraph 74 of Plaintiffs'

28

1  complaint.

2      75.    Defendants deny the allegations in paragraph 75 of Plaintiffs'
3  complaint.

4      76.    Defendants deny the allegations in paragraph 76 of Plaintiffs'
5  complaint.

6      77.    Defendants incorporate their responses to paragraphs 1 through
7  76 of Plaintiffs' complaint herein by reference.

8      78.    The allegations in paragraph 78 of Plaintiffs' complaint call for a
9  legal conclusion, and on that basis Defendants can neither admit nor deny said
10  allegations.

11      79.    Defendants can neither admit nor deny the allegation in
12  paragraph 79 of Plaintiffs' complaint that the mortgage loan was subject to the
13  Truth-in-Lending Act and Regulation Z because it calls for a legal conclusion.
14  Defendants admit the allegation that Chase and its agents were required to deliver
15  the Good Faith Estimate and Notice of Right to Cancel to Plaintiffs. Defendants
16  deny the allegation that Chase and its agents failed to deliver the required
17  disclosures and Notice of Right to Cancel to Plaintiff Laura Nguyen.

18      80.    Defendants deny the allegations in paragraph 80 of Plaintiffs'
19  complaint.

20      81.    Defendants lack sufficient information to admit or deny the
21  allegations in paragraph 81 of Plaintiffs' complaint, and on that basis deny said
22  allegations.

23      82.    Defendants lack sufficient information to admit or deny the
24  allegations in paragraph 82 of Plaintiffs' complaint, and on that basis deny said
25  allegations.

26      83.    Defendants lack sufficient information to admit or deny the
27  allegations in paragraph 83 of Plaintiffs' complaint, and on that basis deny said

28

-9-

**ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW**

1 | allegations.

2 |         84.    Defendants incorporate their responses to paragraphs 1 through

3 | 83 of Plaintiffs' complaint herein by reference.

4 |         85.    The allegations in paragraph 85 of Plaintiffs' complaint call for a

5 | legal conclusion, and on that basis Defendants can neither admit nor deny said

6 | allegations.

7 |         86.    The allegations in paragraph 86 of Plaintiffs' complaint call for a

8 | legal conclusion, and on that basis Defendants can neither admit nor deny said

9 | allegations.

10 |         87.    Defendants deny the allegations in paragraph 87 of Plaintiffs'

11 | complaint.

12 |         88.    Defendants deny the allegations in paragraph 88 of Plaintiffs'

13 | complaint.

14 |         89.    Defendants deny the allegations in paragraph 89 of Plaintiffs'

15 | complaint.

16 |         90.    Defendants deny the allegations in paragraph 90 of Plaintiffs'

17 | complaint.

18 |         91.    Defendants deny the allegations in paragraph 91 of Plaintiffs'

19 | complaint.

20 |         92.    Defendants incorporate their responses to paragraphs 1 through

21 | 91 of Plaintiffs' complaint herein by reference.

22 |         93.    The allegations in paragraph 93 of Plaintiffs' complaint call for a

23 | legal conclusion, and on that basis Defendants can neither admit nor deny said

24 | allegations.

25 |         94.    The allegations in paragraph 94 of Plaintiffs' complaint call for a

26 | legal conclusion, and on that basis Defendants can neither admit nor deny said

27 | allegations.

-10-

28 | 

**ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW**

1    95.    The allegations in paragraph 95 of Plaintiffs' complaint call for a
2    legal conclusion, and on that basis Defendants can neither admit nor deny said
3    allegations.
4    96.    Defendants deny the allegations in paragraph 96 of Plaintiffs'
5    complaint.
6    97.    Defendants incorporate their responses to paragraphs 1 through
7    96 of Plaintiffs' complaint herein by reference.
8    98.    The allegations in paragraph 98 of Plaintiffs' complaint call for a
9    legal conclusion, and on that basis Defendants can neither admit nor deny said
10   allegations.
11   99.    Defendants deny the allegations in paragraph 99 of Plaintiffs'
12   complaint.
13   100.   Defendants incorporate their responses to paragraphs 1 through
14   99 of Plaintiffs' complaint herein by reference.
15   101.   The allegations in paragraph 101 of Plaintiffs' complaint call for
16   a legal conclusion, and on that basis Defendants can neither admit nor deny said
17   allegations.
18   102.   Defendants deny the allegations in paragraph 102 of Plaintiffs'
19   complaint.
20   103.   Defendants deny the allegations in paragraph 103 of Plaintiffs'
21   complaint.
22   104.   Defendants deny the allegations in paragraph 104 of Plaintiffs'
23   complaint.
24   105.   Defendants deny the allegations in paragraph 105 of Plaintiffs'
25   complaint.
26   106.   Defendants deny the allegations in paragraph 106 of Plaintiffs'
27   complaint to the extent that there were no "unfair, fraudulent and deceptive acts and

-11-

ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW
28

1 | omissions." Defendants can neither admit nor deny the remaining allegations as
2 | they call for a legal conclusion.

3 |     107.   Defendants deny the allegations in paragraph 107 of Plaintiffs'
4 | complaint.

5 |     108.   Defendants deny the allegations in paragraph 108 of Plaintiffs'
6 | complaint to the extent that there were no "unfair, fraudulent and deceptive, and
7 | unlawful business practices." Defendants can neither admit nor deny the remaining
8 | allegations as they call for a legal conclusion.

9 |     109.   Defendants deny the allegations in paragraph 109 of Plaintiffs'
10 | complaint.

11 |     110.   Defendants deny the allegations in paragraph 110 of Plaintiffs'
12 | complaint to the extent that there were no "wrongful actions and conduct."
13 | Defendants can neither admit nor deny the remaining allegations as they call for a
14 | legal conclusion.

15 |     111.   The allegations in paragraph 111 of Plaintiffs' complaint call for
16 | a legal conclusion, and on that basis Defendants can neither admit nor deny said
17 | allegations.

18 |     112.   Defendants deny the allegations in paragraph 112 of Plaintiffs'
19 | complaint.

20 |     113.   Defendants deny the allegations in paragraph 113 of Plaintiffs'
21 | complaint.

22 |     114.   Defendants deny the allegations in paragraph 114 of Plaintiffs'
23 | complaint.

24 |     115.   Defendants incorporate their responses to paragraphs 1 through
25 | 114 of Plaintiffs' complaint herein by reference.

26 |     116.   Defendants deny the allegations in paragraph 116 of Plaintiffs'
27 | complaint.

28 |

-12-

ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW

1    117.   The allegations in paragraph 117 of Plaintiffs' complaint call for
2    a legal conclusion, and on that basis Defendants can neither admit nor deny said
3    allegations.

4    118.   The allegations in paragraph 118 of Plaintiffs' complaint call for
5    a legal conclusion, and on that basis Defendants can neither admit nor deny said
6    allegations.

7    119.   Defendants lack sufficient information to admit or deny the
8    allegations in paragraph 119 of Plaintiffs' complaint, and on that basis deny said
9    allegations.

10   120.   Defendants lack sufficient information to admit or deny the
11   allegations in paragraph 120 of Plaintiffs' complaint, and on that basis deny said
12   allegations.

13   121.   Defendants lack sufficient information to admit or deny the
14   allegations in paragraph 121 of Plaintiffs' complaint, and on that basis deny said
15   allegations.

16   122.   Defendants lack sufficient information to admit or deny the
17   allegations in paragraph 122 of Plaintiffs' complaint, and on that basis deny said
18   allegations.

19   123.   The allegations in paragraph 123 of Plaintiffs' complaint call for
20   a legal conclusion, and on that basis Defendants can neither admit nor deny said
21   allegations.

22   124.   Defendants deny the allegations in paragraph 124 of Plaintiffs'
23   complaint.

24   125.   Defendants deny the allegations in paragraph 125 of Plaintiffs'
25   complaint.

26   126.   The allegations in paragraph 126 of Plaintiffs' complaint call for
27   a legal conclusion, and on that basis Defendants can neither admit nor deny said

28

-13-

1  allegations.

2      127.   Defendants deny the allegations in paragraph 127 of Plaintiffs'

3  complaint.

4      128.   Defendants deny the allegations in paragraph 128 of Plaintiffs'

5  complaint.

6      129.   Defendants incorporate their responses to paragraphs 1 through

7  128 of Plaintiffs' complaint herein by reference.

8      130.   Defendants deny the allegations in paragraph 130 of Plaintiffs'

9  complaint.

10  **SEPARATE AND AFFIRMATIVE DEFENSES**

11      By way of separate and affirmative defenses to Plaintiffs' complaint,

12  Defendants hereby assert and allege the following affirmative defenses:

13  **FIRST AFFIRMATIVE DEFENSE**

14      131.   The complaint fails to state a claim upon which relief can be

15  granted.

16  **SECOND AFFIRMATIVE DEFENSE**

17      132.   This court lacks subject matter jurisdiction.

18  **THIRD AFFIRMATIVE DEFENSE**

19      133.   The applicable statute of limitations has expired.

20  **FOURTH AFFIRMATIVE DEFENSE**

21      134.   The statute of frauds has not been complied with.

22  **FIFTH AFFIRMATIVE DEFENSE**

23      135.   Any remedy is barred by the doctrine of unclean hands.

24  **SIXTH AFFIRMATIVE DEFENSE**

25      136.   Any remedy is barred by the doctrine of estoppel.

26  **SEVENTH AFFIRMATIVE DEFENSE**

27      137.   Any remedy is barred by the doctrine of laches.

28

-14-

**EIGHTH AFFIRMATIVE DEFENSE**

138. Any remedy is barred by the doctrine of waiver.

**NINTH AFFIRMATIVE DEFENSE**

139. Recovery is barred by the sole negligence of the party seeking relief.

**TENTH AFFIRMATIVE DEFENSE**

140. Recovery is barred or reduced by comparative negligence.

**ELEVENTH AFFIRMATIVE DEFENSE**

141. Venue is improper.

**TWELFTH AFFIRMATIVE DEFENSE**

142. Recovery is barred by the parol evidence rule.

**THIRTEENTH AFFIRMATIVE DEFENSE**

143. The party seeking relief has caused a spoliation of evidence.

**FOURTEENTH AFFIRMATIVE DEFENSE**

144. There is an agreement to arbitrate.

**FIFTEENTH AFFIRMATIVE DEFENSE**

145. There has been a misjoinder of parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

146. There has been a failure to name indispensable parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

147. There has been a breach of the covenant of good faith and fair dealing.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

148. The party seeking relief has failed to perform.

**NINETEENTH AFFIRMATIVE DEFENSE**

149. The answering parties preserve all other defenses.

-15-

ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW

| | |
|---|---|
| 1 | WHEREFORE, Defendants pray for Judgment as follows: |
| 2 | i.     That nothing is taken by the party seeking relief; |
| 3 | ii.    That judgment be awarded in the answering parties' favor; |
| 4 | iii.   For the answering parties' reasonable attorney's fees; |
| 5 | iv.   For the answering parties' costs of suit incurred herein; and |
| 6 | v.    For such other and further relief as this Court may deem just and |
| 7 | proper. |

Dated: August 6, 2009                **LEE & KAUFMAN, LLP**


By: _____
Martin J. Kaufman, Esq.
Matthew A. Slater, Esq.
Attorneys for Defendants
John Nguyen, Sidney Tran, Sydney
Funding & Realty, Inc., and Nexus
Escrow, Inc.

-16-

**ANSWER OF JOHN NGUYEN, SIDNEY TRAN, SYDNEY FUNDING AND REALTY, AND NEXUS ESCROW**