FILED

2009 SEP 14 PM 1:59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ________

PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602
EMAIL: MNAPAUL1@GMAIL.COM

Plaintiffs in Pro Persona

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A. et.al.<br><br>Defendants. | **Case No. CV09-4589 AHM (AJWx)**<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS CHASE BANK USA, NA AND CHASE HOME LOAN LLC REPLY TO PLAINTIFFS' TENDER ABILITY PURSUANT TO COURT ORDER ON SEP. 3, 2009.**<br><br>JUDGE: HON. A. HOWARD MATZ<br><br>Action Filed: June 25, 2009 |

**1. PROOF OF TENDER ABILITY SHOULD NOT BE IMPOSED AS CONDITION OF PRELIMINARY INJUNCTION ON DEED OF TRUST THAT IS VOID ON ITS FACE BECAUSE VOID DEED CREATED NO LIEN UPON THE PROPERTY OF PLAINTIFFS.**

This Court's minute order dated August 3, 2009, stated that "These documents are the only evidence of forgery. Plaintiffs have not, for example, filed a sworn

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

declaration by Laura Nguyen stating that she did not sign the recorded Deed of Trust."

Plaintiffs have corrected the Court's error by submitting Plaintiff's Laura Nguyen declaration that she did not sign the recorded Deed of Trust previously filed as part of their Application for Temporary Restraining Order. It is obvious that this Court this not think that forgery of Deed of Trust render it void; therefore, designated trustee have power of sale in case of default.

California Civil Code section 1091 states: "An estate in real property . . . can be transferred only by operation of law, or by an instrument in writing, subscribed by the party disposing of the same, or by his agent thereunto authorized by writing." This provision is part of California's statute of frauds, which is based on the Statute of Frauds enacted in England in 1677, and which also applies to other important transactions such as contracts not to be performed within the lifetime of the promisor (Civ. Code, § 1624, subd. (a)(5)), agreements to lend amounts greater than $100,000 (Civ. Code, § 1624, subd. (a)(7)), creation of a suretyship (Civ. Code, § 2793), contracts for the sale of goods worth more than $500 (Cal. U. Com. Code, § 2201), and agreements to arbitrate a dispute (Code Civ. Proc., §§ 1281, 1281.2).

In Montgomery v. Bank of America (1948) 85 Cal.App.2d 559, the Court held that when the deed was altered without the grantor's consent before the deed was delivered to the grantee, the deed was void. *Id* at p 563.

The Montgomery court noted that "[a] void instrument such as a delivered or a forged deed does not convey anything and can't be made the foundation of a good title. *Id* at p 564.

Analogous situation is in this case. Plaintiff Laura Nguyen clearly stated that she did not sign the deed of trust as recorded and she would not have signed the deed of trust as a co-borrower because she did not obtain the loan. In addition to Plaintiff Laura Nguyen's declaration, expert document examiner conducted forensic document examination of the recorded deed of trust and concluded that Plaintiff

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

Laura Nguyen's purported handwriting and signature were not hers. The examiner further noted other inconsistencies within the recorded deed of trust, which indicated the recorded deed of trust was altered.[1]

Here, the VOID deed of trust purportedly conveys power of sale of the property to trustee; which is the subject of the preliminary injunction. Since VOID deed of trust does not convey anything, particularly Trustee's power of sale. This is what preliminary injunction seeks to prevent.

Furthermore, the Trustee in this case is Defendant First American Loanstar Trustee Services, NOT Defendants Chase and Chase Home. Presently, Defendant First American Loanstar Trustee Services is in default.[2] Since, only Defendant First American Loanstar Trustee Services, as the Trustee has power of sale and in default, sales of the subject property can not be conducted.

**2. BECAUSE DEED OF TRUST WAS FORGED WHICH RENDERED IT VOID, DEFENDANTS CHASE AND CHASE HOME CANNOT RELY ON IT TO MAKE LOAN. THEREFORE, TENDER ABILITY CAN NOT BE MADE AS CONDITION TO PRELIMINARY INJUNCTION.**

As previously pointed out in Plaintiffs' briefs, A forgery is a "writing which falsely purports to be the writing of another," and is executed with the intent to defraud. (Wutzke, 151 Cal.App.3d 36, 42, quoting Generes v. Justice Court (1980) 106 Cal.App.3d 678, 682.). The reconveyance in Wutzke was forged and was therefore void, and a subsequent purchaser for value could not rely on it.

A deed is a written instrument conveying or transferring the title to real property; it is an executed conveyance and operates as a present transfer of the real property. (3 Miller & Starr, Cal. Real Estate (3d ed. 2000) Deeds, § 8.1, p. 5 (Miller & Starr).) As a deed is "an executed contract, it is subject to the rules applicable to contracts."

---

[1] Expert Document Examiner, Bart Baggett, Official Letter of Opinion is attached as Exhibit A" to Plaintiffs' Expert Designation and Notice of Handwriting Expert's Opinion in Support of TRO and OSC Re Preliminary Injunction.

[2] *See* Docket No. 40, Filed 08/04/2009, DEFAULT BY CLERK, F.R.Civ.P. 55(a).

- 3 -

PLAINTIFFS' REPLY TO DEFENDANTS CHASE BANK USA, NA AND CHASE HOME LOAN LLC REPLY TO PLAINTIFFS' TENDER ABILITY PURSUANT TO COURT ORDER ON SEP. 3, 2009.

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

(Ibid.; see also Civ. Code, § 1040; Johnston v. City of Los Angeles (1917) 176 Cal. 479, 485-486 [deeds must be read like any other contracts].)

A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title. Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968]. The deed of trust in question in this action is an undelivered instrument by reason of its having been recorded contrary to the express instructions of plaintiffs. It is a forged instrument by reason of the forged signature of Plaintiff Laura Nguyen. Since the forged deed of trust does not convey anything, trustee does not have power of sale, therefore, the defaulted trustee First American Trustee Services can not auction Plaintiffs' property.

**3. PLAINTIFFS SEEK TO HAVE THE LOAN FORFEITED BECAUSE DEFENDANTS FAILED TO ACCEPT PLAINTIFFS' OFFER TO TENDER AS PART OF PLAINTIFFS' RESCISSION NOTICE. THEREFORE, TENDER IS AT ISSUE AND CAN NOT BE MADE AS CONDITION FOR PRELIMINARY INJUNCTION.**

15 U.S.C.A. § 1635(b) is clearly designed to restore the parties as much as possible to the status quo ante. However, Plaintiffs' express offer of restoration fell on deaf ears, thereby rendering applicable. Upon the creditor's failure to comply with section 1635(b), the plain directive of the statute: "If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."

The fact in this case is very similar to Sosa v. Fite (1974, 5th Cir) 498 F.2d 114. As the Court in Sosa noted: "First, included in Sosa's notice of rescission was an express offer to return the aluminum siding, an overture which elicited no response whatsoever from the creditors. Second, neither Fite nor Tropical, both of whom were statutory 'creditors,' ever performed their statutory obligations imposed by section 1635(b) since, for one, they utterly failed to take any steps to reflect termination of the security interest in Sosa's property. The significance of Sosa's proffered return

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

and the creditors' failure to comply with clear statutory directives is that Sosa did in fact attempt to make a tender, even though under a literal reading of the statute the creditors were unentitled to any tender at all by virtue of their failure to perform their express obligation of expurgating records of references to the invalidated security interest.

It is true that the statute contemplates an orderly progression of specific events, culminating in the debtor's tender and the creditor's recoupment, which never came to pass in this case. Specifically, section 1635(b) envisions responsive action on the creditor's part to a rescission notice, after which the debtor then becomes obligated to tender either the property or a sum reflecting its reasonable value. This precise statutory scheme was abhorted in this case due to the creditors' failure to comply with statutory requirements, hence Sosa's responsibility to make the specific statutory tender was excused by the creditors' omissions."

Here, Plaintiffs made offer to tender as part of its rescission, which felt on deaf ears. Thus, it would be impossible for Plaintiffs to effectuate an orderly rescission as envisioned in section 1635(b). The Sosa Court elaborated this point as followed:

> "To hold otherwise would create a gross anomaly, for no tender in the exact scheme envisioned by the statute could ever be effected by a debtor in the most egregious of circumstances, namely when a creditor steadfastly refuses to perform his express obligations upon receiving the notice of rescission. Congress scarcely could have contemplated such a disruptive commercial stand-off. We therefore conclude that under the circumstances of this case the debtor's obligation to restore the creditor to the status quo ante was discharged by an offer accompanying notice of rescission, since the creditor within ten days of notification failed to return all monies previously paid by the debtor or to reflect dissolution of the security interest."

- 5 -

**PLAINTIFFS' REPLY TO DEFENDANTS CHASE BANK USA, NA AND CHASE HOME LOAN LLC REPLY TO PLAINTIFFS' TENDER ABILITY PURSUANT TO COURT ORDER ON SEP. 3, 2009.**

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

**4. PLAINTIFFS' ABILITY TO TENDER CAN ALSO BE DEMONSTRATED IN VALUE OF ITS PROPERTY THROUGH REFINANCING OR SALE OF PROPERTY.**

The original loan was in the amount of $250,000. As of this date, the subject property is valued at $515,000[3]. Defendants clearly conceded that the tender amount is not $250,000.00 because the loan amount is reduced by interest, finance charges, and other money paid by Plaintiff[4].

According to Plaintiffs' calculation, the reduction amount is approximately $57,000.00. In addition, statutory civil penalty in the amount of $4,000.00 is also imposed as matter of law. Thus, the original loan amount would be reduced by approximately $60,000.00, or tender amount of about $190,000.00.

Unlike other borrower in subprime market, Plaintiffs' ability to tender is unquestionable because it can be accomplished through either refinancing or sale of the property if tender is determined.

**CONCLUSION**

In light of the foregoing facts and authorities, Plaintiffs pray this Court to maintain preliminary injunction upon defendants from selling the subject property pending its resolution.

DATED: September 12, 2009 Respectfully Submitted;

Paul Nguyen, Plaintiff

Laura Nguyen, Plaintiff

[3] *See* Docket No. 51, minute order dated August 14, 2009.
[4] *See* Defendants Chase and Chase Home brief, Docket No. 57, Pg. 2, line 6-11.

**PROOF OF SERVICE**

I am a citizen of the United States; I am over 18 years of age; my business address is 9353 Bolsa Ave, #L4, Westminster, California 92683. I am employed in the County of Orange where this mailing occurred.

On 09/14/2009 , I served the following document(s):

1. Plaintiffs' Reply To Defendants Chase Bank Usa, Na And Chase Home Loan Llc Reply To Plaintiffs' Tender Ability Pursuant To Court Order On Sep. 3, 2009.
2. Notice of Handwriting Expert's Opinion in Support of TRO & OSC Re Preliminary Injunction.
3. Plaintiffs' Expert Designation.

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to each of the parties herein and addressed as follows:

ADORNO YOSS ALVARADO & SMITH
Attention S. Christopher Yoo
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

XX **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated.. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

____ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____ **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered via Federal Express to the addressee(s) designated.

____ **BY FACSIMILE:** I caused said documents(s) to be transmitted to the telephone number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Westminster, California, on 09/14/2009

HIEN LAM