PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602
EMAIL: MNAPAUL1@GMAIL.COM

Plaintiffs in Pro Persona

FILED
2009 SEP 23  PM 1:40
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual et.al.<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A. et.al.<br><br>Defendants. | **Case No. CV09-4589 AHM (AJWx)**<br>Assigned to Hon. A. Howard Matz<br><br>**ADDITIONAL AUTHORITIES IN SUPPORT OF PRELIMINARY INJUNCTION.**<br><br>Action Filed: June 25, 2009 |

# TABLE OF CONTENT

**ADDITIONAL AUTHORITIES** ................................................................................. 4

**I.    SUMMARY OF DEFENDANTS' ARGUMENTS** ........................................ 4

**II.   AUTHORITIES SUPPORT THE PRESERVATIO OF STATUS QUO PREVENTING THE IRREPARABLE LOSS OF RIGHTS BEFORE JUDGMENT.** ............................................................................................. 4

**III.  ANALYSIS OF *YAMAMOTO*.** ......................................................................... 6

**CONCLUSION** ............................................................................................................ 7

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

# TABLE OF AUTHORITIES

**Cases**

12 C.F.R. § 22.615(a)(3) ........................................................................................ 6

*Big Country Foods, Inc. v. Board of Educ. Of Anchorage*, 868 F.2d 1085, 1087 (9th Cir. 1999) .................................................................................................... 5

*Deans v. Long Beach Mortgage Co.*, 2007 WL 772892, at *3 (W.D. Mich. March 12, 2007) ................................................................................................ 6

*Hallas v. Ameriquest Mortgage Co..* 406 F.Supp.2d 1176, 1183 (D.Or. 2005) ......... 6

*In re Figueroa*, 2006 WL 4549615 at *3 (Bkrtcy. S.D.Fla. Sept.21. 2006) ............... 5

*In re Stuart*, 367 B.R. 541, 552 (Bankr.E.D.Pa. 2007) ............................................ 7

*Ljepava v. M.S.S.C. Properties, Inc.*, 511 F.2d 935, 944 (9th Cir. 1975) .................. 4

*Marschner v. RJR Financial Services, Inc..* 382 F.Supp.2d 918, 921 (E.D.Mich 2005) ................................................................................................................. 6

*Mayfield v. Vanguard Sav. & Loan Ass'n*, 710 F.Supp. 143, 149 (E.D.Pa.1989) ...... 7

*Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974) .............................................. 6

*Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (1997) ........................................ 5

*Republic of Phillipines v. Marcos*, 818 F.2d 1107, 1112 (9th Cir. 1982) ................. 5

*Shepeard v. Quality Sliding & Window Factory, Inc.*, 730 F.Supp.1295 (D.Del. 1990) ................................................................................................................. 7

*State of Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir, 1988) ................................................................................................................. 5

*Textile Unlimited, Inc. v. A.BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) ................................................................................................................. 5

*Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003) ............................. 4

# ADDITIONAL AUTHORITIES

Upon further research, Plaintiffs discovered additional authorities supporting the Grant of preliminary injunction pending before this court. Therefore, Plaintiffs respectfully submit these authorities to assist the court with its opinions.

## I. SUMMARY OF DEFENDANTS' ARGUMENTS

Defendants' oppositions relied primarily on proposition that Plaintiffs are not entitled to rescission unless they can show that they are able to tender the proceeds of the loan to the lender. Because Plaintiffs have not made a showing that they will be able to tender the loan proceeds in a rescission, Defendants reason, Plaintiff have not shown a likelihood of success on the merits.

To support this argument, Defendants relied on be able to tender the loan proceeds in a rescission, Defendants reason, Plaintiff have not shown a likelihood of success on the merits.

To support this argument, Defendants relied on *Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003). Short brief of this case is as followed:

In that case, a district court granted a motion for summary judgment against a couple seeking rescission of the loan on their home. The court found that, upon rescission, the couple would be unable to tender the proceeds of the loan to the lender. On appeal, the Ninth Circuit found that it was within the district court's discretion to grant the motion for summary judgment. The Ninth Circuit recognized that "a trial judge ha[s] the discretion to condition rescission on tender by borrower of the property he had received from the lender." *Id.* At 1171 (quoting *Ljepava v. M.S.S.C. Properties, Inc.,* 511 F.2d 935, 944 (9th Cir. 1975).

## II. AUTHORITIES SUPPORT THE PRESERVATION OF STATUS QUO PREVENTING THE IRREPARABLE LOSS OF RIGHTS BEFORE JUDGMENT.

"A preliminary injunction is not a preliminary adjudication on the merits, but a device for preserving the status quo and preventing the irreparable loss of right before judgment." *Textile Unlimited, Inc. v. A.BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). "The purpose of a preliminary injunction is to preserve rights pending resolution of the merits of the case by the trial." *Big Country Foods, Inc. v. Board of Educ. Of Anchorage*, 868 F.2d 1085, 1087 (9th Cir. 1999). It is enough that there are "serious questions" regarding the loan documents' compliance with TILA. *See Id.* At 787 (where district court found irreparable harm would result if arbitration not stayed and that balance of hardship tipped decidedly in plaintiff's favor, plaintiff "needed only to show that serious questions were raised." *See also State of Alaska v. Native Village of Venetie*, 856 F.2d 1384, 1389 (9th Cir, 1988) ("The critical element in determining the test to be applied is the relative hardship to the parties. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tip less decidedly.").

The decision whether to enter a preliminary injunction is within the broad discretion of the District Court. *Rendish v. City of Tacoma*, 123 F.3d 1216, 1219 (1997). The reason for this broad discretion is to give the Court authority to accomplish the fundamental purpose of preliminary injunctions – "to preserve the court's power to render meaningful relief after a trial on the merits." *Republic of Phillipines v. Marcos*, 818 F.2d 1107, 1112 (9th Cir. 1982) ("Rescission is an old equitable remedy and the district court has power to issue a preliminary injunction to preserve the status quo in order to protect the possibility of the equitable remedy.")

A key aspect of the relief TILA affords homeowners is the right of rescission. *In re Figueroa*, 2006 WL 4549615 at *3 (Bkrtcy. S.D.Fla. Sept.21. 2006) ("TILA provides additional protections in loan transactions secured by the borrower's principal dwelling. The most important of these is the right to rescind the transaction

within a specified period of time.") That relief, however, can be lost – even if the plaintiff can prove the TILA violations that would form the basis for such relief.

One way a plaintiff can lose his or her rescission remedy is through the sale of his home – even where the sale is involuntary. *See, e.g., Deans v. Long Beach Mortgage Co.*, 2007 WL 772892, at *3 (W.D. Mich. March 12, 2007) (finding irreparable injury sufficient to justify TRO because "the right to rescind the loan under TILA expires upon the voluntary or involuntary transfer of the property. 12 C.F.R. § 22.615(a)(3). Therefore, if the Sheriff's sale were to proceed, Plaintiff would have no chance in pursuing rescission of the loan."); *Hallas v. Ameriquest Mortgage Co.*. 406 F.Supp.2d 1176, 1183 (D.Or. 2005) ("In this case, the foreclosure sale has terminated plaintiff's right of rescission."); *Marschner v. RJR Financial Services, Inc.*. 382 F.Supp.2d 918, 921 (E.D.Mich 2005) ("That the predatory feature of the mortgage and Defendant's conduct are clear violations of TILA and HOEPA is apparent on the face of the mortgage documents. Were the Court to find for the Plaintiff, However, it would be making bad law. Plaintiff is precluded from obtaining relief through rescission because the right to any such relief was cut-off by the sheriff's sale on May 23, 2003.")

## III. **ANALYSIS OF *YAMAMOTO*.**

*Yamamoto* emphasizes a district court's "equitable discretion to modify rescission procedures." *Id* at 1173.

In deciding whether to condition rescission, a district judge should look to the "equities present in a particular case, as well as consideration of the legislative policy of full disclosure that underlies the Truth in Lending Act and the remedial-penal nature of the private enforcement provisions of the Act." *Palmer v. Wilson*, 502 F.2d 860, 862 (9th Cir. 1974). For instance, where the TILA violations alleged are not serious, conditioning rescission may be appropriate. *See Yamamoto*, 329 F.3d at 1171.

LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
(714) 360-7602

*Yamamoto* emphasizes a district court's "equitable discretion to modify rescission procedures." *Id* at 1173. This discretion can be exercised in favor of borrowers, by allowing them to fulfill their tender obligation by making payments over time rather in favor of lenders by requiring borrowers to make a showing of their ability to pay a lump sum. *In re Stuart*, 367 B.R. 541, 552 (Bankr.E.D.Pa. 2007); *see Shepeard v. Quality Sliding& Window Factory, Inc.*, 730 F.Supp.1295 (D.Del. 1990) (allowing borrower to satisfy tender obligation by making monthly payments at the rate she had understood would be applicable); *Mayfield v. Vanguard Sav. & Loan Ass'n*, 710 F.Supp. 143, 149 (E.D.Pa.1989) (allowing borrower to satisfy tender obligation by making monthly payment equal to those she made before the loan transaction).

## CONCLUSION

In aiding the Court with its analysis and decision, Plaintiffs respectfully bring to attention of the court authorities without argument supporting the grant of preliminary injunction.

DATED: September 22, 2009                Respectfully Submitted;

_____
Paul Nguyen, Plaintiff

_____
Laura Nguyen, Plaintiff

## PROOF OF SERVICE

I am a citizen of the United States; I am over 18 years of age; my business address is 9353 Bolsa Ave, #L4, Westminster, California 92683. I am employed in the County of Orange where this mailing occurred.

On 09/23/2009, I served the following document(s):

1. ADDITIONAL AUTHORITIES IN SUPPORT OF PRELIMINARY INJUNCTION

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to each of the parties herein and addressed as follows:

ADORNO YOSS ALVARADO & SMITH
Attention S. Christopher Yoo
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

**XX   BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated.. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

____   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____   **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered via Federal Express to the addressee(s) designated.

____   **BY FACSIMILE:** I caused said documents(s) to be transmitted to the telephone number(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Westminster, California, on 09/23/2009

_____
HIEN LAM