O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

On August 3, 2009, this Court granted a preliminary injunction enjoining the foreclosure and sale of Plaintiffs' home.[1] The continuing effect of the preliminary injunction was contingent in part on Plaintiffs' showing that they have the ability to tender the loan proceeds. On September 2, 2009, Plaintiffs filed evidence purporting to show their ability to tender. Approximately thirty minutes before Plaintiffs filed their papers, Defendant Chase filed a request that the Court lift the preliminary injunction immediately due to Plaintiffs' failure to meet the deadline. On September 3, 2009, the Court ordered the parties to file briefs addressing Plaintiffs' ability to tender the proceeds of the loan pursuant to the Truth in Lending Act (TILA). Plaintiffs raised in their reply brief the theory that they are not required to tender the proceeds of the loan because Defendants failed to satisfy their obligations under 15 U.S.C. § 1635(b). Plaintiffs also asserted that they could meet the tender requirements based on their equity in the subject property. On September 15, 2009, the Court ordered Chase to file a sur-reply addressing these two issues.

The court declines to lift the preliminary injunction. According to Chase's own "Home Value Estimator," the estimated value of Plaintiff's home is $515,000 and the unpaid balance of the loan is $268,669.44. Thus, Plaintiff's equity in the home is $246,330.56. Defendant Chase has not repudiated or corrected its own Home Value Estimator valuation, and, although it correctly notes that it is not a formal appraisal, it touts it as something that "can certainly help [to] determine a home's value." Moreover, Chase tells customers that they "can absolutely refer to it when talking to Chase . . . about

---

[1] Docket No. 45.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | September 25, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

refinancing a home." The *Yamamoto* opinion, contrary to Chase's argument, does not mandate that the borrower demonstrate that he has the capacity to pay back what he received from the lender, although it does authorize a court to so require. Here, the Court declines to issue that requirement at this time. If Plaintiffs can prove a right to rescission, they will be given a relatively brief period of time to generate the cash necessary to repay Defendants, if necessary by selling the home.

:

Initials of Preparer     se