O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| S. Eagle | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

Plaintiffs Paul and Laura Nguyen ("Plaintiffs") have alleged nine causes of action against Defendants Chase Bank USA, N.A. ("Chase Bank"), Chase Home Finance, LLC ("Chase Home"), First American Loanstar Trustee services, and Joseph Son Cao Tran, arising out of a mortgage transaction that was closed on November 21, 2007. Defendants Chase Bank and Chase Home ("Defendants") have moved to dismiss all of the claims asserted against them pursuant to Rule 12(b)(6).

For the following reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss Plaintiffs' First Amended Complaint.[1] Specifically, the Court GRANTS Defendants' motion to dismiss claims one, three, six, seven, and nine, and DENIES Defendants' motion to dismiss in their entirety claims two and eight. The Court DENIES Defendants' motion to dismiss claim four insofar as it states a claim for rescission.

**I.     DISCUSSION**

   **A.     Plaintiffs Have Failed to Properly Plead their Claim for Fraud [Count One]**

In their first claim for fraud Plaintiffs allege that Defendants made "false, fraudulent and/or deceitful representations" to Plaintiffs and that Plaintiffs relied on such

---

[1] Docket No. 34

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

misrepresentations in obtaining their loan. FAC ¶ 61. Plaintiffs' conclusory allegations regarding any misrepresentations made by Defendants do not meet the requisite heightened pleading standards under Fed. R. Civ. P. 9(b). *See* FAC ¶ 39. In order to comply with Rule 9(b), the pleader must allege the "time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Schreiber Dist. Co. v. Serv- Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (citation omitted). Accordingly, Defendants' motion to dismiss claim one is GRANTED, with leave to amend if Plaintiffs have a good faith basis to do so consistent with Fed. R. Civ. P. 11.

### B. Plaintiffs Have Stated a Claim for "Fraud by Forgery" [Count Two]

Plaintiffs' second claim for "fraud by forgery" states that "[o]n or about December 7, 2007, Chase and/or its agents intentionally forged [the] signature of the Plaintiff Laura Nguyen on the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs," and that their forgery was "undertaken as a part of a scheme to" prevent them from "knowing the true terms and conditions of the Mortgage Loan" and to prevent them from rescinding the Loan. FAC ¶¶ 65-66. These allegations sufficiently identify the fraudulent conduct and describe the circumstances surrounding the conduct to permit Defendants to "prepare an adequate answer from the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989). Additionally, in support of their claim, Plaintiffs have offered the affidavit of Laura Nguyen in which she testifies that she did not ever sign the Deed of Trust. Notice of Declaration of Plaintiff Laura Nguyen in Support of Preliminary Injunction ¶¶ 4-8. Accordingly, Defendants' motion to dismiss claim two is DENIED.

### C. Plaintiffs Have Failed to State a Claim for "Forgery" [Count Three]

Plaintiffs' third claim for forgery alleges that "the act of forging [Laura Nguyen's] signature . . . was conducted by Chase and/or its agents as a part of an intentional scheme

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

and conspiracy to deceive Plaintiffs in order to fraudulently induce Plaintiffs to enter into the Mortgage Loan[.]" FAC ¶ 74. The allegations contained in Plaintiffs' third claim are duplicative of Plaintiffs' second claim for "fraud by forgery." *See* FAC ¶¶ 64-76. Moreover, Plaintiffs have not pointed to any civil cause of action under which their claim for forgery – which is a criminal violation – arises. *See* 2 Witkin, Cal. Crim. Law 3d (2000) Crimes–Property, § 160, p. 190. Accordingly, Defendants' motion to dismiss claim three is GRANTED.

### D. Claim for Rescission and Damages under TILA [Count Four]

Defendants dispute the sufficiency of Plaintiffs' fourth claim under TILA as to Defendant Chase Home because Chase Home is neither the lender nor an assignee of the loan. Motion at 8-10. In their opposition Plaintiffs stipulate that Chase Home was not an intended defendant to this cause of action. Opp'n. at 5. Accordingly, Plaintiffs' claims under TILA are dismissed in their entirety as to Defendant Chase Home.

As to Defendant Chase Bank, the Court rules as follows:

#### 1. Plaintiffs Claim for Damages under TILA is Time-barred

The statute of limitations on damages claims under TILA is one year from the transaction. 15 U.S.C. § 1640(e). Plaintiffs' loan was consummated on December 7, 2007; thus, their damages claim under TILA had to be filed by December 7, 2008. FAC ¶ 37. Plaintiffs' suit was filed in June 2009. Accordingly, Plaintiffs' claim for damages under TILA is barred by the applicable statute of limitations.

#### 2. Plaintiffs Have Stated Valid Grounds for Rescission Under TILA

Defendants argue that Plaintiffs cannot state a claim for rescission unless they demonstrate that they have the capacity to pay back what they received from the lender. Motion at 11-12. As the Court explained in its September 25, 2009 ORDER, the case

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

cited by Defendants in support of this proposition, *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), "does not mandate that the borrower demonstrate that he has the capacity to pay back what he received from the lender, although it does authorize a court to so require." As further noted in its September 25, 2009 ORDER, the Court declines to impose such a requirement at this time. In any event, Plaintiffs appear to **have** provided evidence of their ability to tender the proceeds of the Loan based on their equity in the Property. *Id.*; Plaintiff[s'] Showing That They Can Meet the Tender Requirement Pursuant to Court Order on August 3, 2009, ¶ 1, 3 (Exh. 3); Declaration of Paul Nguyen in Support of Plaintiffs' Showing That They Can Meet the Tender Requirement ¶¶ 2-4.

> **E. Plaintiffs' RESPA Claim for Damages Under 12 U.S.C. § 2607 is Time-Barred [Count Five]**

The Court GRANTS Defendants' motion to dismiss Plaintiffs' fifth claim for damages under 12 U.S.C. § 2607 because the claim is time-barred under the relevant statute of limitations. 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]"). Accordingly, this claim is dismissed with prejudice.

> **F. Plaintiffs Have Failed to State a Claim for Violation of 12 U.S.C. § 2605 [Count Six]**

Plaintiffs' sixth claim alleges that Defendant Bank of America failed to respond to a Qualified Written Request ("QWR") in violation of 12 U.S.C. § 2605. The FAC, however, fails to allege facts demonstrating that Plaintiffs sent any such request. A qualified written request ("QWR") is a "written correspondence [that] . . . includes, or otherwise enables the servicer to identify, the name and account of the borrower; and . . . includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The FAC alleges, in conclusory fashion, that

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

Chase Home Finance "violated [12 U.S.C. § 2605] upon receipt of Plaintiffs' Qualified Written Request[.]" FAC ¶ 95. Nowhere else in the FAC do Plaintiffs provide any further information regarding the QWR, nor is the purported QWR attached to the FAC. The Court therefore GRANTS Defendants' motion to dismiss Plaintiffs' sixth claim. Plaintiffs are granted leave to amend.

      **G.**     **Plaintiffs Have Failed to State a Claim for "Rescission Pursuant to California Law" [Count Seven]**

The FAC includes a seventh claim for "Rescission Pursuant to California Law" that recites Plaintiffs' TILA claim for rescission and fails to identify any California statute or laws under which Plaintiffs are seeking relief. FAC ¶¶ 98-99. Accordingly, this claim is dismissed with leave to amend.

      **H.**     **Unfair Competition Law Claim ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq. [Count Eight]**

Defendants argue that Plaintiffs have failed to establish any of the claims on which Plaintiffs' UCL claim rests. Motion at 16-17. Given that Plaintiffs have established (1) their claims of fraud and forgery resulting from Defendants' alleged forging of Plaintiff Laura Nguyen's signature, and (2) their claim for rescission under TILA, their UCL claim may proceed to the extent that it is derivative of these allegations. FAC ¶¶ 105-106. None of Plaintiffs' other allegations state a valid claim under the UCL.

Plaintiffs' allegation that Defendants made false representations to them concerning the Loan fail to meet the heightened pleading requirements for fraud, FAC ¶ 103, and therefore do not state a valid claim under the UCL.

Plaintiffs' UCL claim fails to the extent that it is derivative of their RESPA claim that the Court has herein dismissed. FAC ¶ 104.

Plaintiffs' allegations that Defendants breached their fiduciary duty to Plaintiffs, FAC ¶¶ 101-102, do not state a claim under the UCL. Plaintiffs have alleged no facts that would give rise to a fiduciary relationship between themselves and Defendants. The lender-borrower relationship does not in and of itself give rise to a fiduciary relationship.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

*See, e.g., Nymark v. Heart Fed. Savings & Loan Assn.*, 231 Cal. App. 3d 1089, 1093 (1991) n.1 ("The relationship between a lending institution and its borrower-client is not fiduciary in nature.").

### I.  Plaintiffs' Prayer for Declaratory Relief [Count Ten]

Plaintiffs' ninth claim seeks declaratory relief to rescind the mortgage loan (FAC ¶¶ 116-124) and to void the deed of trust (FAC ¶¶ 125-128). "Declaratory relief is appropriate when (1) the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Guerra v. Sutton*, 783 F.2d 1371, 1376 (9th Cir. 1986). If declaratory relief will accomplish neither objective, the Court should decline to render the declaration. *Id; StreamCast Networks, Inc. v. IBIS LLC*, 2006 WL 5720345 *4 (N.D. Cal. May 2, 2006) ("[T]he availability of other adequate remedies may make declaratory relief inappropriate[.]"); *Ricon v. Recontrust Co.*, WL 2407396 *6 (S.D. Cal. Aug. 4, 2009) (dismissing claim for declaratory relief where there was "nothing in Plaintiff's complaint to suggest the declaratory judgment claim would entitle him to any damages or relief beyond the relief requested pursuant to his substantive claims").

Here, the bases under which Plaintiffs seek declaratory relief are the same as those which comprise their other claims in the FAC. FAC ¶¶ 101-102 (violation of fiduciary duty), ¶ 103(fraudulent misrepresentation); ¶ 104 (RESPA); ¶ 105 (forgery); ¶ 106 (Cal. Bus & Prof. Code §§ 17200 *et seq*.), ¶ 124 (TILA), ¶¶125 (forgery). Thus, other remedies are available and adequate to provide Plaintiffs with the relief they are seeking. Moreover, to the extent that these claims have been dismissed herein, they cannot form a basis for Plaintiffs' prayer for declaratory relief.

To the extent that Plaintiffs are seeking declaratory relief that the Deed of Trust is void (¶¶ 125-128), Plaintiffs' reference to an unspecified "California statute" fails to state a claim upon which the relief Plaintiffs are seeking could be granted.

Accordingly, Plaintiffs' tenth claim is dismissed without prejudice.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 9, 2009 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

## II. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendants' motion to dismiss Plaintiffs' First Amended Complaint. Specifically, the Court GRANTS Defendants' motion to dismiss claim one for fraud, DENIES Defendants' motion to dismiss claim two for fraud by forgery, GRANTS Defendants' motion to dismiss claim three for forgery, DENIES Defendants' motion to dismiss claim four insofar as it states a claim for rescission, GRANTS Defendants' motions to dismiss claims five and six for RESPA violations, GRANTS Defendants' motion to dismiss claim seven for rescission, DENIES Defendants' motion to dismiss claim eight for violations of California's UCL but only insofar as their claim is predicated on any of Plaintiffs' surviving claims, and GRANTS Defendants' motion to dismiss claim nine for declaratory relief.

Any amended complaint must be filed by not later than November 23, 2009.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This order is not intended for publication or for inclusion in the LEXIS and Westlaw databases.

|  | : |
|---|---|
| Initials of Preparer | se |