PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602

Plaintiffs
  In Pro Persona

FILED

2009 NOV 23  PM 2: 06

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PAUL NGUYEN, an individual; and
LAURA NGUYEN, an individual,

                    Plaintiffs,

        v.

Chase Bank USA, N.A.; Chase Home
Finance, LLC; First American Loanstar
Trustee Services; Joseph Son Cao Tran,
an Individual; and DOES 1 through 50,
inclusive,

                    Defendants.

Case No.  CV09-4589 AHM (AJWx)

**SECOND VERIFIED AMENDED
COMPLAINT FOR RECISSION
AND DAMAGES, 15 U.S.C. § 1635,
12 C.F.R. § 226, 12 U.S.C. § 2601,
ET.SEQ., QUIET TITLE, AND
CALIFORNIA UNFAIR BUSINESS
PRACTICE.**

**DEMAND FOR JURY TRIAL**

    COMES NOW, Plaintiffs PAUL NGUYEN AND LAURA NGUYEN
(hereinafter "Plaintiffs" or "NGUYEN") file this civil action alleging that their
federal and state rights were violated as follows:

//

//

//

## INTRODUCTION AND NATURE OF CONTROVERY

1.   This is a Truth-in-Lending ("TILA") and Real Estate Settlement Procedure Act ("RESPA") case in which Plaintiff Paul Nguyen was fraudulently induced to enter into a loan and PAUL NGUYEN and his wife LAURA NGUYEN executed a deed of trust encumbering their home ("Mortgage Loan") through the use of unfair and deceptive acts and practices in violation of the Truth-in-Lending Act and the Real Estate Settlement Procedures Act, as well as state laws.  Fraudulent representations concerning the payment terms of the Mortgage Loan were made to the Plaintiffs to induce PAUL NGUYEN to enter into the Mortgage Loan.  In addition, material disclosures in relation to the Mortgage Loan, required pursuant to the Truth-in-Lending Act and its implementing Regulation, and required pursuant to the Real Estate Settlement Procedures Act and its implementing Regulation, were concealed from the NGUYEN.  Nor were the NGUYEN provided with a proper number of notices of their right to cancel the transaction within the time period required by law, all in violation of PLAINTIFFS' clearly established rights under federal and state statutory and common law.  In addition, Defendant Chase Bank USA N.A., and/or its agent, intentionally forged the signature of Plaintiff LAURA NGUYEN onto the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs as part of a scheme to prevent the Plaintiffs from knowing the true term and conditions of the Mortgage Loan prior to entering into that Mortgage Loan and preventing the Plaintiffs from rescinding the Mortgage Loan if and when they ever discovered the true terms and conditions of the Mortgage Loan by using the forged Deed of Trust as the basis for arguing that the Plaintiffs' right to rescind the Mortgage Loan under federal law had expired.

**SECOND VERIFIED AMENDED COMPLAINT**

2.   This action seeks rescission of the Mortgage Loan and statutory, compensatory, and punitive damages to vindicate the violation of the NGUYEN's federal and state rights.

3.   The NGUYEN also seeks punitive damages against the Defendants in order to punish and set example for the wrongful conduct in violating federal and state laws resulting in injury and damages to the NGUYEN.

4.   The NGUYEN also seeks reasonable costs of litigation, including, but not limited to, attorneys' fees.

## JURISDICTION AND VENUE

5.   This action arises under 15 U.S.C. § 1635, 12 C.F.R. § 226, 15 U.S.C. §§ 2601 and 2614, 12C.F.R. § 3500, and under California statutory and common law.

6.   This Court has jurisdiction over the Federal claims in this action based on 18 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983 which confer original jurisdiction on federal district courts in suits to address the deprivation of rights secured by federal law.  This Court also has supplemental jurisdiction over the pendant state law claims because the state law claims are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution, pursuant to 28 U.S.C. § 1367.

7.   The unlawful conduct, illegal practices, and acts complained of alleged in this complaint were all committed in the Central District of California and the involved real property is located in the Central District of California.  Therefore, venue properly lies in this District, pursuant to 12 U.S.C. § 2614 and 28 U.S.C. § 1391(b).

//

//

//

**SECOND VERIFIED AMENDED COMPLAINT**

## PARTIES

### Plaintiff

8. Plaintiff PAUL NGUYEN and LAURA NGUYEN are resident of Westminster, California, and the real property secured by a deed of trust under the Mortgage Loan is located in Westminster, California.

### Defendants

9. Plaintiffs are informed and believe, and thereon allege, that Defendant Chase Bank USA, N.A. (hereinafter "Chase Bank") is a national banking institution whose exact business form is unknown and at all times mentioned herein was conducting business in California.  Plaintiffs are informed and believe that Defendant Chase Bank is the owner of the Mortgage Loan.

10. Plaintiffs are informed and believe, and thereon allege, that Defendant Chase Home Finance LLC ("Chase Home Finance") is a wholly owned subsidiary of Chase Bank and at all times mentioned herein was conducting business in California.  Plaintiffs are informed and believe that Defendant Chase Home Finance is the servicer of the Mortgage Loan.

11. Plaintiffs are informed and believe, and thereon allege, that Defendant First American Loanstar Trustee Services ("Trustee Services") whose exact business form is unknown and at all times mentioned herein was conducting business in California.  Plaintiffs are informed and believe that Defendant Trustee Services is the subsequent trustee of the Mortgage Loan and an agent of Chase Bank.

12. Plaintiffs are informed and believe, and thereon allege, that Defendant Joseph Cao Son Tran, a licensed real estate broker and Notary Public which licenses were issued by the California Department of Real Estate, at all time mentioned herein acting on behalf of himself, Sydney Funding, Nexus Escrow and Realty Savers and is an agent acting on behalf of Chase Bank, was conducting business in California.

**SECOND VERIFIED AMENDED COMPLAINT**

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

13. On or about October 2007, Joseph Son Cao Tran was a licensed real estate broker which license was issued by the California Department of Real Estate and employed by REALTY SAVERS, also a California licensed real estate company who operated under a California designated licensed broker, Nguyen Paul Tuan, at the time of the events and happenings referred to herein.

14. Joseph Son Cao Tran represented to Plaintiff Paul Nguyen that he was properly licensed under California laws as a mortgage broker and possessed expertise as a mortgage broker in real estate lending that qualified to serve as Plaintiff Paul Nguyen's mortgage broker, and to find a residential mortgage loan best suited to Plaintiff Paul Nguyen's financial situation and needs, and to explain to Plaintiff the details of any proposed residential mortgage loan.

15. Defendant Joseph Son Cao Tran assisted Plaintiff Paul Nguyen to fill out the loan application and met with Defendant Joseph Son Cao Tran multiple times to provide him with the requested documents at Defendant REALTY SAVERS' offices.

16. Defendant Joseph Son Cao Tran never provided Plaintiff PAUL NGUYEN with "Good Faith Estimate" of loan cost.

17. On or about November 21, 2007, Defendant Joseph Son Cao Tran represented to Plaintiff PAUL NGUYEN that he and his company has secured a loan through Defendant Chase Bank.

18. Plaintiff Paul Nguyen agreed to proceed with the mortgage loan as an individual rather than as joint tenant with Plaintiff Laura Nguyen.

19. On or about December 7, 2007, Defendant Joseph Son Cao Tran asked Plaintiff Paul Nguyen to come to Nexus Escrow to sign mortgage documents.

**SECOND VERIFIED AMENDED COMPLAINT**

20. Up to December 7, 2007, Defendant Joseph Son Cao Tran did not provide Plaintiff Paul Nguyen with any document related to the mortgage loan.

21. Neither Defendant Joseph Son Cao Tran nor SYDNEY FUNDING disclosed the relationship between SYDNEY FUNDING and NEXUS ESCROW to Plaintiff.

22. Plaintiff PAUL NGUYEN appeared at Defendant NEXUS ESCROW on December 7, 2007 to signed mortgage documents.

23. Plaintiff LAURA NGUYEN did not appear at NEXUS ESCROW to sign documents, nor was requested to do so.

24. Defendant Joseph Son Cao Tran, acting as a licensed broker in arranging the loan, also appeared at NEXUS ESCROW and acted as notary public of documents that signed by Plaintiff PAUL NGUYEN.

25. Plaintiff Paul Nguyen executed a promissory note and security agreement for that purpose, which transaction is a consumer credit transaction within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2.6.

26. Plaintiff Laura Nguyen never executed a promissory note and security agreement for that purpose.

27. On or about January 2009, Plaintiffs discovered forged signature of Laura Nguyen to the Deed of Trust.

28. Plaintiff Laura Nguyen never appeared before a notary public, Joseph Son Cao Tran or received two (2) copies of a Notice of Right to Cancel from any person or entity, or from the notary.

29. Plaintiff Laura Nguyen are informed and believe, and thereon allege, that all purported signatures of Plaintiff Laura Nguyen that were affixed on mortgage loan is forgeries which included the deed of trust in connection with the Mortgage Loan and were affixed on said documents by Defendants.

30. As a result of the failure of Chase to provide all of the disclosures required by state and federal law, and as a result of the false, fraudulent, and/or deceitful

**SECOND VERIFIED AMENDED COMPLAINT**

representations made to the Plaintiffs concerning the terms of the Mortgage Loan, Plaintiffs are entitled to rescind the Mortgage Loan.

31. On April 6, 2009, Plaintiffs sent via U.S. Post certified mail, notified Chase of their rescission of the loan under TILA and offer to tender.  Additional copies were also sent via U.S. Post certified mail to Chase Home Finance LLC, c/o First American Loan Star Trustee Services and JP Morgan Chase Bank, NA c/o Chase Home Finance LLC.

32. Again, on April 13, 2009, Plaintiffs again sent via U.S. Post certified mail, notified Chase of their rescission of the loan under TILA and offer to tender.

33. Plaintiffs are also informed and believe, and thereon allege, that the Defendant and one or more of its agents conspired to withhold disclosing the Truth-in-Lending Disclosure Form required by federal law and that, in furtherance of said conspiracy, the Defendant forged Plaintiff Laura Nguyen's signatures on the Deed of Trust or authorized and ratified such forged signatures.

34. That the Mortgage loan entered into is a federally related mortgage loan as that term is defined in the *Real Estate Settlement Procedures Act* at 12 U.S.C. § 2602(1).

35. Defendants Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; and Joseph Son Cao Tran are individuals and businesses that regularly offer or extend credit and provide applications for home mortgage to consumers.

36. In addition to acting as the mortgage broker and Chase's agent in the transaction resulting in the entering into of the Mortgage Loan, Sydney Funding and Sidney Tran also acted as the Settlement Agent through its wholly owned subsidiary NEXUS ESCROW in connection with the consummation and closing of the Mortgage Loan.  Neither Sydney Funding, its principals nor Chase ever disclosed to the Plaintiffs that the entity acting as Mortgage Broker would also

**SECOND VERIFIED AMENDED COMPLAINT**

be acting as the Settlement Agent and would be receiving fees and other funds in connection with such role at any time prior to the delivering of the final Settlement Statement to Plaintiff after entering into the Mortgage Loan. Plaintiffs are informed and believe, and thereon allege, that Chase gave and Sydney Funding accepted and received fees, payments and other things of value in return for the referral of the Mortgage Loan by Sydney Funding to Chase. Such giving accepting of the settlement agent fees and other things of value in return for the referral of the Mortgage Loan by Sydney Funding to Chase was in violation of 12 U.S.C. § 2607(a).

37. Plaintiffs are further informed and believe that Defendant Joseph Son Cao Tran acted as broker in arranging such mortgage loan illegally acted as notary public.

38. Plaintiffs are informed and believe, and thereon allege, that because of the forgery of Plaintiff Laura Nguyen's signature to one or more documents, and because of the failure to deliver required form under Truth-in-Lending Disclosure to the Plaintiffs prior to the closing of the Mortgage Loan, the value of Sydney Funding's mortgage brokering services and its settlement services provided by its wholly owned subsidiary, Nexus Escrow, was $ 0.00.  Plaintiffs' further allege that, since Sydney Funding and its subsidiary were paid and received a fee from Chase as mortgage broker in excess of $10,000.00, such payment to Sydney Funding and its subsidiary represented payment for services that were not actually performed in violation of 12 U.S.C. § 2607(b).

39. The acceptance of fees from Chase by Defendants SYDNEY FUNDING, Sidney Tran, NEXUS ESCROW, John Nguyen and Joseph Son Cao Tran for performing broker services that were not actually performed and Chase's payment of that fee for broker activities represents an unlawful kickback and/or unearned fee under RESPA because the amount received by these Defendants

and paid by Chase was not reasonably related to the performance of lawful services.

40. Plaintiffs are informed and believe, and thereon allege, that Chase should have known that Sydney Funding, Sidney Tran, Nexus Escrow, John Nguyen, and Joseph Son Cao Tran did not earn the broker fees because common industry practices are that lenders follow underwriting standards that demand a review of originations by mortgage brokers and, therefore, lenders typically know that brokers have performed the services required and in a lawful manner.  Plaintiffs are informed and believe, and thereon allege, that if Chase had reviewed the loan origination documents properly, either before or after the closing of the Mortgage Loan, Chase would have learned of the obvious indications that Sydney Funding was not properly performing its role as a mortgage broker.

41. Plaintiffs also allege that neither Sydney Funding, Sidney Tran or Joseph Son Cao Tran ever offered Plaintiffs the option to pay a lower amount of settlement fees and charges in addition to failing to disclose to Plaintiffs that Sydney Funding would also be performing services as the Settlement Agent through its wholly owned subsidiary in connection with the Mortgage Loan and Joseph Son Cao Tran would also be performing notary services at the time of settlement.

42. The agency responsible for enforcing RESPA and its implementing regulation, Regulation X, the United States Department of Housing and Urban Development ("HUD"), issued a Statement of Policy in 1999 establishing two – part test for determining the legality of certain lender payment to mortgage brokers under RESPA as follows:

(1) Whether goods or facilities were actually furnished or the services were actually furnished or the services were actually performed for the compensation paid, and;

(2) Whether the payments are reasonably related to the value of the goods or facilities that were actually furnished or services that were actually performed.

43. In 2001, HUD clarified its interpretation of §§ 2607(a) and (b) when it issued its RESPA Statement of Policy 2001-1 entitled Clarification of Statement of Policy 1999-1 Regarding Lender Payments to Mortgage Brokers, and Guidance Concerning Unearned Fees Under Section 8(b). ("Statement of Policy 2001-1.) HUD's 2001-1 Policy of Statement explains that the second prong of its two-part test to determine the legality of lender payments to mortgage brokers may not be satisfied when the loan brokers does not offer the borrower the option to pay a lower amount of total fees upfront.

44. Plaintiffs are informed and believe, and thereon allege, that Chase and others knowingly and willfully conspired and agreed among themselves to commit the acts described of herein with the intent to deprive Plaintiff of an amount to be determined and proven at trial but in an amount that exceeds $15,000.00.

45. Plaintiffs are informed and believe, and thereon allege, that Chase and its agents did the acts and things herein alleged pursuant to, and in furtherance of, the conspiracy and above-alleged agreement.

46. Plaintiffs are informed and believe, and thereon allege, that Chase and its agent furthered the conspiracy by cooperation or lend aid and encouragement to, or ratified and adopted the acts of each other.

47. As a proximate result of the wrongful acts herein alleged, Plaintiffs has suffered damages in an amount to be determined and proven at trial but in an amount that exceed $15,000.00.

48. In conspiring and acting in concert as herein alleged, Chase, either directly or through the conduct, authorization or ratification by a Chase officer, director, or managing agent, acted willfully and with the intent to cause injury to the

Plaintiff.  Chase is guilty of malice, oppression, and/or fraud in conscious disregard of the Plaintiffs' rights, thereby warranting an assessment of punitive damages in an amount appropriate to punish Chase and to deter others from engaging in similar conduct.

## FIRST CLAIM FOR RELIEF
### (Against Defendant Chase, Joseph Son Cao Tran, and DOES 1 - 50 for Fraud by Forgery)

49. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 48 above.

50. On or about December 7, 2007, Chase and/or its agents intentionally forged signature of the Plaintiff Laura Nguyen onto the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs.

51. The forgery by Chase and/or its agents was undertaken as part of a scheme to (i) prevent Plaintiffs from knowing the true terms and conditions of the Mortgage Loan prior to entering into that Mortgage Loan and (ii) preventing Plaintiffs from rescinding the Mortgage Loan if and when they ever discover the true terms and conditions of the Mortgage Loan by using the forged deed of trust as the legal basis for arguing that the Plaintiffs' right to rescind the Mortgage Loan under federal law had expired.

52. Plaintiffs are informed and believe, and thereon allege, that Chase and/or its agents knew that (i) forged signatures of the Plaintiff Laura Nguyen on the Deed of Trust and other documents related to the Mortgage Loan, or (ii) knew of the forged signatures of the Plaintiff on the Deed of Trust, conspired to defraud the Plaintiffs for the reason that the forged signatures of the Plaintiff Laura Nguyen on the Deed of Trust and the other documents related to the Mortgage Loan were

undertaken to further the fraud of concealing from the Plaintiffs the true terms and conditions of the Mortgage Loan and to thereafter create and unlawful defense to any attempted rescission of the Mortgage Loan by the Plaintiffs in the event the Plaintiffs discovered the true terms and conditions of the Mortgage Loan and attempted to assert their rights of rescission under California and or federal law.

53.   The forgery of Plaintiff Laura Nguyen's signature on the Deed of Trust, in addition to failure to provide Notice of Right to Cancel were made with the intent to deceive Plaintiffs and to deprive them of their rights under California and federal law.

54.   At the time that the forgeries of Plaintiff Laura Nguyen' signatures and concealment from Plaintiff of the true terms and conditions of the Mortgage Loan, Plaintiffs were unaware of the fact that her signature had been, or were to be, forged on the Deed of Trust and other documents related to the Mortgage Loan and were unaware of the true terms and conditions of the Mortgage Loan.

55.   Plaintiffs relied to their detriments on the aforementioned concealment of the true terms and conditions of the Mortgage Loan which concealment was effectuated by the withholding of the disclosure under the Truth-in-Lending as required by federal law and by forging the Plaintiffs' signatures on said Deed of Trust for the fraudulent purpose of using the forged Deed of Trust as a basis for depriving the Plaintiffs of their legal rights pursuant to California and federal law in the event the Plaintiffs learned the true terms and provisions of the Mortgage Loan.

56.   Chase and/or its agents intentionally forged the signature of the Plaintiff on the Deed of Trust and other documents related to the Mortgage Loan proximately resulting in harm suffered by both Plaintiffs.

**SECOND VERIFIED AMENDED COMPLAINT**

57. The aforementioned acts, omissions, and fraud by forgery conducted by Chase and/or its agents alleged above were fraudulent, malicious and oppressive conduct which subjected Plaintiffs to cruel and unjust hardship in conscious disregard of Plaintiffs' rights, and constituted despicable conduct by said Defendants with a willful and conscious disregard of Plaintiffs' rights, so as to justify an award of exemplary and punitive damages against said defendants.

### SECOND CLAIM FOR RELIEF

### (Against Defendant Chase, and DOES 1 - 50 for Rescission and Damages Pursuant to 12 U.S.C. § 1635, et.seq.)

58. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 57 above.

59. The Mortgage Loan is subject to the federal Truth-in-Lending Act and its implementing regulation, Regulation Z, because the Borrower under the Mortgage Loan, Paul Nguyen, is an individual and not a corporation, partnership, or other entity, and because Plaintiff Paul Nguyen used the loan proceeds for personal, family, or household purposes, and because the amount borrowed was, and is, subject to a finance charge and is to be repaid in 5 or more installments, and because the Mortgage Loan is secured by Plaintiffs' principal dwelling.  Furthermore, the Mortgage Loan is not subject to any of the exemptions set forth in the Truth-in-Lending Act and Regulation Z and it was not a loan for business purposes.

60. Because of the Mortgage Loan is subject to the Truth-in-Lending Act and Regulation Z, Chase and its agents were required to deliver to the Plaintiffs, among other things, Good Faith Estimate, Notice of Right to Cancel.  Chase and its agents failed to deliver the required disclosures and Right to Cancel to Plaintiff Laura Nguyen.

61. Therefore, the right to rescind the Mortgage Loan is extended to three-years.

**SECOND VERIFIED AMENDED COMPLAINT**

62. Plaintiffs exercised its rights under California and federal laws by notify Chase, Chase Home Finance, and Trustee Services of rescission of the Mortgage Loan and tender under such rescission.

63. Chase, Chase Home Finance, and Trustee Services failed to take actions as required under the Truth-in-Lending Act and Regulation Z upon receipt of rescission of the Mortgage Loan.

64. As a direct and proximate result of Defendant's failure to take action in response to Plaintiffs' proper Notice of Rescission, Plaintiffs suffered damages in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### (Against Defendant Chase Home Finance, LLC, and DOES 1 - 50
### for Damages Pursuant to 12 U.S.C. § 2607)

65. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraph 1 through 64 above.

66. The Mortgage Loan is a federally related mortgage loan and is subject to the federal Real Estate Procedures Act (RESPA) and its implementing regulation, Regulation X.

67. On or about April 8, 2009, Plaintiff Paul Nguyen sent a Qualified Written Request ("QWR") via U.S. Post Certified Mail with return receipt to Chase Home Finance, LLC.

68. The return receipt indicated that the QWR was delivered to Chase Home Finance, LLC on April 8, 2009 and received by Joo Cowans.

69. The QWR contained information to enable Defendant Chase Home Finance, LLC to identify Plaintiff Paul Nguyen's loan and also contained request for information of the loan, specifically accumulated late charges and fees despite Plaintiff's valid Notice of Rescission of the loan and offer to tender.

SECOND VERIFIED AMENDED COMPLAINT

70. The QWR notified Defendant Chase Home Loan, LLC of the rescission and requested Defendant Chase Home Loan, LLC as servicer of the loan to make necessary correction to the loan such as late charges and fees, accounting of payment made to date and costs associated with foreclosure so that proper rescission tender of the loan can be made.

71. Furthermore, Plaintiff requested Chase Home Loan, LLC to make proper credit reporting reflecting Plaintiff's pending Notice of Rescission.

72. Defendant Chase Home Finance, LLC never responded to Plaintiff's QWR.

73. Because the Mortgage Loan is subject to RESPA and Regulation X, all Defendants were required to comply with Section 6 of RESPA appearing at 12 U.S.C. § 2605. Section 6 violations are further defined by Regulation X and 24 C.F.R. § 3500.21 (e) as "Duty of loan servicer to respond to borrower inquiries."

74. Chase Home Finance violated Section 6 of Regulation X upon receipt of Plaintiffs' Qualified Written Request ("QWR") including but not limited to:

   a. Failure to response and take action upon receipt of Plaintiff's Qualified Written Request as required by laws.

   b. Failure to make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of the correction.

   c. Failure to protect Plaintiffs' credit rating upon receipt of Plaintiffs "QWR" by continuing to furnish adverse information regarding payment to credit reporting agencies as defined in section 603 of the *Fair Credit Reporting Act*, 15 U.S.C. 1681a.

75. As a direct and proximate result of the violations of RESPA and Regulation X by Chase Home Finance, Plaintiff suffered damages in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

### (Against Defendant Chase, Chase Home Finance, LLC; Joseph Son Cao Tran; and DOES 1 - 50  Pursuant to California Unfair Business Practice - Business and Professions § 17200 et.seq.)

76. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 75 above.

77. Defendants have falsely, fraudulently and deceitfully represented to the Plaintiffs as aforesaid which representations were relied upon by the Plaintiffs resulting in consummation of the Mortgage Loan and to the damage of Plaintiffs in violation of the Consumer Credit Protection Act, as aforesaid.

78. These Defendants along with Chase, Chase Home Finance LLC violated the Real Estate Settlement Procedures Act as set forth herein and the allegations of which are hereby incorporated in this cause of action by this reference.

79. These Defendants acted in concert with Chase forged the signature of Plaintiff Laura Nguyen onto the Deed of Trust.

80. Such unfair, fraudulent and deceptive acts and omissions, and violation of state law are unfair business practices and constitute a violation of California common law and California Business & Professions Code §§ 17200, et seq. Plaintiffs reserve the right to identify additional unfair, fraudulent, or deceptive practices, or unlawful or unfair practices, by Defendants as may be established through discovery.

81. As direct and proximate result of the unfair, fraudulent, and deceptive conduct describe above, as well as the result of their unlawful and unfair business practices as described above, this Defendant has been and will be unjustly enriched.

82. Plaintiffs, pursuant to California Business & Professions Code § 17203, seek an order of this Court enjoining these Defendants from further withholding and

**SECOND VERIFIED AMENDED COMPLAINT**

confiscating any of the monies, funds and property due to the Plaintiffs as a result of the unfair business practices alleged herein, and compelling this Defendant to:

    a. Make restitution to Plaintiffs for all funds unfairly, unlawfully, fraudulently, and deceptively obtained and retained by all Defendants identified herein and/or its agent as a result of the wrongful acts as alleged herein and their violation of California common law and California Business &Professions Code §§ 17200 et seq.; and

    b. Disgorge all revenues acquired and retained by all Defendants identified herein and/or its agent as a result of the unfair, fraudulent, deceptive, unlawful business practices alleged herein; and

    c. To take steps and actions reasonably and sufficiently necessary to rescind the Mortgage Loan and to void any and all deeds of trust or other legal documents pertaining to the property securing the Mortgage Loan.

83. Plaintiffs are entitled to restitution of their property (tangible and intangible) and money and funds, as that property, money and funds existed prior to the wrongful actions and conduct of all Defendants identified herein and/or its agent.

84. Plaintiffs also seek such additional equitable relief as may be necessary to provide a complete remedy for Defendants indentified herein and/or its agent's wrongful actions and conduct, including without limitation, injunctive relief, restitution, and restoration of their unencumbered title interest in the real property.

85. Pursuant to federal law, Defendants indentified herein, acting as a lender, owed statutory duties to the Plaintiffs.

86. Despite the statutory duties owed to the Plaintiffs, Defendants identified herein violated those statutory duties and, as a result thereof, took advantage of its

**SECOND VERIFIED AMENDED COMPLAINT**

relationship with the Plaintiffs and has been, and is being, unjustly enriched thereby.

87. As a direct and proximate result of the breach of fiduciary duties, these Defendants have been unjustly enriched, and the Plaintiffs have been damaged in an amount in excess of $25,000.00.

88. These Defendants, in committing wrongful acts described herein, acted with malice, fraud, and oppression toward Plaintiffs, in a conscious disregard of Plaintiffs' rights.

## **FIFTH CLAIM FOR RELIEF**

### **(Against Chase, First American Loanstar Trustee Services and DOES 1-50 For QUIET TITLE Cal. Code Civ. Proc. 761.010 et.seq.)**

89. Plaintiffs re-allege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through 114 above.

90. Defendants Chase and First American Loanstar Trustee Services wrongfully claim an interest in the Property.

91. The Property's legal description is:

**LOT 44 OF TRACT NO. 8977, IN THE CITY OF WESTMINSTER, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 369, PAGE(S) 46 AND 47 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

**Assessor's Parcel No.: 107-903-44**

92. Plaintiffs claim title to the Property and seek an order from the Court confirming their title.

93. Chase and First American Loanstar Trustee Services claims title to the Property by virtue of forged deed of trust and voided deed of trust.

94. A determination is sough as of the filing of this complaint.

**SECOND VERIFIED AMENDED COMPLAINT**

95. Plaintiffs pray for a determination of their title against adverse claim.

## SIXTH CLAIM FOR RELIEF

## (Against All Defendant Chase, and Trustee Services For PRELIMINARY INJUNCTION)

96. Plaintiffs reallege and incorporate by reference in this Claim for Relief each allegation set forth in paragraphs 1 through95 above.

97. Plaintiffs move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a Preliminary Injunction against the Defendants enjoining them from taking any action to transfer any interest putatively held by the Defendants in the NGUYEN residence located at 16141 Quartz Street, Westminster, CA or to encumber the Plaintiffs interest in that property. In support of their Motion, the Plaintiffs state as follows:

    a. The Plaintiffs will suffer immediate and irreparable harm if the Defendants should transfer any interest in the NGUYEN property;

    b. Plaintiffs have no adequate remedy at law should the Defendants affect such a transfer;

    c. Plaintiffs are likely to prevail on the merits of their claims;

    d. The balance of the hardships tips decidedly in favor of granting the requested injunction, inasmuch as the cost to the Defendants of enjoining any such transfer is negligible when compared to the potential harm the Plaintiffs face if they lose their dwelling and property prior to these proceedings ending.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against these Defendants, as to all causes of actions, as follows:

1. For general and special damages according to proof;

2. For exemplary and punitive damages;

3. For Plaintiffs' reasonable attorneys' fees and costs necessary to obtain these relief;

4. For rescission of the Mortgage Loan;

5. For an order voiding any Deed of Trust in connection with the Mortgage Loan.

6. For permanent injunction against this Defendant, its subsidiary, affiliates, successors, agents, servants, officers, directors, employees, and all persons acting in concert with them, directly or indirectly, from engaging in the improper, unlawful, unfair, fraudulent, and/or deceptive conduct as descried above and according to proof;

7. For an order of restitution requiring this Defendant to disgorge all revenues acquired from Plaintiffs by means of unlawful, unfair, fraudulent and/or deceptive acts or practices as more fully described above and according to proof;

8. For prejudgment interest as allowed by law;

9. For an order that this Defendant involuntary trustee for the proceeds and property resulting from Chase and/or its agent's wrongful actions of all money, proceeds and property wrongfully acquired by them;

10. For declaration and order that this Defendant release and re-convey any deed of trust or other document signed or entered into and subsequently recorded in connection with the Mortgage Loan;

11. For an order voiding any deed of trust and any other document signed or entered into by either or both of the Plaintiffs in connection with the mortgage loan;

12. For an order requiring this Defendant to return all monies, proceeds, payments, funds, revenues, fees and the like acquired from either Plaintiff as a result of or arising from the Mortgage Loan;

13. For an order Forfeiture of return of any loan proceeds;

14. For statutory damages according to proof;

15. For costs of suit herein incurred; and

16. For such other and further relief as this Court may deem just and proper.

Dated:  November 21, 2009

Paul Nguyen, Plaintiff

Laura Nguyen, Plaintiff

## VERIFICATION

I verify that the foregoing Verified Second Amended Complaint has been reviewed by me; and that the allegations therein are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Westminster, California on November 21, 2009.

Paul Nguyen, Plaintiff

Laura Nguyen, Plaintiff

**SECOND VERIFIED AMENDED COMPLAINT**