1    WRIGHT, FINLAY & ZAK, LLP
    T. Robert Finlay, Esq., SBN 167280
2    Christina D. Rovira, Esq., SBN 262678
3    4665 MacArthur Court, Suite 280
    Newport Beach, CA 92660 *(Nguyen Paul/Pleadings/Answer & Aff Defenses SAC)*
4    Tel: (949) 477-5050; Fax: (949) 477-9200
    rfinlay@wrightlegal.net; crovira@wrightlegal.net
5

6    Attorneys for Defendant,
    FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC
7

8

9                   UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12    PAUL NGUYEN, an individual; and LAURA )   Case No.: 2:09-cv-04589-AHM-AJW
13    NGUYEN, an individual,                 )
                                   )   *Honorable Judge A. Howard Matz*
14              Plaintiffs,        )
15            vs.                 )   **ANSWER AND AFFIRMATIVE**
                                   )   **DEFENSES OF DEFENDANT FIRST**
16    Chase Bank USA, N.A.; Chase Home     )   **AMERICAN LOANSTAR TRUSTEE**
    Finance, LLC; First American Loanstar    )   **SERVICES, LLC TO PLAINTIFFS'**
17    Trustee Services; Joseph Son Cao Tran, an )   **SECOND AMENDED COMPLAINT**
    individual; and DOES 1 through 50, inclusive, )
18                                    )
19             Defendants.       )
                                   )
20                                    )

21

22        Defendant FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC ("Loanstar"

23 or "First American") by and through its attorneys of record, Wright, Finlay & Zak, LLP, files its

24 answer and affirmative defenses to the Second Amended Complaint ("SAC") of Plaintiffs

25 PAUL NGUYEN and LAURA NGUYEN, as follows:

26                  **INTRODUCTION AND NATURE OF CONTROVERSY**

27          1.       Answering paragraphs 1 and 4 of the SAC, Defendant denies each and every

28 allegation contained therein.

    ///

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

1                              **JURISDICTION AND VENUE**

2          2.      Answering paragraphs 5 and 7 of the SAC, Defendant does not have sufficient

3  information to respond to the allegations, and on that basis denies each and every allegation

4  contained therein.

5                                        **PARTIES**

6          3.      Answering paragraphs 8 through 10 and 12 of the SAC, Defendant does not have

7  sufficient information to respond to the allegations, and on that basis denies each and every

8  allegation contained therein.

9          4.      Answering paragraph 11 of the SAC, Defendant admits that it conducts business

10  in California and is the substituted trustee.  Except as so admitted, Defendant denies each and

11  every allegation contained therein.

12                **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13          5.      Answering paragraphs 13 through 30, 32 through 34, and 36 through 48 of the

14  SAC, Defendant does not have sufficient information to respond to the allegations, and on that

15  basis denies each and every allegation contained therein.

16          6.      Answering paragraphs 31 and 35 of the SAC, Defendant denies each and every

17  allegation contained therein.

18                          **FIRST CLAIM FOR RELIEF**

19  **(Against Defendant Chase, Joseph Son Cao Tran, and DOES 1 – 50 for Fraud by Forgery)**

20          7.      Answering paragraph 49 of the SAC, Defendant repeats and incorporates

21  paragraphs 1 through 48 as though set forth fully herein.

22          8.      Answering paragraphs 50 through 57 of the SAC, Defendant does not have

23  sufficient information to respond to the allegations, and on that basis denies each and every

24  allegation contained therein.

25  ///

26  ///

27  ///

28  ///

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SECOND CLAIM FOR RELIEF**

**(Against Defendant Chase, and DOES 1 – 50 for Rescission and Damages**

**Pursuant to 12 U.S.C. § 1635, et seq.)**

       9.      Answering paragraph 58 of the SAC, Defendant repeats and incorporates paragraphs 1 through 57 as though set forth fully herein.

      10.     Answering paragraphs 59 through 61 and 63 through 64 of the SAC, Defendant does not have sufficient information to respond to the allegations, and on that basis denies each and every allegation contained therein.

      11.     Answering paragraph 62 of the SAC, Defendant denies each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**

**(Against Defendant Chase Home Finance, LLC, and DOES 1 – 50**

**for Damages Pursuant to 12 U.S.C. § 2607)**

      12.     Answering paragraph 65 of the SAC, Defendant repeats and incorporates paragraphs 1 through 64 as though set forth fully herein.

      13.     Answering paragraphs 66 through 75 of the SAC, Defendant does not have sufficient information to respond to the allegations, and on that basis denies each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**

**(Against Defendant Chase, Chase Home Finance, LLC; Joseph Son Cao Tran;**

**and DOES 1 – 50 Pursuant to California Unfair Business Practice**

**– Business and Professions § 17200 et seq.)**

      14.     Answering paragraph 76 of the SAC, Defendant repeats and incorporates paragraphs 1 through 75 as though set forth fully herein.

      15.     Answering paragraphs 77 through 88 of the SAC, Defendant does not have sufficient information to respond to the allegations, and on that basis denies each and every allegation contained therein.

///

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

## FIFTH CLAIM FOR RELIEF

2

**(Against Defendant Chase; First American Loanstar Trustee Services and DOES 1 – 50**

3

**For Quiet Title Cal. Code Civ. Proc. 761.010 et seq.)**

4        16.     Answering paragraph 89 of the SAC, Defendant repeats and incorporates

5    paragraphs 1 through 88 as though set forth fully herein.

6        17.     Answering paragraphs 90 and 92 through 95 of the SAC, Defendant denies each

7    and every allegation contained therein.

8        18.     Answering paragraph 91 of the SAC, Defendant does not have sufficient

9    information to respond to the allegations, and on that basis denies each and every allegation

10    contained therein.

11

## SIXTH CLAIM FOR RELIEF

12

**(Against ALL Defendant Chase, and Trustee Services For PRELIMINARY**

13

**INJUNCTION)**

14        19.     Answering paragraph 96 of the SAC, Defendant repeats and incorporates

15    paragraphs 1 through 95 as though set forth fully herein.

16        20.     Answering paragraph 97 of the SAC, Defendant denies each and every allegation

17    contained therein.

18

**AS FOR ITS SEPARATE AND AFFIRMATIVE DEFENSES, DEFENDANT**

19

**LOANSTAR HEREBY ALLEGES AS FOLLOWS:**

20

## FIRST AFFIRMATIVE DEFENSE

21

**(Failure to State a Claim)**

22        Defendant alleges that Plaintiffs have failed to state facts sufficient to constitute any

23    cause of action against this Defendant.

24

## SECOND AFFIRMATIVE DEFENSE

25

**(Failure to Mitigate Damages)**

26        Defendant alleges that Plaintiffs' claims are barred in whole or in part because of the

27    Plaintiffs' failure to take reasonable steps to mitigate their damages, if any.

28    ///

-4-

**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

## THIRD AFFIRMATIVE DEFENSE

2

### (Statute of Limitations)

3    Defendant alleges that Plaintiffs' claims are barred by the applicable statute of

4    limitations, including but not limited to, *Code of Civil Procedure* Sections 337, 338, 339,

5    340(3) and 343.

6

## FOURTH AFFIRMATIVE DEFENSE

7

### (Equitable Defense, Laches, Unclean Hands, Failure to do Equity)

8    Defendant alleges that Plaintiffs' claims are barred by the equitable doctrine of laches,

9    unclean hands and failure to do equity.  Plaintiffs' claims are barred by laches because they

10   failed to bring their claims within a reasonable period of time after discovering the alleged

11   basis for the claims.  Plaintiffs' claims are barred by the doctrine of unclean hands.  Plaintiffs'

12   claims are barred by the doctrine that one who seeks equity must do equity.

13

## FIFTH AFFIRMATIVE DEFENSE

14

### (Bad Faith)

15   Defendant alleges that Plaintiffs' Second Amended Complaint is filed in bad faith, has

16   no merit, and is subject to the provisions of *Code of Civil Procedure* Section 128.7.

17

## SIXTH AFFIRMATIVE DEFENSE

18

### (Defendant Acted in Good Faith)

19   Defendant is excused from any and all liability under the facts alleged in Plaintiffs'

20   claims for relief because at all material times Defendant acted in good faith and conducted all

21   material transactions in good faith.

22

## SEVENTH AFFIRMATIVE DEFENSE

23

### (Plaintiffs Not Entitled To Relief)

24   Defendant denies that Plaintiffs are entitled to any relief for which they pray.

25

## EIGHTH AFFIRMATIVE DEFENSE

26

### (Res Judicata/Collateral Estoppel)

27   Defendant alleges that Plaintiffs' claims are barred by the doctrines of Res Judicata and

28   Collateral Estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (No Duty)

Defendant allege that each of the Plaintiffs' claims are barred, to the extent that Plaintiffs complain of the alleged damages with respect to the subject real property, those damages were not suffered by the individual Plaintiffs herein; therefore, Plaintiffs have no standing to sue for those claims.

## TENTH AFFIRMATIVE DEFENSE

### (Plaintiffs' Own Negligence)

Plaintiffs are barred from recovery, or said recovery, of any, must be proportionately reduced, as any injury or damage allegedly suffered by Plaintiffs occurred as a proximate result of the negligence on their own part, in that Plaintiffs failed to exercise ordinary care on their own behalf at the time and place alleged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

Defendant alleges that Plaintiffs were careless and negligent with respect to all matters alleged by them in the Second Amended Complaint, and thus were comparatively at fault and proximately caused their own damages.  Accordingly, any damages otherwise recoverable by the Plaintiffs, if any there were, should be reduced in proportion to their own negligence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Third Party Fault)

Defendant alleges that the damages complained of, if there were any, were proximately contributed to or caused by the carelessness, negligence, fault or defects resulting from acts/omissions of other persons unknown to Defendant at this time, and were not caused in any way by Defendant or by persons for whom this answering Defendant are legally responsible.

///

///

///

///

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**THIRTEENTH AFFIRMATIVE DEFENSES**

**(Reduction of Damages Based on Third Party Fault)**

Defendant is entitled to have any award against them reduced or eliminated to the extent that the negligence, carelessness, or defect resulted from the acts/omissions or comparative fault of other persons that contributed to the Plaintiffs' damages, if any.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

The acts and omissions of Defendant, alleged in Plaintiffs' claims for relief, were not a proximate cause of the loss or damage for which Plaintiffs seek recovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Suffered No Damages)**

Defendant alleges that Plaintiffs' claims are barred because Plaintiffs suffered no damages as a result of the allegations in the Second Amended Complaint.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Direct and Proximate Result of Other Parties)**

Defendant is neither liable nor responsible to Plaintiffs herein for the alleged damages or injuries to Plaintiffs, if any whatsoever, because any damages or injuries sustained by Plaintiffs herein were the direct and proximate result of the independent, intervening negligence and/or intentional conduct of Plaintiffs or other parties or their agents.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Plaintiffs have waived and are estopped from asserting any claim or claims against Defendant, in that Plaintiffs consented to or are deemed to have consented to the alleged conduct complained of in the Second Amended Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Defendant alleges that by reason of their own acts and omissions, Plaintiffs have waived their rights and are estopped from asserting the claims asserted against Defendant.

-7-

## NINETEENTH AFFIRMATIVE DEFENSE

### (Superseding Actions)

Defendant alleges that if Plaintiffs suffered any damages, then such damages were proximately caused by the intervening superseding actions on the part of other persons, firms, corporations, or entities, and not Defendant, and that such intervening and superseding actions on the part of other persons, firms, corporations, or entities, bars recovery herein on the part of Plaintiffs as against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Establish Elements)

Plaintiffs' claims are barred because they cannot establish all of the elements to each cause of action in the Second Amended Complaint.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Insufficient Particularity)

The Second Amended Complaint does not describe the claims against Defendant with sufficient particularity and certainty to enable Defendant to determine what defenses may exist. Defendant reserve the right to assert all defenses that may be pertinent to or arise from Plaintiffs' claims against them when the precise nature of those claims has been ascertained.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

The Second Amended Complaint, and each alleged cause of action set forth herein, is barred due to Plaintiffs' relinquishment and/or waiver of any right they may have had to assert the claims upon which they now seek relief.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Speculative Damages)

The Second Amended Complaint, and each cause of action alleged therein, cannot support recovery on any alleged speculative loss or any future loss not yet suffered.

///

///

-8-

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Attorneys' Fees)

Plaintiffs have failed to state a claim upon which attorney's fees can be awarded against this answering Defendant.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Parol Evidence)

Defendant alleges that Plaintiffs' claims are barred because of the parol evidence rule.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Statute of Frauds)

Defendant alleges that Plaintiffs are precluded from bringing any and all causes of action by the Statute of Frauds.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Punitive Damages Not Allowed)

Defendant alleges that the imposition of punitive damages violates the Due Process Clauses of the State and Federal Constitutions.  Additional, punitive damage awards, if any, must bear a reasonable relation to actual compensatory damages.

## TWENTY-EIGHT AFFIRMATIVE DEFENSE

### (Failure to Include Necessary Party)

Plaintiffs have not included in their Second Amended Complaint all necessary parties.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Contractual Relationship)

This answering Defendant had no contract, or quasi-contract, with the Plaintiffs.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendant reserve the right to assert additional affirmative defenses in the event discovery indicates they would be appropriate.

-9-

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

2

### (Privilege)

3      Plaintiffs' claims are barred, in whole or in part, on the ground that Defendant's conduct

4  as alleged in Plaintiffs' Second Amended Complaint was privileged.

5

## THIRTY-SECOND AFFIRMATIVE DEFENSE

6

### (Defendant Is Subject to Only Nonmonetary Judgment)

7      Defendant alleges that it has only been named in its capacity as trustee under the Deed

8  of Trust and has not been named due to any acts or omissions on the part of the performance of

9  its duties as trustee.  Defendant agrees to be bound by whatever nonmonetary judgment or order

10  is issued by the court regarding the subject Deed of Trust.[1]

11

## THIRTY-THIRD AFFIRMATIVE DEFENSE

12

### (Good Faith Error)

13      Pursuant to *Civil Code* §2924(b), Defendant is excused from any and all liability under

14  the facts alleged in Plaintiffs' claims for relief because, in performing acts required by the

15  statutes, Defendant shall incur no liability for any good faith error resulting from reliance on

16  information provided by the beneficiary under the secured obligation, deed of trust or

17  mortgage.

18

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

19

### (Reservation of Defenses)

20      Defendant alleges that Defendant presently has insufficient knowledge or information on

21  which to form a belief as to whether it may have additional, as yet unstated, defenses available.

22  Defendant reserves herein the right to assert additional defenses in the event discovery indicates

23  that they would be appropriate.

24  ///

25  ///

26  ///

27

28

---

[1] See Declaration of Nonmonetary Status of DeeAnn Gregory attached as Exhibit "A" hereto.

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

1   WHEREFORE, Defendant prays for judgment as follows:

2   1.   That the Plaintiffs recover nothing on account of the claims made in their

3        Second Amended Complaint;

4   2.   That the Defendant recover from the Plaintiffs its legal fees and costs; and

5   3.   For such other and further relief as the court may deem just and proper.

6                                    Respectfully submitted,

7                                    WRIGHT, FINLAY & ZAK, LLP

8
    Dated: December 15, 2009         By:   /s/ Christina D. Rovira, Esq.
9                                          T. Robert Finlay, Esq.
                                           Christina D. Rovira, Esq.
10                                         Attorneys for Defendant,
                                           FIRST AMERICAN LOANSTAR TRUSTEE
11                                         SERVICES, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-11-

**ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' SECOND AMENDED COMPLAINT**

**EXHIBIT "A"**

1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Christina D. Rovira, Esq., SBN 262678
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660 (Nguyen, PaulDeclaration of Non-Monetary Status SAC)
   Tel. (949) 477-5050; Fax (949) 477-9200
5  rfinlay@wrightlegal.net; nneff@wrightlegal.net;
6
7  Attorneys for Defendant,
   FIRST AMERICAN LOANSTAR TRUSTEE SERVICES
8
9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11

12  PAUL NGUYEN, an individual; and      ) Case No: CV09-4589 AHM(AJWx)
    LAURA NGUYEN, an individual,          )
13                                        )
                                          )
14                        Plaintiffs,     ) **DECLARATION OF NON-**
                                          ) **MONETARY STATUS BY**
15       vs.                              ) **DEFENDANT FIRST AMERICAN**
                                          ) **LOANSTAR TRUSTEE**
16  Chase Bank USA, N.A.; Chase Home      ) **SERVICES AS TO PLAINTIFF'S**
17  Finance, LLC; First American Loanstar ) **SECOND VERIFIED AMENDED**
    Trustee Services; Joseph Son Cao Tran,) **COMPLAINT**
18  an individual; and DOES 1 through 50, )
19  inclusive,                            ) *[Civil Code 2924l]*
                                          )
20                        Defendants.     )
21                                        )
                                          )
22                                        )
23                                        )
24                                        )
25  _____  )

26      I, DeeAnn Gregory, do hereby declare and state as follows:
27      1.    I am Manager for Defendant, First American Loanstar Trustee
28  Services, ("Loanstar" or "Defendant") in the above-referenced action. I have

                              -1-

1 | personal knowledge of the facts set forth herein, and if called upon to do so, I
2 | would and could competently testify thereto.

3 |      2.    On November 23, 2009, Plaintiffs, Paul Nguyen and Laura Nguyen
4 | ("Plaintiffs"), filed a Second Amended Complaint in the United States District
5 | Court, Central District of California, ("SAC"), for Rescission and Damages, 15
6 | U.S.C. §1635; 12 C.F.R. §226; 12 U.S.C. §2601, et seq., Quiet Title and
7 | California Unfair Business Practice. The SAC arises out of a loan involving the
8 | borrower and the lender. Loanstar is simply the foreclosure trustee ("Trustee"),
9 | with the power to foreclose on the property that arises from the Deed of Trust
10 | securing the loan.

11 |      3.    Based on my review of Plaintiffs' SAC, it is my reasonable belief
12 | that Loanstar has been named in this action solely in its capacity as Trustee, and
13 | not arising out of any wrongful acts or omissions on its part in the performance
14 | of its duties as Trustee. The basis for my reasonable knowledge or belief set
15 | forth above is that Loanstar has not been involved in any way with the property
16 | which is the subject of this lawsuit outside of its capacity as Trustee, has no
17 | interest in the property, except to be named as the Trustee under the deed of
18 | trust encumbering the property by way of Substitution of Trustee.

19 |      4.    I am not aware of any evidence produced to date by Plaintiffs or
20 | the remaining Defendants, or of any facts, documents, or testimony tending to
21 | suggest that Loanstar engaged in any misconduct in connection with the
22 | performance of its duties as Trustee. Pursuant to Civil Code section 2924(b),
23 | the foreclosure trustee incurs no liability for relying in good faith on
24 | information provided by the beneficiary regarding the nature and amount of the
25 | default under the secured obligation. Further, foreclosure trustees are not subject
26 | to the FDCPA. The SAC makes no allegations that Loanstar failed to perform
27 | any of its duties as a Trustee, nor have any of the remaining Defendants filed a
28 | Cross-Complaint against Loanstar alleging any defect in the performance of its

-2-

1   duties as trustee, either under the Deed of Trust, or the applicable statutes set

2   forth in *Civil Code* Section 2924, et seq.

3         5.      Given the foregoing facts, Loanstar hereby agrees to be bound by

4   whatever non-monetary Order or Judgment this Court issues with regard to the

5   Deed of Trust.

6         I declare under penalty of perjury under the laws of the State of

7   California that the foregoing is true and correct.

8         Executed this 16 day of December, 2009, at Westlake, Texas.

9

10

11                              DeeAnn Gregory, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DECLARATION OF NON-MONETARY STATUS

## PROOF OF SERVICE

I, Marilee V. Johnson, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On December 16, 2009, I served the within **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC** on all interested parties in this action as follows:

[X]     by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

   **[See Attached Mailing List]**

[X ]     (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]     (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]     (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[ ]     (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

[X ]     (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 16, 2009, at Newport Beach, California.

_____
Marilee V. Johnson

1
PROOF OF SERVICE

**[ATTACHED MAILING LIST]**

Paul & Laura Nguyen
16141 Quartz Street
Westminster, CA  92683
(714) 360-7602
**PRO SE**

S. Christopher Yoo, Esq.
ADORNO, YOSS, ALVARADO and SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA  92707
(714) 852-6800;  FAX (714) 852-6899
**Attorney for Chase Bank USA, N.A. and**
**Chase Home Finance, LLC**

Kermit David Marsh
KERMIT D. MARSH LAW OFFICES
9550 Warner Avenue, Suite 250
Fountain Valley, CA  92708
(213) 239-9400;  FAX (213) 239-9409
**Attorney for Joseph Son Cao Tran**

PROOF OF SERVICE