O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | January 26, 2010 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:** IN CHAMBERS (No Proceedings Held)

      This matter is before the Court on Plaintiffs' Motion for an Order to Show Cause why Defendants Should not be Held in Contempt. For the reasons stated below, the Court DENIES Plaintiffs' Motion.[1]

      On August 3, 2009 the Court issued a preliminary injunction enjoining "Chase Bank and Chase Home directly or indirectly from proceeding with the foreclosure and sale of the residence located at 16141 Quartz Street Westminster, California." On October 20, 2009, Plaintiffs filed a Motion for an Order to Show Cause Why Defendants Should Not Be Held In Contempt In Violating Preliminary Injunction Order. Plaintiffs presented evidence—undisputed by Defendants—that Defendants continued to notice (and postpone) the foreclosure sale. On November 17, 2009, the Court denied the motion, but ordered "Defendants to cancel the subject foreclosure sale and any other foreclosure proceedings related to the Subject Property, pending resolution of this case." (*See* Docket No. 94.)

      On January 4, 2010, Plaintiffs filed another Motion for an Order to Show Cause Why Defendants Should Not Be Held In Contempt In Violating Preliminary Injunction Order. Plaintiffs allege—and Defendants do not dispute—that Defendants recorded with the Orange County Recorder a "Notice of Trustee's Sale" dated December 21, 2009, which scheduled Plaintiffs' home to be auctioned on January 27, 2010 at 10:00AM. On

---

[1] Docket No. 99

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | January 26, 2010 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

December 31, 2009 Defendant First American Loanstar Trustee Services ("Loanstar") posted notice of the sale on the entry door of Plaintiffs' residence.

Defendants Chase Bank USA, N.A. and Chase Home Finance LLC have submitted to the Court evidence that they took measures to comply with its order to cancel the foreclosure sale and any related proceedings. Specifically, on November 16, 2009, their counsel sent an email to Loanstar's counsel, notifying Loanstar that the Court had ordered cancellation of all foreclosure proceedings and instructing them to cancel the sale. (*See* Yoo Decl. Exh. 1 [Email from Chase's counsel to Loanstar's counsel].)

Defendant Loanstar does not dispute that it noticed the sale of Plaintiff's house, but claims that its error was inadvertent and immediately corrected upon discovery. Specifically, Loanstar states that on November 16, 2009, its "Special Default/Litigation Processing department cancelled the foreclosure sale in compliance with the Court's Order," but that on December 19, 2009, its "Client Services department received an automated message from co-Defendant Chase's Loss Mitigation department instructing Loanstar to release the hold." (Gregory Decl. ¶¶ 3-4.) Apparently unaware of the Court's order instructing cancellation of the sale, Loanstar's Client Services department instructed the publication company to post the Notice of Trustee's Sale. (*Id*. ¶ 5.) On January 6, 2010, Loanstar's Special Default/Litigation Processing department received "additional instructions" from Chase to cancel the Notice of Trustee's Sale. (*Id* ¶ 6.) Loanstar asserts that it has now cancelled all foreclosure proceedings and closed its file on the sale pending resolution of this action.[2]

In light of Defendants' responses that the recent noticing of the sale was an unintentional and inadvertent error, and that the foreclosure proceedings have now been canceled in their entirety, the Court DENIES Plaintiff's request for an order holding Defendants in contempt. However, if in the future any Defendant, especially Loanstar, violates the Court's August 3, 2009 and November 17, 2009 Orders, the Court will be readily inclined to find the basis for a contempt citation and to impose such sanctions.

---

[2] Loanstar fails to explain why the initial instructions from Chase were not sufficient to effectuate this result.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | January 26, 2010 |
|---|---|---|---|
| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. | | |

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

This Order is not intended for publication or for inclusion in the databases of Westlaw or LEXIS.

| | : | |
|---|---|---|
| | Initials of Preparer | SMO |