JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE
HOME FINANCE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL  DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Joseph Son Cao Tran, and Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.:** CV09-4589 AHM (AJWx)<br><br>**JUDGE:**    Hon. A. Howard Matz<br><br>**OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF AGAINST CHASE BANK USA, N.A.; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES**<br><br>**Action Filed:**    June 25, 2009 |

Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home," and collectively "Chase Defendants") respectfully submits the following objections to plaintiffs Paul Nguyen and Laura Nguyen's (collectively "Plaintiffs") "[Proposed] Order of Default Judgment and Other Equitable Relief Against Chase Bank USA, N.A.; Chase Home Finance, LLC and First American Loan Star Trustee Services" ("Proposed Judgment").

1146511.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

I. **DEFENDANTS OBJECT TO THE INACCURATE AND IMPROPER REQUESTS FOR RELIEF IN THE PROPOSED DEFAULT JUDGMENT**

At the Final Pre-Trial Conference held in this Court on August 23, 2010, the Court issued default judgment against the Chase Defendants as provided in the Civil Minutes attached hereto as Exhibit "1". Plaintiff's Proposed Judgment, however, is inaccurate and does not reflect the relief granted by the Court on August 23, 2010.

A. **Objections to Paragraph 3 of the Proposed Judgment**

Paragraph 3 of the Proposed Judgment attempts to include defendant First American Loanstar Trustee Services. However, the Court's August 23, 2010 order of default judgment was not against First American. The Court specifically stated that "The Court will hold in abeyance all claims against defendant First American Loanstar." *See*, Civil Minutes, Exhibit "1." Any reference in the Proposed Judgment to First American Loanstar should be stricken.

B. **Objections to Paragraph 5 of the Proposed Judgment**

Plaintiffs propose an order for defendant First American Loanstar to issue and record a "Deed of Reconveyance" for the subject Deed of Trust.

Defendants object to proposed reconveyance to the extent the issuance and recording of a reconveyance of the deed of trust is not conditioned upon the return of the loan proceeds to the Chase Defendants as required under 15 U.S.C. § 1635(b).

Pursuant to Section 1635(b) and in order to effectuate equity, the Chase Defendants state that any reconveyance of the deed of trust be conditioned upon Plaintiff delivering the full amount of the loan proceeds, minus the statutory deductions for finance charges, earnest money, and down payment. The Chase Defendants state that the Proposed Judgment incorporate language that a reconveyance shall be issued and recorded by the current beneficiary or its authorized agent within 20 days only upon Plaintiffs delivering the full loan proceeds of the subject Note and Deed of Trust to the Chase Defendants, minus any statutory deductions under 15 U.S.C. § 1635(b).

1146511.1

## C.    Objection to paragraph 8 of the Proposed Judgment

Plaintiffs' assertion that "ownership of the loan proceed is vested in the Plaintiffs without obligation on their part to pay for it" is incorrect and contrary to the Court's Civil Minutes.  The Court stated that it may "possibly" order "forfeiture of the loan."

Defendants contend that rescission of the loan based on the Truth in Lending Act ("TILA") and upon principles of equity, require Plaintiffs to return the loan proceeds as part of rescission remedy, minus any finance charges, earnest money, or down payment, pursuant to 15 U.S.C. § 1635(b) and as implemented by Section 226.23(d)(3) of Regulation Z.  Especially where Plaintiff Paul Nguyen *admitted* in his deposition that a prior loan to Wells Fargo Bank was paid off in the amount of $108,881.35, and Plaintiffs received a cash payout of over $100,000.00 from the Chase loan proceeds, a return of the proceeds is mandated.

Section 1635(b) governs recession under TILA:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures

OBJECTION TO [PROPOSED] ORDER OF DEFAULT

1146511.1

prescribed by this subsection shall apply except when otherwise ordered by a court.

Section 226.23 of Regulation Z implements § 1635(b). It tracks the statute and states:

> (d) Effects of rescission.
>
> (1) When a consumer rescinds a transaction, the security interest giving rise to the right of rescission becomes void and the consumer shall not be liable for any amount, including any finance charge.
>
> (2) Within 20 calendar days after receipt of a notice of rescission, the creditor shall return any money or property that has been given to anyone in connection with the transaction and shall take any action necessary to reflect the termination of the security interest.
>
> (3) If the creditor has delivered any money or property, the consumer may retain possession until the creditor has met its obligation under paragraph (d)(2) of this section. When the creditor has complied with that paragraph, **the consumer shall tender the money or property to the creditor**....
>
> (4) **The procedures outlined in paragraphs (d)(2) and (3) of this section may be modified by court order.**

12 C.F.R. § 226.23 (Emphasis added).  *See, Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 -1171 (9th Cir. 2003).

The plain language of Section 226.23(b)(3) of Regulation Z requires repayment of the money or property to the lender where the lender has complied with its obligations under rescission.  Indeed, courts have even required the repayment of the loan as a condition *prior* to a determination of rescission.  *See, e.g., FDIC v. Hughes Dev. Co.*, 938 F.2d 889, 890 (8th Cir.1991)(district court did not err in conditioning rescission on tender of $100,000 principal within one year); *Williams*, 968 F.2d 1137,

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

---

4

1146511.1

1141-42 (11th Cir. 1992)(voiding of creditor's security interest in home may be conditioned on consumer's tender of amount owed to creditor after subtracting all finance charges and penalties); *Bustamante v. First Fed. Sav. & Loan Ass'n,* 619 F.2d 360, 365 (5th Cir.1980)(creditor's TILA obligations were not automatically triggered until obligor tendered repayment); *In re Wepsic,* 231 B.R. 768, 776 (Bankr. S.D.Cal. 1998) (conditioning "the benefits of rescission" on the borrower's tender of "her duty of repayment under the statute").

Here, Plaintiffs misconstrue the provision in § 1635(b) allowing the borrower to tender the property to the lender (after the lender complies with its obligations) "at the location of the property or at the residence of the obligor" and "if the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it." *See,* § 1635(b). Plaintiffs have not alleged, and there is no evidence, that Plaintiffs offered possession of the subject property to the Chase Defendants. No allegation or evidence exists that Plaintiffs offered the keys to the Property to the Chase Defendants "at the location of the property or at the residence" of Plaintiffs as part of Plaintiff's rescission request. Thus, the assertion that Plaintiffs are entitled to the subject property without repayment of the loan proceeds is flawed, improper, and inapplicable.

Instead, § 223.26(b)(3) and principles of equity upon which the TILA rescission remedy is based requires the return of the loan proceeds. Plaintiff Paul Nguyen admitted in his deposition to receiving over $200,000.00 in benefits from the Chase loan.

> Q:   But did you obtain a loan for $250,000 from Chase; right? You knew that at the close of escrow?
> A:   Yes.
> Q:   And you got cash out of $106,720?
> …
> A:   If it's documented, then I'm sure it is.
> Q:   This is the borrower's statement, which is the first page of Exhibit 6.

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

OBJECTION TO [PROPOSED] ORDER OF DEFAULT

1146511.1

A:     Yes.

Q:     That says basically after excluding all of the fees, and it looks like there was a payoff of the Wells Fargo loan of **$108,881.35**. Do you see that?

A:     Yes.

Q:     The total amount that was – you say that was due to you, which was the cash out –

A.     After the fee, yes.

Q:     -- was **$106,720.79**.  Do you see that?

A:     Yes.

Q:     Does that sound about right as to the cash out to you?

A:     Based on my recollection, I think it's roughly around 98,000, 99,000.

Q:     Okay.  But somewhere around **100,000** that you –

A:     Roughly.

(Deposition of Paul Nguyen, attached hereto as Exhibit "2", pp. 71:15-71:14)(emphasis added).

The benefit received by Plaintiffs via a payoff of a prior Wells Fargo loan and a cash out to Plaintiffs is further evidenced by the final HUD-1 Settlement Statement. Attached hereto as Exhibit "3".

Accordingly, Plaintiff is entitled to an offset for interest and loan fees in origination.  However, paragraph 8 of the Proposed Judgment should be stricken and replaced with an order to comply with the rescission requirements pursuant to 15 U.S.C § 1635(b) and as implemented by section 223.26 of Regulation Z.

**D.     Objection to Paragraph 9 of the Proposed Judgment**

Plaintiffs request that defendant Chase Bank USA, N.A. return "Plaintiff's money or property given as earnest money, down payment, or otherwise" within 20 days after entry of judgment.  However, "[R]escission under § 1635(b) is an on-going process consisting of a number of steps, there is no reason why a court that may alter the sequence of procedures after deciding that rescission is warranted." *Yamamoto v. Bank of New York* 329 F.3d 1167, 1173 (9th Cir. 2003).

Here, Plaintiffs have benefitted over $200,000.00 from the Chase loan.  It is

OBJECTION TO [PROPOSED] ORDER OF DEFAULT

1146511.1

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

axiomatic that to receive equity, Plaintiffs must do equity.  The Chase Defendants are
unable to independently verify that Plaintiffs are currently able to tender the amount
owed on the loan. It is not unreasonable to effectuate rescission that the court require
Plaintiffs to tender the rescission amounts owed prior to any return of monies to
Plaintiffs.

Defendants request that the Proposed Judgment order Plaintiffs to make the
rescission payment within 20 days of the entry of judgment and that the Chase
Defendants will have 20 days thereafter to return the finance charges, down payment,
and payments made on the loan.

### E.   Objection to Paragraph 10 of the Proposed Judgment

Defendants object to paragraph 10 of the Proposed Judgment requesting
"statutory [damages] of $4,000.000" against defendant Chase Bank USA, N.A.  The
Court's Civil Minutes specified the relief granted to Plaintiffs, which specifically **did
not** include statutory damages under 15 U.S.C. § 1640.  Accordingly, paragraph 10
should be stricken in its entirety.

## II.   CONCLUSION

Defendants respectfully request that the Court strike the portions of the
Proposed Judgment objected to by Defendants and enter an order incorporating the
requested relief by the Chase Defendants and as reflected in the Court's Civil Minutes
dated August 23, 2010.

Dated:  September 1, 2010
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation


By: /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE
HOME FINANCE LLC

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

1146511.1

# Exhibit 1

Case 2:09-cv-04589-AHM-AJW   Document 115   Filed 08/23/10   Page 1 of 1   Page ID #:1061

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV09-04589-AHM (AJWx) | Date | August 23, 2010 |
|---|---|---|---|

| Title | PAUL NGUYEN, et al. v. CHASE BANK USA, N.A., et al. |
|---|---|

Present: The Honorable   A. HOWARD MATZ, U.S. DISTRICT JUDGE

| Stephen Montes | Cindy Nirenberg | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Paul Nguyen, *pro se* <br> Laura Nguyen, *pro se* | Katherine S. Agbayani |

**Proceedings:**   FINAL PRETRIAL CONFERENCE (non-evidentiary)

Court creates a record for issuing default against Chase Home Finance, LLC and Chase Bank USA, N.A. (collectively, "Chase") for their failure to submit the required pre-trial documents and lack compliance with certain prior orders. The Court DENIES Chase's request to continue the trial in order to allow defendants to file cross-claims against Joseph Cao San Tran, Angel Tran, Sydney Funding, and Nexus Escrow, Inc. as contained in the Declaration of S. Christopher Yoo in Response to Order to Show Cause re: Why Default Judgment Should Not be Entered Against Defendants Chase Home Finance, LLC and Chase Bank, USA, N.A. (Docket Entry No. 110).

For reasons and findings stated on the record, the Court will enter default judgment against defendants Chase Home Finance, LLC and Chase Bank USA, N.A. for rescission of the loan, voidance of the deed of trust, quiet title, and possibly forfeiture of the loan. Plaintiffs shall also be entitled to costs. Plaintiffs must prepare and submit a proposed judgment by not later than August 30, 2010. Defendants may respond to the proposed judgment by not later than September 1, 2010 and any reply thereto must be filed by not later than September 3, 2010. If the parties are unable to agree to a proposed judgment, then plaintiffs must file a motion for entry of judgment by not later than September 13, 2010. The Court will hold in abeyance all claims against defendant First American Loanstar. The Court has made a careful and considered determination of its decision to enter judgment and will not be receptive to the filing of a motion for reconsideration.

|  |  | : | 42 |
|---|---|---|---|
|  | Initials of Preparer |  | SMO |

Exhibit 2

CERTIFIED COPY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

PAUL NGUYEN, an individual;    )
and LAURA NGUYEN, an individual, )
                                )
           Plaintiffs, )
                                )
vs.                        )   No. CV09-4589 AHM (AJWx)
                                )
Chase Bank USA, N.A.; Chase Home )
Finance, LLC; First American     )
Loanstar Trustee Services;      )
Joseph Son Cao Tran, an         )
Individual; and DOES 1 through  )
50, inclusive,               )
                                )
           Defendants. )
                                )
_____ )

## DEPOSITION OF PAUL NGUYEN

### MAY 27, 2010

✳ Heather Susanne Ayers, CSR 11871
   303090

BARKLEY
Court Reporters
barkley.com

(310) 207-8000 Los Angeles   (415) 433-5777 San Francisco   (949) 955-0400 Irvine   (858) 455-5444 San Diego
(916) 922-5777 Sacramento   (408) 885-0550 San Jose   (760) 322-2240 Palm Springs   (951) 686-0606 Riverside
(818) 702-0202 Woodland Hills   (212) 808-8500 New York City   (347) 821-4611 Brooklyn   (518) 490-1910 Albany
(516) 277-9494 Garden City   (914) 510-9110 White Plains   (312) 379-5566 Chicago   (702) 366-0500 Las Vegas
+33 1 70 72 65 26 Paris-France

1   fees, and it looks like there was a payoff of the Wells Fargo

2   loan of $108,881.35.  Do you see that?

3       A.    Yes.

4       Q.    The total amount that was -- you say that was due

5   to you, which was the cash out --

6       A.    After the fee, yes.

7       Q.    -- was $106,720.79.  Do you see that?

8       A.    Yes.

9       Q.    Does that sound about right as to the cash out to

10   you?

11       A.    Based on my recollection, I think it's roughly

12   around 98,000, 99,000.

13       Q.    Okay.  But somewhere around 100,000 that you --

14       A.    Roughly.

15       Q.    Turn to the next page of Exhibit 6.  I'm sorry,

16   the next document would be the name affidavit.

17       A.    Yes.

18       Q.    Is that your signature?

19       A.    Yes.

20       Q.    And it says, "Also known as Paul K. Nguyen."

21   That's the Paul Kim --

22       A.    Yes.

23       Q.    And it says the notary to be Joseph Son Cao Tran.

24   Do you recall Mr. Tran notarizing the documents for you?

25       A.    Yes.

71

PAUL NGUYEN

BARKLEY
Court Reporters

EXHIBIT 1

1  of the testimony given by the witness.  (Fed. R. Civ. P.

2  30(f)(1)).

3       Before completion of the deposition, review of

4  the transcript [XX] was [  ] was not requested.  If

5  requested, any changes made by the deponent (and

6  provided to the reporter) during the period allowed, are

7  appended hereto.  (Fed. R. Civ. P. 30(e)).

8

9  Dated:  JUNE 2, 2010

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

BARKLEY
Court Reporters

Exhibit 3

OMB No. 2502-0265

| A. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | B. TYPE OF LOAN |
|---|---|
| SETTLEMENT STATEMENT | 1. ☐ FHA  2. ☐ FHMA  3. ☒ CONV. UNINS. |
| | 4. ☐ VA  5. ☐ CONV. INS. |

**NEXUS ESCROW, Inc.**
9741 Bolsa Avenue, Suite. 209, Westminster, CA 92683
Tel: (714) 839-7486 • Fax: (714) 443-2531

| 6. FILE NUMBER: 07-1022-JN | 7. LOAN NUMBER 1096946990 |
|---|---|
| 8. MORTGAGE INS. CASE NO.: | |

C. NOTE: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. NAME & ADDRESS OF BORROWER: | Paul Nguyen and Laura Nguyen 16141 Quartz Street, Westminster, CA 92683 |
|---|---|

E. NAME & ADDRESS OF SELLER:

| F. NAME & ADDRESS OF LENDER: | Chase Bank USA, N.A 770 The City Drive, Suite 2000, Orange, CA 92868 |
|---|---|

G. PROPERTY LOCATION: 16141 Quartz Street, Westminster, CA 92683

| H. SETTLEMENT AGENT: | Nexus Escrow, Inc. |
|---|---|
| PLACE OF SETTLEMENT: | 9741 Bolsa Ave., Suite 209, Westminster, CA 92683 (714) 839-7486 |

I. SETTLEMENT DATE: 12/12/2007 Estimated

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due From Borrower:** | | **400. Gross Amount Due To Seller:** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower: (line 1400) | 33,336.59 | 403. | |
| 104. Property Tax-1st Half 07-08 | 1,539.76 | 404. | |
| 105. Payoff To WELLSFARGO BANK | 108,882.11 | 405. | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Adjustments For Items Paid By Seller In Advance:** | | **Adjustments For Items Paid By Seller In Advance:** | |
| 106. City/town taxes       to | | 406. City/town taxes       to | |
| 107. County taxes          to | | 407. County taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 113. | | 413. | |
| 114. | | 414. | |
| 115. | | 415. | |
| 116. | | 416. | |
| **120. Gross Amount Due From Borrower:** | 143,758.46 | **420. Gross Amount Due To Seller:** | |
| **200. Amounts Paid By Or In Behalf Of Borrower:** | | **500. Reductions In Amount Due To Seller:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | 250,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1st Mtg. Ln. | |
| 205. | | 505. Payoff 2nd Mtg. Ln. | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| | | | |
| | | | |
| | | | |
| | | | |
| **Adjustments For Items Unpaid By Seller:** | | **Adjustments For Items Unpaid By Seller:** | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| | | | |
| **220. Total Paid By/For Borrower:** | 250,000.00 | **520. Total Reductions In Amount Due Seller:** | |
| **300. Cash At Settlement From/To Borrower:** | | **600. Cash At Settlement From/To Seller:** | |
| 301. Gross amount due from borrower (line 120) | 143,758.46 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | 250,000.00 | 602. Less reductions in amount due seller (line 520) | |
| **303. Cash ☐FROM ☒TO Borrower:** | 106,241.54 | **603. Cash ☐TO ☐FROM Seller:** | 0.00 |

Previous Edition Is Obsolete
Form No. 1581
3/86

Page 1 of 2

SB-4-3538-000-1
HUD-1 (3-86)
RESPA, HB 4305.2

EXHIBIT

| L. | SETTLEMENT CHARGES | | | 1022-7N |  |
|---|---|---|---|---|---|
| | | | | Paid From Borrower's Funds At Settlement | Paid From Seller's Funds At Settlement |
| 700. Total Sales/Broker's Commission: Based On Price $ @ %= | | | | | |
| Division of Commission (line 700) As Follows: | | | | | |
| 701. $ to | | | | | |
| 702. $ to | | | | | |
| 703. Commission paid at settlement | | | | | |
| 704. | | | | | |
| **800. Items Payable In Connection With Loan:** | | | | | |
| 801. Loan Origination fee 1.0000 % SYDNEY FUNDING | | | | 2,500.00 | |
| 802. Loan Discount 2.0000 % Chase Bank USA, N.A | | | | 5,000.00 | |
| 803. Appraisal fee to: Express Appraisal | | | | 275.00 | |
| 804. Credit report to: | | | | | |
| 805. Lender's inspection fee | | | | | |
| 806. Mortgage insurance application fee to | | | | | |
| 807. Assumption fee | | | | | |
| 808. Processing Fee To: SYDNEY FUNDING | | | | 545.00 | |
| 809. Underwriting Fee To: SYDNEY FUNDING | | | | 600.00 | |
| 810. Flood Determination To: 1st American Flood Service | | | | 9.00 | |
| 811. Tax Registration To: 1st American Tax Service | | | | 84.00 | |
| 812. Processing Fee To: Chase Bank USA, N.A | | | | 500.00 | |
| 813. Underwriting Fee To: Chase Bank USA, N.A | | | | 300.00 | |
| 814. Courier Fee To: Federal Express | | | | 20.00 | |
| 815. Flood Cert To: 1st American Flood Service | | | | 5.00 | |
| 816. | | | | | |
| **900. Items Required By Lender To Be Paid In Advance:** | | | | | |
| 901. Interest from 12/12/2007 to 1/01/2008 @$ 61.1301 /day (20 days) | | | | 1,222.60 | |
| 902. Mortgage insurance premium for mo. to | | | | | |
| 903. Hazard insurance premium for yrs. to | | | | | |
| 904. Flood insurance premium for yrs. to | | | | | |
| 905. | | | | | |
| 906. | | | | | |
| **1000. Reserves Deposited With Lender:** | | | | | |
| 1001. Hazard insurance months @ $ per month | | | | | |
| 1002. Mortgage insurance months @ $ per month | | | | | |
| 1003. City property taxes months @ $ per month | | | | | |
| 1004. County property taxes months @ $ per month | | | | | |
| 1005. Annual assessments months @ $ per month | | | | | |
| 1006. Flood insurance months @ $ per month | | | | | |
| 1007. months @ $ per month | | | | | |
| 1008. Aggregate Adjustment | | | | | |
| 1009. | | | | | |
| **1100. Title Charges** | | | | | |
| 1101. Settlement or closing fee to Nexus Escrow, Inc. | | | | 450.00 | |
| 1102. Abstract or title search to | | | | | |
| 1103. Title examination to | | | | | |
| 1104. Title insurance binder to | | | | | |
| 1105. Document preparation to Nexus Escrow, Inc. | | | | 60.00 | |
| 1106. Notary fees to Nexus Escrow, Inc. | | | | 60.00 | |
| 1107. Attorney's fees to | | | | | |
| (includes above Item Numbers: ) | | | | | |
| 1108. Title insurance to Fidelity National Title Company | | | | | |
| (includes above Item Numbers: ) | | | | 672.00 | |
| 1109. Lender's coverage $ 250,000.00 Premium: $672.00 | | | | | |
| 1110. Owner's coverage $ | | | | | |
| 1111. Endorsement to Fidelity National Title Company | | | | 45.00 | |
| 1112. Sub Escrow Fee to Fidelity National Title Company | | | | 70.00 | |
| 1113. Express Fee to Fidelity National Title Company | | | | 40.00 | |
| 1114. Exhibit "C" Attached Hereto. | | | | 335.00 | |
| **1200. Government Recording and Transfer Charges:** | | | | | |
| 1201. Recording fees: Deed $ ;Mortgage $ 90.00 ;Releases $ | | | | 90.00 | |
| 1202. City/county tax/stamps: Deed $ ;Mortgage $ | | | | | |
| 1203. State tax/Stamps: Deed $ ;Mortgage $ | | | | | |
| 1204. | | | | | |
| 1205. | | | | | |
| **1300. Additional Settlement Charges:** | | | | | |
| 1301. Survey to | | | | | |
| 1302. Pest inspection to | | | | | |
| 1303. Creditor Payment to CIR Law Offices | | | | 19,256.99 | |
| 1304. Flood Insurance to Fire Insurance Exchange | | | | 1,110.00 | |
| 1305. Hazard Insurance to AAA | | | | 87.00 | |
| 1306. | | | | | |
| 1307. | | | | | |
| 1308. | | | | | |
| 1309. | | | | | |
| 1310. | | | | | |
| 1311. | | | | | |
| 1312. | | | | | |
| 1313. | | | | | |
| 1400. Total Settlement Charge (Enter on line 103, Section J- and - line 502, Section K) | | | | 33,336.59 | |

15-2

ATTACHMENT TO HUD 1  
Settlement Date: 12/12/2007

Escrow No.:    07-1022-JN  
Title No.:    30146667  
Page:    1

**EXHIBIT A: Tax Payment Breakdown**  
Breakdown of Tax Payments:  
County Taxes

| Year | Amount | Interest | Penalty |
|---|---|---|---|
| 1st Half 07-08 | $1399.78 | | $139.98 |

**EXHIBIT B: (HUD Section 100)**  
Gross Amount Due From Borrower - Loan Payoff Breakdown:

    Buyer Amount

**WELLSFARGO BANK**

| | | Buyer Amount |
|---|---|---|
| Principal Balance To: WELLSFARGO BANK | | 107,447.20 |
| Interest Per Diem From 10/01/2007 to 12/14/2007 @ $ | 18.0305 To: WELLSFARGO | 1,334.26 |
| Statement / Demand Fee To: WELLSFARGO BANK | | 36.00 |
| Late Charge To: WELLSFARGO BANK | | 64.65 |
| | Total: | 108,882.11 |

**EXHIBIT C: (HUD Section 1100)**  
Title Charges:

    Buyer Amount

| | | Buyer Amount |
|---|---|---|
| Wire Fee to Fidelity National Title Company | | 35.00 |
| Escrow Pad to Nexus Escrow, Inc. | | 300.00 |
| | Total: | 335.00 |

15 - 3

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE
*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On September 1, 2010, I served the foregoing document described as **OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF AGAINST CHASE BANK USA, N.A.; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES ON THE INTERESTED PARTIES IN THIS ACTION.**

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☐ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 1, 2010, at Santa Ana, California.

/s/ Michelle E. Ault
MICHELLE E AULT

OBJECTION TO [PROPOSED] ORDER OF DEFAULT

1146511.1

# SERVICE LIST

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

| | |
|---|---|
| Paul Nguyen<br>Laura Nguyen<br>16141 Quartz Street<br>Westminster. CA 92683 | (714) 360-7602-telephone<br><br>**Plaintiffs in Pro Per** |
| T. Robert Finlay, Esq.<br>Christina Danielle Rovira, Esq.<br>Wright Finlay & Zak LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach. CA 92660 | (949) 477-5050-telephone<br>(949) 477-9200-facsimile<br><br>**Attorney for Defendant, First American Loanstar Trustee Services** |
| Kermit David Marsh, Esq.<br>Kermit D. Marsh Law Offices<br>9550 Warner Avenue, Suite 250<br>Fountain Valley, CA 92708 | (714) 593-2321-telephone<br>(714) 593-2399-facsimile<br><br>**Attorney for Defendant, Son Cao Tran aka Doe 1** |

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

OBJECTION TO [PROPOSED] ORDER OF DEFAULT

1146511.1