PAUL NGUYEN
16141 Quartz Street
Westminster, CA 92683
Telephone: (714) 360-7602
Email: mnapaul1@gmail.com

Plaintiffs in Pro Persona

FILED
2010 SEP -3  AM 10: 42
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Joseph Son Cao tran, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　　　　Defendants. | Case No. CV09-4589 AHM (AJWx)<br><br>PLAINTIFF PAUL NGUYEN'S REPLY TO OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF BY CHASE BANK USA, NA; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES. |

**PLAINTIFF PAUL NGUYEN REPLIES TO OBJECTION AS FOLLOWS:**

**I.    THE COURT ISSUED DEFAULT JUDGMENT BECAUSE DEFENDANTS FAILED TO COMPLY WITH COURT ORDERS.**

At the Final Pre-Trial Conference, the Court issued default judgment against Chase Defendants and deferred judgment against First American Loanstar Trustee Services because Plaintiffs did not have all prayers available from their operative

complaint, Second Amended Complaint. Neither Mr. Yoo, counsel for Chase nor counsel for First American Loanstar Trustee Services were at the final pre-trial conference as ordered by the Court. To date, there is no indication from counsel for First American Loanstar as to why they did not appear.

### A. REPLY TO OBJECTION TO PARAGRAPH 3 OF PROPOSED JUDGMENT.

At the pre-trial conference, Plaintiff was uncertain as to the status of Defendant American Loanstar Trustee Services and could not in good faith in making proper response to the Court's inquiry as to whether a Default Judgment should be entered against Defendant American Loanstar Trustee Services. This Defendant failed to appear at the final pre-trial conference and default judgment would be justified.

After the hearing, Plaintiff reviewed her SAC and determined that judgment entered against First American Loanstar Trustee Services is necessary to effectuate the transfer of forged deed of trust.

While monetary damages may not be imposed against this Defendant; however, judgment requiring this defendant to reconvey the forged deed of trust is necessary because it is the trustee of record.

### B. REPLY TO OBJECTION TO PARAGRAPH 5 OF PROPOSED JUDGMENT.

As alleged and deemed to be true in Second Amended Complaint, Plaintiff Laura Nguyen's signature was forged on the recorded Deed of Trust without the knowledge of Plaintiff PAUL NGUYEN and therefore VOID. Plaintiff PAUL NGUYEN did not have any knowledge of alteration made to the deed of trust. *"Since the deed was altered without the knowledge, consent or approval of plaintiffs, after it had been signed by them and transmitted to the escrow holder, it was void."* … *"A void instrument such as an undelivered or a forged deed does not convey*

- 2 -

PLAINTIFF PAUL NGUYEN'S REPLY TO OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF BY CHASE BANK USA, NA; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES.

*anything and cannot be made the foundation of a good title.* (Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968].)" <u>Montgomery V. Bank Of America National Trust and Savings Association</u> (1948) 85 Cal. App. 2d 559.

Because the forged Deed of Trust is VOID as matter of law, instead of VOIDABLE under TILA rescission, reconveyance of Deed of Trust without condition or Court order declaring such deed of trust wholly void is necessary to effectuate equity as prayed in Plaintiffs' Second Amended Complaint.

**C. REPLY TO OBJECTION TO PARAGRAPH 8 OF PROPOSED JUDGMENT.**

Tender offer was made as part of the rescission notice [<u>See</u> Complt. Exh D and Docket 36]. Defendants cited number of authorities which involved rescission without offer to tender. In fact, forfeiture is part of Section 1635(b) as cited by Defendants, which specifically stated that *"If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it."*

The case on point which is cited in the authorities cited by Defendants is <u>Sosa v. Fite</u> (5th Cir. 1974) 498 F.2d 114. In that case, Sosa specifically offered to tender as part of the rescission notice. However, defendant refused to rescind and upon finding TILA violation; forfeiture provision under Section 1635(b) applied. The <u>Sosa</u> Court stated as followed:

*"Congress scarcely could have contemplated such a disruptive commercial stand-off. We therefore conclude that under the circumstances of this case the debtor's obligation to restore the creditor to the status quo ante was discharged by an offer accompanying notice of rescission, since the creditor within ten days of notification failed to return all monies previously paid by the debtor or to reflect dissolution of the security interest."*

Therefore, forfeiture provision applied in this case.

### D. REPLY TO OBJECTION TO PARAGRAPH 9 OF PROPOSED JUDGMENT.

Defendants misstated *Yamamoto*, wherein the party in such case did not offer to tender and was a party to the transaction. Here, Defendants refused to accept Plaintiff's offer to tender and rescind the loan. TILA is a self-enforced provisions and as stated in <u>Sosa</u>, *"Congress scarcely could have contemplated such a disruptive commercial stand-off."*

### E. REPLY TO OBJECTION TO PARAGRAPH 10 OF PROPOSED JUDGMENT.

Plaintiff Laura Nguyen did not receive Notice of Right to Cancel as mandated. Defendants refused to rescind the transaction; that a violation in itself. Therefore, statutory damages of $4,000.00 applied.

## II. CONCLUSION

Plaintiff Paul Nguyen respectfully request that the Court deny Defendants objection and enter judgment order as stated.

DATED: Sept. 2, 2010                               Respectfully Submitted;

                                                   _____
                                                   Paul Nguyen, Plaintiff

- 4 -

PLAINTIFF PAUL NGUYEN'S REPLY TO OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF BY CHASE BANK USA, NA; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES.

## PROOF OF SERVICE

I am a citizen of the United States; I am over 18 years of age; my business address is 9353 Bolsa Ave, #L4, Westminster, California 92683. I am employed in the County of Orange where this mailing occurred.

On 09/03/2010, I served the following document(s):

PLAINTIFF PAUL NGUYEN'S REPLY TO OBJECTION TO [PROPOSED] ORDER OF DEFAULT JUDGMENT AND OTHER EQUITABLE RELIEF BY CHASE BANK USA, NA; CHASE HOME FINANCE, LLC AND FIRST AMERICAN LOANSTAR TRUSTEE SERVICES.

By placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to each of the parties herein and addressed as follows:

ADORNO YOSS ALVARADO & SMITH
Attention S. Christopher Yoo
1 MacArthur Place, Suite 200
Santa Ana, CA 92707

WRIGHT, FINLAY & ZAK, LLP
Attention: T. Robert Finlay
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660

____ **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

____ **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____ **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered via Federal Express to the addressee(s) designated.

xx   **BY EMAIL:** I caused said documents(s) to be transmitted to the email(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Westminster, California, on 09/03/2010

_____
HIEN LAM