1  PAUL NGUYEN
2  LAURA NGUYEN
   16141 Quartz Street
3  Westminster, CA 92683
   Telephone: (714) 360-7602
4  Email: mnapaul1@gmail.com

Plaintiffs in Pro Persona

[FILED 2010 SEP 13 PM 12:01 CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES BY ___]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services. <br><br> Defendants. | **Case No. CV09-4589 AHM (AJWx)** <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT. <br><br> DATE: OCT. 4, 2010 <br> TIME: 10:00 AM <br> ROOM: 14 <br><br> HON. A. HOWARD MATZ |

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. SUMMARY OF FACTS.

This is a Truth-in-Lending ("TILA") and Real Estate Settlement Procedure Act ("RESPA") case in which a mortgage loan was purportedly made to Plaintiff PAUL NGUYEN only even though title to the property is held in joint tenancy. The signature of Plaintiff LAURA NGUYEN was forged on Deed of Trust which encumbered the property. Forgery of the Deed of Trust was done after the Notary Public had witness the signature of Plaintiff PAUL NGUYEN. Second Amended Complaint ("SAC") at 5-6 and at 11-12. Furthermore, the signature of Plaintiff LAURA NGUYEN was forged on the Notice of Right to Cancel and other loan related documents. SAC at 6, ¶ 26-29.

Upon discovery of such forgeries, Plaintiffs LAURA NGUYEN and PAUL NGUYEN notified Defendant Chase Bank USA, NA of rescission of the subject loan and offer to tender on April 6, 2009 and again on April 13, 2009. SAC at 7, ¶ 31-32. True and correct copies Notice of Rescission and offer to tender are attached herewith as Exhibit "1".

In order to effectuate proper tender, Plaintiff PAUL NGUYEN sent a Qualified Written Request ("QWR") to Defendant Chase Home Finance, LLC, servicer of the subject loan, on April 8, 2009 via U.S. Post Certified Mail with return receipt. The return receipt indicated that the QWR was delivered and received by Joo Cowans at Chase Home Finance, LLC. SAC at 14, ¶ 67-68. True and correct copy of QWR and its acknowledgment are attached herewith as Exhibit "2". To date, Defendant Chase Home Finance, LLC has not responded to Plaintiff's QWR.

Plaintiffs filed their second amended complaint ("SAC") on November 23, 2009 [Docket # 96] after the Court granted the motion to dismiss filed by Defendants Chase Bank USA, NA and Chase Home Finance, LLC [Docket # 92]. Thus, the operative complaint for this default judgment is Plaintiffs' Second Amended Complaint.

The Court scheduled for Final Pretrial Conference on August 23, 2010. Defendants Chase Bank USA, N.A, Chase Home Finance, L.L.C. and First American Loanstar Trustee Services failed to submit the required pre-trial documents and lack compliance with preliminary injunction orders numerous times. Therefore, the Court set Order to Show Cause re: Why Default Judgment should not be entered against Defendants Chase Bank USA, N.A. and Chase Bank USA, N.A. [Docket #110].

On August 23, 2010, the Court held the hearing on its Order to Show Cause and entered default judgment against Defendants Chase Bank USA, N.A. and Chase Home Finance, LLC; while holding in abeyance all claims against defendant First American Loanstar Trustee Services [Docket # 115].

## 2. **JUDGMENT BY DEFAULT SHOULD BE ENTERED AGAINST DEFENDANTS.**

### a. **Plaintiffs Has Fulfilled the Procedural Requirements For A Default Judgment.**

Rule 55(b)(2) of the Federal Rules of Civil Procedure and this Court's Local Rule 55-1. Pursuant to the Court's minute order dated August 23, 2010 [docket #115], Plaintiffs' prepared and submitted their proposed judgment on August 30, 2010. Defendants objected to Plaintiffs' proposed order of default judgment on September 1, 2010 as order by the Court [docket # 118 and 120]. On September 3, 2010, Plaintiffs replied to Defendants' objection on September 3, 2010 [docket # 121 and 122]. Because the parties are unable to agree to the proposed judgment, therefore, Plaintiffs filed this motion for entry of judgment as order by the court.

### b. **Applying the *Eitel* Factors Confirms that this is a Proper Case for the Entry of Default Judgment.**

"The district court's decision whether to grant or deny a default judgment is discretionary in nature." *Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 338, 392 (C.D. Cal. 2005). The Ninth Circuit has identified seven factors applicable to the decision whether to grant a Default Judgment, *id., citing Eitel v.*


*McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); and "[i]n applying this discretionary standard, default judgments are more often granted than denied." *Elektra Entm't*, 226 F.R.D. at 392, quoting *PepsiCo v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999).

Applying the seven *Eitel* factors here compels the conclusion that a Default Judgment on Plaintiffs' Second Amended Complaint should be entered against defendants.

### i. Factor One: the Possibility of Prejudice to Plainitffs if A Default Judgment is Not Entered.

The first *Eitel* factor is the possibility that the plaintiffs would be prejudiced if a default judgment is not entered. *Eitel*, 782 F.2d at 1471-72. Here, the operative complaint is Second Amended Complaint which prayed for (1) rescission of mortgage loan; (2) order forfeiture of return of any loan proceeds because Defendants failed to accept Plaintiff PAUL NGUYEN offer to tender; (3) voiding deed of trust in connection with the mortgage loan; (3) order that defendants release and re-convey any deed of trust; (4) order requiring Defendants to return all monies, proceeds, payments, funds, revenues, fees and the like acquired from Plaintiff arising from the mortgage loan; (5) statutory damages resulting from Chase Bank USA, NA failure to rescind the mortgage loan in violation of TILA; (6) statutory damages resulting from Chase Home Finance LLC failure to respond to Plaintiffs' QWR; (7) exemplary and punitive damages resulted from forgeries; and (8) cost of suit incurred.

Here, if the Default Judgment is not entered upon Plaintiffs' Second Amended Complaint, then Plaintiffs "would be denied the right to judicial resolution of the claims presented" in their Second Amended Complaint. *Elektra Entm't*, 226 F.R.D. at 392. Further, defendants, by choosing not to comply with court orders to defend the case are "deemed to have admitted the truth of Plaintiffs' averments," Plaintiffs would "likely suffer great prejudice" if a default judgment is not entered.

*Philip Morris*, 219 F.R.D. at 499. This factor therefore cuts in favor of granting plaintiffs' motion.

### ii. Factor Two and Three: The Merits of Plaintiffs' Substantive Claims and Sufficiency of Plaintiffs' Pleading.

The second and third *Eitel* factors are the merits of the Plaintiffs' substantive claims and the sufficiency of the plaintiffs' pleadings to which default was entered. *Eitel*, 782 F.2d at 1471-72. These two factors are commonly analyzed together. *PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1175-76 (C.D. Cal. 2002); *Elektra Entm't*, 226 F.R.D. at 393-93; *Philip Morris*, 219 F.R.D. at 499-500. These "two *Eitel* factors 'require that a plaintiff state a claim on which the [plaintiff] may recover." *Id* at 499, *quoting PepsiCo*, 238 F.Supp. 2d at 1175 (citations and quotations omitted).

Here, Plaintiffs have pleaded and proven a substantial case of (1) fraud by forgery related to deed of trust and loan documents, (2) rescission and damages, (3) failure to comply with RESPA, (4) unfair business practice under California laws, and (5) quiet title.

#### 1. *Plaintiffs' First Claim for Relief: Fraud by Forgery.*

Plaintiffs' First Claim for Relief is for Fraud by Forgery of the Deed of Trust. Plaintiffs' second claim for "fraud by forgery" states that "[o]n or about December 7, 2007, Chase and/or its agents intentionally forged [the] signature of the Plaintiff Laura Nguyen on the Deed of Trust and other documents related to the Mortgage Loan with the intention of harming the Plaintiffs," and that their forgery was "undertaken as a part of a scheme to" prevent them from "knowing the true terms and conditions of the Mortgage Loan" and to prevent them from rescinding the Loan. SAC ¶¶ 50-51.

Additionally, in support of such claims, Plaintiffs offered the affidavit of Laura Nguyen in which she testified that she did not ever sign the Deed of Trust or Acknowledgement of receipt of Notice of Right to Cancel. Notice of

Declaration of Plaintiff Laura Nguyen in Support of Preliminary Injunction ¶¶ 4-8 [Docket no. 91].

Furthermore, Plaintiffs offered the affidavit of handwriting expert, Bart Baggett, who testified that "different person signed the name of Laura Nguyen" on the deed of trust, and Laura Nguyen was "not the person who hand wrote the 'and Laura Nguyen'" on the deed of trust. The expert further testified "other abnormalities and inconsistencies within the [deed of trust] which point to the possibility of material alterations of the original document." Plaintiffs' Expert Designation, Exhibit A [Docket no. 60], Notice of Handwriting Expert's Opinion in Support of Temporary Restraining Order and OSC Re Preliminary Injunction, Exhibit A [Docket no. 59].

Plaintiff LAURA NGUYEN was never a party to the transaction and did not receive any loan proceeds. "*Since the deed was altered without the knowledge, consent or approval of plaintiffs, after it had been signed by them and transmitted to the escrow holder, it was void.*" ... "*A void instrument such as an undelivered or a forged deed does not convey anything and cannot be made the foundation of a good title.* (Trout v. Taylor, 220 Cal. 652, 656 [32 P.2d 968].)" Montgomery V. Bank Of America National Trust and Savings Association (1948) 85 Cal. App. 2d 559. Plaintiff Laura Nguyen never consented to have her interest in the subject property incumbent nor was the recipient of the loan proceeds. However, through forgery committed by Chase and its agent, Plaintiff's interest in the property fraudulently conveyed.

Accordingly, Plaintiffs have established a substantial claim for Fraud by Forgery and the forged Deed of Trust is VOID as matter of law. Therefore, Defendant Chase is subjected to exemplary damages. The amount Plaintiff paid to Chase as part of the refinancing and mortgage payment made to Chase Home Finance totaled $57,652.00 and treble damage of such amounted to $172,957.00.

While tender of the loan is forfeited as discussed *supra*, such forfeiture of return the loan proceed is further justified as part of the exemplary damages.

### 2. *Plaintiffs' Second Claim for Relief: Rescission and Damages.*

Plaintiffs' Second Claim for Relief is for rescission and damages pursuant to 12 U.S.C. §1635 et.seq. Right of Rescission is extended to three years when the loan is a refinance, or non-purchase loan, secured by a principle dwelling 15 U.S.C. § 1635(a); 12 C.F.R. §§ 226.15(a) 226.23(a). Furhter, there must be a failure by the creditor to provide accurate material disclosures or the notice of right to cancel in the prescribed manner. 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3). Regulation Z defines, in no uncertain terms, what the term material disclosures is intended to include. "The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in sections 226.32(c) and (d)." 12 C.F.R. § 226.23(a)(3).

The notice of right to cancel is the most straight forward requirement of the creditor set forth by TILA. It apparent from reading TILA, Regulation Z and the associated commentary, that Congress was concerned with two aspects of the creditor/borrower relationship. First, they wanted to make sure borrowers received as much disclosure as practical so that they can make an informed decision. Second, they wanted to make sure that borrowers had ample time to consider this decision after being presented with all the details. The three-day right to cancel is intended to accomplish this second concern.

Although the forged Deed of Trust recorded by Chase is VOID as matter of law, the loan obtained by Plaintiff Paul Nguyen is subjected to rescission because Plaintiff Laura Nguyen, as joint tenant under grant deed, did not receive notice of right to rescind. Therefore, the loan is subject to rescission.

The statute of limitations on damages claims under TILA is one year. 15 U.S.C. § 1640(e). Plaintiff exercised its rights and notified Defendant Chase of rescission and tender the loan proceed on April 6 and April 13, 2009. SAC ¶¶ 31 and 32. However, Defendant failed to take action to rescind the loan and that constitutes violation of TILA. Therefore, Defendant Chase is subjected to statutory damages of $4,000.00.

Section 1635(b) governs rescission under TILA:

When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, down payment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of obligor, at the option of the obligor. **If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it**. Emphasis added.

Sosa v. Fite (5th Cir. 1974) 498 F.2d 114[1] interpreted the above provision as forfeiture in the case where obligor offers to tender as part of rescission and the creditor failed to take action. The Sosa Court stated as followed:

> *"Congress scarcely could have contemplated such a disruptive commercial stand-off. We therefore conclude that under the circumstances of this case the debtor's obligation to restore the creditor to the status quo ante was discharged by an offer accompanying notice of rescission, since the creditor within ten days of notification failed to return all monies previously paid by the debtor or to reflect dissolution of the security interest."*

Accordingly, Plaintiffs have established a substantial claim for rescission, statutory damages of $4,000.00 because Chase failed to take action to rescind the loan. Importantly, Defendant Chase must return all money received from Plaintiff as part of refinancing in the amount of $33,672.00 (A copy of Settlement Statement is attached herewith as Exhibit 1) along with payment made to Chase Home Finance in the amount of $23,980.80. Therefore, total amount to be returned by Chase is $57,652.00. Plaintiff Paul Nguyen's obligation to tender is forfeited because Chase failed to take possession of offer to tender made by Plaintiff.

### 3. *Plaintiffs' Fourth Claim for Relief: California Unfair Business Practice.*

Defendant Chase through its agent forged the deed of trust and other documents in order to incumbent Plaintiff Laura Nguyen's right to the subject property. Such unfair, fraudulent and deceptive practice violate California unfair business practice, California Business and Professions Code §§ 17200, et.seq.

As previously discussed, Chase and Chase Home Finance received $57,652.00 from Plaintiff and must be returned as restitution. Furthermore, through plaintiff's obligation to tender is forfeited as matter of right since Defendant

---

[1] Copy of the case is attached as Exhibit 2 of Plaintiff's Laura Nguyen response to Defendants' objection. Docket no. 122.

### vi. Factor Seven: The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits.

The seventh *Eitel* factor is the policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72. Defendants' decision not to prepare for final pretrial conference resulted in undisputed facts as presented by Plaintiffs.

Accordingly, each and all of the *Eitel* factors cut decidedly in favor of entry of a default judgment.

### 3. CONCLUSION.

Defendants, represented by counsel, chose not to comply with the court's order, thereby admitting the charging allegations and leaving to this Court to order the default judgment. This is an appropriate case for entry of a default judgment and plaintiffs respectfully submit it should be awarded the following relief: $4,000.00 in statutory damages against Chase, $57,652.00 in restitution and return of money Plaintiff paid to Defendant Chase, punitive damages of three times the damages on the unfair competition claim and fraud by forgery or $172,956.00, re-convey of deed of trust by Defendant Chase and First American Loan Trustee Services, and Plaintiffs' costs, in an amount to be fixed by the Court.

DATED: 9-13-10

_____
Paul Nguyen, Plaintiff

DATED: 9-13-10

_____
Laura Nguyen, Plaintiff