JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
THEODORE E. BACON (CA Bar No. 115395)
tbacon@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE HOME FINANCE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Sydney Funding and Realty, Inc.; Sidney Tran, an Individual; Nexus Escrow, Inc.; John Nguyen, an Individual; Joseph Son Cao Tran, and Individual; Realty Savers Inc.; Nguyen Paul Tuan, an Individual; and DOES 1 through 50, inclusive, <br><br> Defendants. | CASE NO.: CV09-4589 AHM (AJWx) <br><br> JUDGE:   Hon. A. Howard Matz <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION TO ALTER OR AMEND JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> (FRCP Rule 59(e)) <br><br> CTRM:   "14" <br> DATE:   November 8, 2010 <br> TIME:   10:00 a.m. <br><br> Action Filed: June 25, 2009 |

**TO PLAINTIFFS AND ALL INTERESTED PARTIES:**

**NOTICE IS GIVEN** that under Rule 59(e) of Federal Rules of Civil Procedure ("FRCP"), on November 8, 2010 at 10:00 a.m. or as soon thereafter as the matter can be heard in Courtroom "14" of the above-entitled Court, defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home," and collectively "Defendants") will move this Court to alter or amend the Judgment entered on

September 15, 2010, to require plaintiff Paul Nguyen to tender the repayment of the subject loan as a condition for rescission of said loan under 15 USC § 1635(i), and before Chase Bank USA, N.A. can be ordered to return to plaintiffs Paul Nguyen and Laura Nguyen (collectively "Plaintiffs") any money or property given as earnest money, down payment, or otherwise pursuant to 15 U.S.C. §1635(b). The basis of the Motion is that there was a clear error in the Court's ruling that Chase Bank forfeited its right to the loan proceeds by failing to respond to Plaintiffs' purported tender letter of April 12, 2009. Under Ninth Circuit law, the mere assertion by a borrower of the right to rescind under the federal Truth in Lending Act ("TILA") does not automatically trigger an obligation by the lender. There must be either an acknowledgement of rescission by the lender or an actual adjudication of rescission. Absent such an acknowledgement of rescission by the lender or adjudication of rescission, a tender by the borrower does not create the obligation to rescind under TILA. In short, the purported tender by the Nguyens under these circumstances of this case did not automatically require the Defendants either to take possession of the property or the loan proceeds pursuant to 15 U.S.C Section 1635(b).

<u>Counsel for Defendants met and conferred with Plaintiffs on September 29, 2010 regarding the grounds for this Motion. Therefore, Defendants have met the requirements of Local Rule 7-3</u>. *See*, Local Rule 7-3.

DATED: October 5, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
   JOHN M. SORICH
   S. CHRISTOPHER YOO
   Attorneys for Defendants
   CHASE BANK USA, N.A. and CHASE HOME FINANCE LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home," and collectively "Defendants") hereby submit the following memorandum of points and authorities in support of their Motion to Alter or Amend the Default Judgment entered on September 15, 2010.

## I. SUMMARY OF ARGUMENT

On September 15, 2010, the Court entered a default judgment against Defendants which provided that the subject loan was rescinded, and the underlying deed of trust is to be reconveyed within 20 days of September 15, 2010. However, in so ruling, the Court did not require plaintiffs Paul Nguyen and Laura Nguyen (collectively "Plaintiffs") to tender the loan proceeds as a condition for rescission of the subject loan or reconveyance of the subject deed of trust. *See*, Pacer Docket No. 127. Rather than requiring the Plaintiffs to tender the loan proceeds to the Defendants, the Court ruled that Defendant Chase Bank forfeited the loan proceeds by failing to take possession of the property or proceeds within 20 days of the tender made by Plaintiffs on April 12, 2009. *Id.*

This ruling of forfeiture based on a prior tender is in clear error because it is in contradiction to applicable Ninth Circuit law. The law in the Ninth Circuit law on this issue in unequivocal – the lender is not obligated to accept a tender from the borrower when the lender disputes the alleged violation and there has not been an adjudication of a violation affording the borrower the right to rescind. *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1170 -1171 (9th Cir. 2003). The controlling Ninth Circuit case is *Yamamoto* which holds that until the lender either <u>actually acknowledges the rescission</u> or until there is actual adjudication of a violation under the federal Truth in Lending Act ("TILA") which entitles the borrower to rescind, the borrower is merely asserting a claim for rescission under TILA. Under the law of the Ninth Circuit, in situations where the lender contests rescission, the lender's obligation to return the

1
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

1151782.2

property pursuant to 15 U.S.C. § 1635(b) is not triggered.

Accordingly, Plaintiffs' April 12, 2009 tender did not operate to trigger the Defendants' obligation to rescind under TILA and therefore, the ruling that the subject loan is voided and rescinded under TILA is in clear error. Defendants respectfully request that this Court alter or amend the judgment to require plaintiff Paul Nguyen to tender the subject loan proceeds (less costs of the loan) under Section 1635(b) as a condition for rescission of the subject loan under TILA.

## II. STATEMENT OF RELEVANT FACTS

The following is a list of relevant facts of this case:

- Plaintiffs obtained a loan in the amount of $250,000.00 ("Loan") in connection with the property located at 16141 Quartz Street, Westminster, California 92683 ("Subject Property"). The Loan was secured by a deed of trust encumbering the Subject Property that was recorded with the Orange County Official Records on December 12, 2007 as instrument number 2007000731120 ("DOT"). The DOT identifies Chase Bank as the lender and Plaintiffs as the borrowers. *See*, Request for Judicial Notice ("RJN"), 1, attached to the Motion to Dismiss the First Amended Complaint. Pacer Docket No. 35.

- An Assignment of Deed of Trust was recorded on April 30, 2009, with the Orange County Recorder as instrument number 2009000215727. All beneficial interest under the DOT was assigned to JPMorgan Chase Bank, N.A. ("JPMorgan"). *See* RJN, Exhibit 4, Pacer Docket No. 35.

- The Default Judgment was entered against Defendants on September 15, 2010. *See*, Pacer Docket Number 127. In the Default Judgment, the Court adjudicated as follows:

    "1.  This Court has jurisdiction over the subject matter of this case and over the Defendants.

    2.  Venue as to the Defendants in the Central District of California is proper.

    3.  Default judgment is hereby entered against Chase Bank USA, N.A. and Chase Home Finance, LLC and in favor of Plaintiffs Paul Nguyen and Laura Nguyen on all claims in Plaintiffs' Second Amended Complaint.

4. IT IS THEREFORE ORDERED that the Deed of Trust recorded with Orange County Recorder as instrument No. 2007000731120 on 12/12/2007 is wholly voided as to plaintiff Laura Nguyen.

5. IT IS FURTHER ORDERED that Defendant First American Loanstar Trustee Services record a DEED OF RECONVEYANCE to reconvey unto Plaintiffs thereto all right, title and interest which was heretofore acquired by First American Loanstar Trustee Services under deed of trust recorded with Orange County Recorder as instrument No. 2007000731120 on 12/12/2007.

6. IT IS FURTHER ORDERED that all adverse claims against property known as 16141 Quartz Street, Westminster, CA 92683 are quieted.

The legal description of said property is:

LOT 44 TRACT NO. 8977, IN THE CITY OF WESTMINSTER, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 369, PAGE(S) 46 AND 47 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. Assessor's Parcel No.: 107-903-44.

7. IT IS FURTHER ORDERED that the Promissory Note dated 12/12/2007 executed by Plaintiff Paul Nguyen in favor of Chase Bank USA, N.A. rescinded pursuant to 15 U.S.C. §1635(i).

8. IT IS FURTHER ORDERED that pursuant to 15 U.S.C. §1635(b), Plaintiffs had made offer to tender the loan evidenced by promissory note dated 12/12/2007 and Defendant Chase Bank USA, N.A. did not take possession within 20 days after tender by the Plaintiffs. Therefore, ownership of the loan proceed is vested in the Plaintiffs without obligation on their part to pay for it.

9. IT IS FURTHER ORDERED that Defendant Chase Bank USA, N.A. within 20 days after entry of judgment shall return to the Plaintiffs any money or property given as earnest money, down payment, or otherwise pursuant to 15 U.S.C. §1635(b).

10. IT IS FURTHER ORDERED that Plaintiffs are awarded their costs of suit, to be paid by Defendants Chase Bank USA, N.A. and Chase Home Finance, LLC, in an amount to be determined by the Clerk of the Court.

## III. PLAINTIFF PAUL NGUYEN IS REQUIRED TO TENDER THE LOAN PROCEEDS TO EFFECTUATE RESCISSION UNDER TILA

This Motion is brought pursuant to FRCP 59 (e) to alter or amend the judgment. The Motion is timely because it is filed within 28 days from September 15, 2010, the entry of the judgment. A motion to alter or amend the judgment will not be granted

"unless the district court is presented with *newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.*" *Kona Enterprises, Inc. v. Estate of Bishop,* 229 F3d 887, 890 (9th Cir. 2000). *See also, Santamarina v. Sears, Roebuck & Co.,* 466 F3d 570, 572 (7th Cir 2006).

Defendants respectfully contend that there was clear error made by the Court in the judgment because the Court did not require the Plaintiffs to tender the loan proceeds as a condition for rescission of the loan and reconveyance of the underlying DOT. In this regard, the Court may have erroneously relied upon the Fifth Circuit case cited by Plaintiffs, *Sosa v. Fite,* 498 F.2d 114, 119 (5th Cir.1974), for the proposition that Chase's failure to accept Plaintiffs' purported April 12, 2009 tender somehow relieved Plaintiffs' obligation to repay the subject Loan. *See,* Section 8 of the Default Judgment. However, the controlling law in the Ninth Circuit is contrary to the holding in *Sosa*.

Generally, TILA provides that within 20 days after receiving a borrower's notice of rescission, the lender is required to return any money paid by the borrower and release its security interest in the property. 15 USC § 1635(b). After the lender performs its obligations, the borrower must tender the net loan proceeds to the lender. *Id.* However, there is an exception to this rule – "The procedures prescribed by this subsection shall apply <u>except when otherwise ordered by a court</u>." 15 U.S.C. § 1635(b).

Federal courts have recognized the harshness of a strict interpretation of TILA in that the statute seems to obligate the lender to terminate the security interest after receiving a borrower's notice of rescission. However, such a reading would reduce the creditor to an unsecured position based on a claim of a right to rescind. Indeed, nothing in TILA establishes that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract." *Yamamoto v. Bank of New York, supra,* 329 F.3d 1167, at 1172 (citing *Large v. Conseco Financing Servicing Corp.,*

292 F.3d 49, 54-55 (1st Cir. 2002)). "The 'natural reading' of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, <u>either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined</u> . . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission." *Id.* (Emphasis added.)

In *Yamamoto*, the plaintiffs notified their lender that they were exercising their right to cancel the loan because they had not been provided with the notice of right to cancel forms required by TILA. 329 F.3d at 1172  The district court found the plaintiffs had to prove they could comply with their own obligations under the loan in order to assert a TILA rescission claim "<u>[o]therwise, a borrower could get out from under a secured loan simply *claiming* TILA violations, whether or not the lender had actually committed any</u>." *Id.*

In *Yamamoto, supra*, the Appellate Court noted that in 1980, Congress amended TILA as part of the Truth in Lending Simplification and Reform Act and added provisions permitting courts to modify the procedures for rescission and in 1981, subsection (d)(4) was added to Regulation Z to allow courts to modify the rescission procedures. *Id.* at 1171. The amendment to TILA and Regulation Z "followed in the wake of decisions by this court and others which held that the statute need not be interpreted literally as always requiring the creditor to remove its security interest prior to the borrower's tender of proceed." *Id.*

The Appellate Court further recognized that "'a trial judge ha[s] discretion to condition rescission on tender by the borrower of the property he had received from the lender.'" *Id.* In *Yamamoto, supra*, 329 F.3d at 1171, the court observed that the Ninth Circuit has long held that rescission should be <u>conditioned</u> on the borrower's repayment of the net loan proceeds advanced by the lender. *Id.* The Appellate Court reasoned that equity favored the creditor who would otherwise be left in an unsecured

position. *Id.* Indeed, the Appellate Court observed that rescission of the loan is not automatically accomplished by the borrower's notice of rescission, rather it sets forth a "claim" for rescission. *See, Id.* at 1172 [Reasoning that in order for borrower to prevail, rescission must be accomplished automatically upon her decision to rescind, communicated by a notice of rescission, without regard to whether the law permits her to rescind on the grounds asserted. We believe this makes no sense when, as here, the lender contests the ground upon which the borrower rescinds especially in cases where the borrower's right to rescission is contested."] Thus, the court observed that the unilateral notice of rescission does not cause operate automatically, "[o]therwise, a borrower could get out from under a secured loan simply by claiming TILA violations, whether or not the lender has actually committed any." *Id.*

Significantly, the court ruled that "a court may impose conditions on rescission that assure that the borrower meets her obligations once the creditor has performed its obligations." This interpretation is consistent with TILA's legislative history, which provides that "the courts, at any time during the rescission process, may impose equitable conditions to insure that the consumer meets his obligations after the creditor has performed his obligations as required by the act." *Id.* at 1173, citing, S. Rep. No. 368, 96th Cong., 2d Sess. 29 (1980), *reprinted in* 1980 U.S.C.C.A.N. 236, 265.

A recent Eastern District of California case law, *Baldain v. American Home Mortgage Servicing*, 2010 WL 56143, page 10, footnote 10, (E.D.Cal.) clearly distinguished the *Sosa* case by stating:

> "Neither *Sosa* nor *Pedro* has any bearing here, where the lender contests rescission, such that the lender has not yet incurred an obligation to return property under 15 U.S.C. section 1635(b)…"

The *Baldwin* holding is in accord with *Yamamoto* in recognizing that the right to rescind is only available where the creditor acknowledges the rescission or because

the appropriate decision maker has so decided. Here, in April 2009, there was neither an acknowledgement by Chase Bank regarding Paul Nguyen's right to rescind nor an actual adjudication of rescission. Plaintiffs did not submit any evidence that Defendants acknowledged the TILA violation or Plaintiffs' right to rescind the subject Loan in April 2009 or any time after April 2009. *See*, Pacer Docket Nos. 121 and 122. Thus, a mere tender of the Loan proceeds did not lead to Chase Bank's obligation to take possession of the Loan proceeds or the Subject Property within 20 days. Simply put, under Section 1635(b), Chase Bank's obligation to take possession of the Loan proceeds would be triggered 20 days from Plaintiffs' tender of the proceeds once the Court ruled rescission of the subject Loan on September 15, 2010.

In light of the above, Defendants respectfully request that the Default Judgment entered on September 15, 2010 be altered or amended so that Sections 5, 6, 7, 8, and 9 of the Default Judgment be conditioned upon Plaintiffs' tender of the initial Loan proceeds in the amount of $250,000 less the costs of the loan as set forth in Section 1635(b).

## IV. CONCLUSION

For on the foregoing reasons, Defendants respectfully request that the Court grant their Motion, and alter or amend the Default Judgment so that Sections 5, 6, 7, 8, and 9 of the Default Judgment be conditioned upon Plaintiffs' tender of the initial Loan proceeds in the amount of $250,000 less the costs of the loan as set forth in Section 1635(b).

DATED: October 5, 2010            ADORNO YOSS ALVARADO & SMITH
                                  A Professional Corporation

                                  By: /s/ S. Christopher Yoo
                                      JOHN M. SORICH
                                      S. CHRISTOPHER YOO
                                      Attorneys for Defendants
                                      CHASE BANK USA, N.A. and CHASE
                                      HOME FINANCE LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On October 5, 2010, I served the foregoing document described as **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(b) of FEDERAL RULES OF CIVIL PROCEDURE AND RELIEF FROM DEFAULT UNDER RULE 55(c); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 5, 2010, at Santa Ana, California.

*/s/ Veronica Delgado*
Veronica Delgado

PROOF OF SERVICE

1087365.2

## SERVICE LIST

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

| | |
|---|---|
| Paul Nguyen<br>Laura Nguyen<br>16141 Quartz Street<br>Westminster, CA 92683 | (714) 360-7602-telephone<br><br>**Plaintiffs in Pro Per** |
| T. Robert Finlay, Esq.<br>Christina Danielle Rovira, Esq.<br>Wright Finlay & Zak LLP<br>4665 MacArthur Court, Suite 280<br>Newport Beach, CA 92660 | (949) 477-5050-telephone<br>(949) 477-9200-facsimile<br><br>**Attorney for Defendant, First American Loanstar Trustee Services** |
| Kermit David Marsh, Esq.<br>Kermit D. Marsh Law Offices<br>9550 Warner Avenue, Suite 250<br>Fountain Valley, CA 92708 | (714) 593-2321-telephone<br>(714) 593-2399-facsimile<br><br>**Attorney for Defendant, Son Cao Tran aka Doe 1** |