WRIGHT, FINLAY & ZAK, LLP
T. Robert Finlay, Esq., SBN 167280
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660 (*Nguyen Paul/Pleadings/Response to Ex Parte*)
Tel: (949) 477-5050; Fax: (949) 477-9200

Attorneys for Defendant,
FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Joseph Son Cao Tran, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:09-cv-04589-AHM-AJW<br>*Honorable Judge A. Howard Matz*<br><br>**FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION TO ENFORCE JUDGMENT FOR SPECIFIC ACT; DECLARATION OF T. ROBERT FINLAY** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES ("Loanstar" or "Defendant") hereby responds to Plaintiffs PAUL NGUYEN and LAURA NGUYEN's (collectively "Plaintiffs") Ex Parte Application to Enforce Judgment For Specific Act by First American Loanstar Trustee Services as follows:

1

## I. ARGUMENT

### A. Defendant Loanstar Acted in Good Faith, and Stands Ready And Able to Record the Deed of Reconveyance.

On September 15, 2010, the Court issued its Order of Default Judgment and Other Equitable Relief Against Chase Bank USA, N.A. ("Judgment"); and Chase Home Finance, LLC, and Judgment Against First American Loanstar Trustee Services. The Court's Judgment did not specify a timeline in which the Deed of Reconveyance was to record.

On about September 22, 2010, Loanstar learned that Chase intended to challenge the Court's Judgment via post-judgment motions, specifically, an Ex Parte Application to Stay Enforcement. Given Chase's Ex Parte Application, the magnitude of the impact a Reconveyance would have on Chase, and the fact that the Judgment did not have a time of performance deadline, Loanstar has not yet recorded a Reconveyance.

As there was no pending deadline in which to file the Deed of Reconveyance, and in light of Chase's pending challenge the Judgment, there appeared to be no urgency to record the Deed of Reconveyance. These concerns were shared in an email sent to Mr. Paul Nguyen by Loanstar's counsel, on October 5, 2010 in response to his Meet & Confer email.

However, given the recent ruling on Chase's Ex Parte Application, Loanstar is preparing (or has prepared) the Reconveyance and can have it recorded next week.

///
///
///
///
///
///

2

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION TO ENFORCE JUDGMENT FOR SPECIFIC ACT

## III. CONCLUSION

For the reasons set forth above, Loanstar is and has conducted itself in good faith, and respectfully requests that the Court not impose contempt charges or sanctions. Loanstar will prepare the Deed of Reconveyance pursuant the Judgment for recording next week.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: October 7, 2010     By:   */s/ T. Robert Finlay*
T. Robert Finlay, Esq.
Attorneys for Defendant,
FIRST AMERICAN LOANSTAR
TRUSTEE SERVICES, LLC

3

FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC'S RESPONSE TO PLAINTIFFS' EX PARTE APPLICATION TO ENFORCE JUDGMENT FOR SPECIFIC ACT

## DECLARATION OF T. ROBERT FINLAY

I, T. Robert Finlay, declare as follows:

1. I am a partner with the law firm of Wright, Finlay & Zak, LLP, and attorney of record for Defendant, FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC ("Loanstar") in the above-referenced action. I have personal knowledge of the facts set forth herein, and if called upon to do so, I would and could competently testify thereto.

2. On September 15, 2010, our office received a copy of the Court's Order and Judgment against Defendants Chase Bank USA, N.A.; and Chase Home Finance, LLC, and Loanstar. Pursuant to the Court's Judgment, Loanstar was required to record a Deed of Reconveyance with the Orange County Recorder's Office. The Court's Judgment did not specify a timeline in which the Deed of Reconveyance was to record.

3. On September 22, 2010, I exchanged emails with Christopher Yoo, lead counsel for Chase. During our email exchange, I was informed that Chase intended to challenge the Court's Judgment via several post-judgment motions. Additionally, Mr. Yoo raised an issue as to whether Loanstar was still the current foreclosure trustee, as a new foreclosure trustee may have been appointed.

4. As there was no pending deadline in which to file the Deed of Reconveyance, and in light of Chase's intent to challenge the Judgment the magnitude of the impact a Reconveyance, there appeared to be no urgency to record the Deed of Reconveyance. These concerns were shared in an email I sent to Mr. Paul Nguyen, on October 5, 2010 in response to his Meet & Confer email.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and this declaration was executed on this 7th day of October, 2010.

                                                  */s/ T. Robert Finlay*
                                                  T. Robert Finlay, Declarant

# PROOF OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On October 8, 2010, I served the within **FIRST AMERICAN LOANSTAR TRUSTEE SERVICES, LLC'S RESPOND TO PLAINTIFFS' EX PARTE APPLICATION TO ENFORCE JUDGMENT FOR SPECIFIC ACT; DECLARATION OF T. ROBERT FINLAY** on all interested parties in this action as follows:

[X] by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Paul & Laura Nguyen
16141 Quartz Street
Westminster, CA 92683
(714) 360-7602
**PRO SE**

S. Christopher Yoo, Esq.
ADORNO, YOSS, ALVARADO and SMITH
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
(714) 852-6800; FAX (714) 852-6899
**Attorney for Chase Bank USA, N.A. and Chase Home Finance, LLC**

[X] (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ] (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ] (BY FEDERAL EXPRESS - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Federal Express with the delivery fees provided for.

[] (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

1

PROOF OF SERVICE

[x] (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 8, 2010, at Newport Beach, California.

*/s/ Steven E. Bennett*

Steven E. Bennett

2

PROOF OF SERVICE