JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
THEODORE E. BACON (CA Bar No. 115395)
tbacon@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE
HOME FINANCE LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Sydney Funding and Realty, Inc.; Sidney Tran, an Individual; Nexus Escrow, Inc.; John Nguyen, an Individual; Joseph Son Cao Tran, and Individual; Realty Savers Inc.; Nguyen Paul Tuan, an Individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: CV09-4589 AHM (AJWx)<br><br>JUDGE: Hon. A. Howard Matz<br><br>**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT**<br><br>(FRCP Rule 59(e))<br><br>CTRM: "14"<br>DATE: November 8, 2010<br>TIME: 10:00 a.m.<br><br>Action Filed: June 25, 2009 |

Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home," and collectively "Defendants") submit the following reply to the Opposition to the Motion to Alter or Amend Judgment entered on September 15, 2010 ("Opposition") by plaintiffs Paul Nguyen and Laura Nguyen (collectively "Plaintiffs").

## I. SUMMARY OF ARGUMENT

Plaintiffs' Opposition to the Motion to Alter or Amend Judgment entered on September 15, 2010 ("Motion") fails to refute the legal authorities upon which the Motion is based. Contrary to Plaintiffs' contentions, the Motion is not frivolous and is legitimately brought to contest the default judgment issued on September 15, 2010 ("Default Judgment"), which Default Judgment did not require Plaintiffs to tender the subject loan proceeds as a condition for rescission of the subject loan or reconveyance of the subject deed of trust. The failure to require a tender as a condition of rescission is clear error because it is in contradiction to applicable Ninth Circuit law, and the existence of a clear error by the Court is a proper basis to bring a motion under Rule 59(e) of Federal Rules of Civil Procedure. As such, the pending Motion has merit and Plaintiffs' request for sanctions should be denied.

As fully set forth in the Motion, the mere assertion by Plaintiffs of their right to rescind the subject loan did not automatically void the loan. Accordingly, the Motion must therefore be granted and the Default Judgment altered or amended so that Sections 5, 6, 7, 8, and 9 of the Default Judgment are conditioned upon Plaintiffs' tender of the initial loan proceeds in the amount of $250,000 less the costs of the loan as set forth in 15 USC § 1635(b).

## II. THIS MOTION IS PROPERLY BROUGHT UNDER FRCP 59(e)

As stated in the Motion, a motion to alter or amend the judgment will not be granted "unless the district court is presented with *newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.*" Kona Enterprises, Inc. v. Estate of Bishop, 229 F3d 887, 890 (9th Cir. 2000). *See also*, *Santamarina v. Sears, Roebuck & Co.*, 466 F3d 570, 572 (7th Cir 2006).

Plaintiffs contend that the Court should deny the Motion on the basis that it is improperly brought under FRCP 59 (e) because the Court has already "reviewed and considered the provisions of TILA and discretionary decision in Yamamoto v. Bank of New York[.]" *See* Opposition, 3:2-3. However, Plaintiffs' contention in this

regard is unsupported by fact or law. There was no admission by Defendants or prior finding of a violation, and as such, the Plaintiffs' request for rescission did not automatically trigger the obligation to rescind. Under these facts, it is clear that the Motion is properly being brought under FRCP 59(e) because there is clear error in failing to require Plaintiffs to tender the proceeds of the subject loan as a condition for rescinding same as fully explained in the Motion and Section III below. Accordingly, the Court should deny Plaintiffs' request for sanctions against Defendants in bringing this Motion.

### III. PLAINTIFFS FAIL TO REFUTE THAT TENDER IS REQUIRED FOR RESCISSION UNDER TILA

Rather than cite to binding legal authorities in support of their Opposition, Plaintiffs rely on the additional commentary made by the staff of the Federal Reserve Board in 2004. *See* Opposition, 4:18-20. Plaintiffs allege such commentary "repudiates the Yamamoto position that a consumer who cannot tender can be denied all benefit of rescission[.]" *See* Opposition, 4:22-23.

However, contrary to Plaintiffs' position, Ninth Circuit case law holds that nothing in TILA establishes that a borrower's "mere assertion of the right to rescission has the automatic effect of voiding the contract." *Yamamoto v. Bank of New York*, *supra*, 329 F.3d 1167, at 1172 (citing *Large v. Conseco Financing Servicing Corp.*, 292 F.3d 49, 54-55 (1st Cir. 2002)). "The 'natural reading' of the language of § 1635(b) "is that the security interest becomes void when the obligor exercises a right to rescind that is available in the particular case, <u>either because the creditor acknowledges that the right of rescission is available, or because the appropriate decision maker has so determined</u> . . . . Until such decision is made, the [borrowers] have only advanced a claim seeking rescission." *Id.* (Emphasis added.)

As stated in the Motion, there was no evidence presented that Defendants acknowledged the purported TILA violation or Plaintiffs' right to rescind the subject loan in April 2009 or any time after April 2009. As such, Plaintiffs' mere tender of

the loan proceeds in April 2009 did not trigger Defendants' obligation to take possession of the loan proceeds or subject property within 20 days. The Default Judgment must be altered to reflect Defendants' obligation to take possession of the subject loan proceeds 20 days from Plaintiffs' tender of the loan proceeds once the Court ruled rescission of the subject Loan on September 15, 2010.

## IV. CONCLUSION

For on the foregoing reasons, Defendants respectfully request that the Court grant their Motion, and alter or amend the Default Judgment so that Sections 5, 6, 7, 8, and 9 of the Default Judgment be conditioned upon Plaintiffs' tender of the initial Loan proceeds in the amount of $250,000 less the costs of the loan as set forth in Section 1635(b).

DATED: October 25, 2010

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
THEODORE E. BACON
S. CHRISTOPHER YOO
Attorneys for Defendants
CHASE BANK USA, N.A. and CHASE HOME FINANCE LLC

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On October 25, 2010, I served the foregoing document described as **DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO ALTER OR AMEND JUDGMENT** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows: **SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on October 25, 2010, at Santa Ana, California.

*/s/ Cynthia Rosas*
Cynthia Rosas

1088381.1

PROOF OF SERVICE

# SERVICE LIST

*Paul Nguyen v. Chase Bank USA, N.A., et al.*
USDC Central Case No. CV09-4589 AHM (AJWx)

Paul Nguyen
Laura Nguyen
16141 Quartz Street
Westminster, CA 92683

T: (714) 360-7602

**Plaintiffs in Pro Se**

T. Robert Finlay, Esq.
Christina Danielle Rovira, Esq.
Wright Finlay and Zak LLP
4665 MacArthur Court Ste 280
Newport Beach, CA 92660

(949) 477-5050
(949) 477-9200 (fax)

*rfinlay@wrightlegal.net*
*crovira@wrightlegal.net*

Attorneys for Defendant **First American Loanstar Trustee Services**