PAUL NGUYEN
LAURA NGUYEN
16141 QUARTZ STREET
WESTMINSTER, CA 92683
TELEPHONE: (714) 360-7602

Plaintiffs in Pro Per.

FILED
2010 OCT 29 AM 11:21
CLERK U.S. DISTRICT
CENTRAL DIST. CALIF.
LOS ANGELES
BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NGUYEN, an individual; and LAURA NGUYEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>Chase Bank USA, N.A.; Chase Home Finance, LLC; First American Loanstar Trustee Services; Joseph Son Cao Tran; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  CV09-4589 AHM (AJWx)<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE; DECLARATION OF GARY HARRE, ESQ.**<br><br>Date:  11/22/2010<br>Time:  10:00 a.m.<br>Judge: Hon. A. Howard Matz |

## NOTICE

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on TBD, at 10:30 a.m., before the Honorable A. Howard Matz, United States District Court, the following Motion for Sanctions Pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCP") and L.R. 11-9 will be heard. L.R. 11-9 states that "the presentation to the Court of frivolous motions or opposition to motions (or the failure to comply fully with this rule)

subjects the offender at the discretion of the Court to the sanctions of L.R. 83-7;" which states that "The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

## MOTION

Pursuant to Federal Rules of Civil Procedure 11(c)(2), Plaintiffs Paul Nguyen and Laura Nguyen hereby move the Court to determine if Federal Rules of Civil Procedure 11(b) has been violated on the grounds that Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance, LLC ("Chase Home") or collectively ("Chase Defendants"), by and through their counsel, has filed with the Court, in violation of Rule 11(b) of the Federal Rules of Civil Procedure, the following:

- *Ex Parte* Application to Stay Enforcement of Judgment [Docket # 130];
- Motion for Relief from Judgment under Rule 60(b) of FRCP and Relief From Default under Rule 55(c) [Docket # 131]; and
- Motion to Alter or Amend Judgment [Docket # 129].

Factual contentions and allegations contained in these motions have no evidentiary support and have not been specifically identified to have evidentiary support after a reasonable opportunity for further investigation or discovery, and that Chase Defendants and their counsel, within 21 days after service of the instant motion, have failed to withdraw their frivolous motions.

Additionally, pursuant to Federal Rules of Civil Procedure 11(c)(2), Plaintiffs hereby move the Court to determine if Federal Rules of Civil Procedure 11(b) has been violated on the grounds that Chase Defendants, by and through counsel, have filed with the Court, in violation of Rule 11(b) of the Federal Rules of Civil

- 1 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Procedure, (a) Ex Parte Application to Stay Enforcement of Judgment [Docket # 130]; (b) Motion for Relief from Judgment under Rule 60(b) of FRCP and Relief From Default under Rule 55(c) [Docket # 131]; and (c) Motion to Alter or Amend Judgment [Docket # 129] or collectively "Motions"); which has been presented to the Court for an improper purpose, and that Chase Defendants and their counsel, within 21 days after service of the instant motion, have failed to withdraw such Motions.

Finally, pursuant to Federal Rules of Civil Procedure 11(c)(2), Plaintiffs hereby move the Court for an award of the reasonable expenses incurred as a result of this immediate motion.

In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities in support.

DATED: 10/27/ 2010

_____
Paul Nguyen, Plaintiff

DATED: 10/27/2010

_____
Laura Nguyen, Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. PROCEDURAL HISTORY

On 08/17/2010, this Court ordered Chase Defendants to show cause in writing why default judgment should not be entered against them. On 08/20/2010, Chase Defendants through their counsel response to the Order to Show Cause re: Why default judgment should not be entered against Chase Defendants for their failure to submit the required pre-trial documents and lack compliance with certain prior order.

On 08/23/2010, Chase Defendants through their counsel appeared for order to show cause why default judgment should not be entered against Chase Defendants. The Court spent substantial time creates a record for issuing default against Chase Defendants and denied Chase request to continue trial to file cross-claims against others. The Court expressly ruled that "***The Court has made a careful and considered determination of its decision to enter judgment and will not be receptive to the filing of a motion for reconsideration.***"

Despite such explicit orders, Chase Defendants and their counsel brought 3 motions, re-arguing the same laws and facts that have been considered by this Court. With the help of Counsel, Plaintiffs response in detail to Chase Defendants through their counsel as to the authority and warned that Sanction pursuant to FRCP Rule 11 will be pursued should they continue with frivolous motions. Even after meet and confer with Chase Defendants through their counsel, Chase Defendant brought these frivolous motions and failed to withdraw them.

## 2. APPLICABLE AUTHORITIES

Rule 11 of the Federal Rules of Civil Procedure seeks to strike a careful balance. Its object is to "reduce frivolous claims, defenses, or motions, and . . . deter costly meritless maneuvers" and other abuses of the litigation process. Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003) (quoting Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001)). At the same time, it seeks to preserve

fair access to the courts and not to deter the presentation of novel legal contentions or impede zealous advocacy.

Rule 11 expressly bar a pleading, motion, or paper that is presented for "any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The Rule lists three examples of improper purposes—harassment, delay, and unnecessary increase in the cost of litigation—but this list is not exclusive. For a collection of fact patterns in which courts have awarded sanctions based on the improper purpose prong of Rule 11, see GREGORY P. JOSEPH, SANCTIONS: THE FEDERAL LAW OF LITIGATION ABUSE 212–14 (3d ed. 2000).

Among the many examples, courts have found an improper purpose where a paper was presented only to determine whether it would be opposed such as this case. *See* Cohen v. Va. Elec. & Power Co., 788 F.2d 247, 249 (4th Cir.1986). The improper purpose inquiry employs an objective standard. *See, e.g.*, Whitehead v. Food Max of Miss., Inc., 332 F.3d 796, 805 (5th Cir. 2003); G.C. & K.B. Invs., Inc. v. Wilson, 326 F.3d 1096, 1109 (9th Cir. 2003); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002); Pac. Dunlop Holdings, Inc. v. Barosh, 22 F.3d 113, 118 (7th Cir. 1994); In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990).

The inquiry goes to the presenter's purpose, as demonstrated by the totality of the circumstances at the time the paper is filed. The court looks to objective indicators of purpose from which to infer improper purpose, rather than conducting an inquiry into the presenter's subjective bad faith. For example, a litigant who makes multiple claims or motions that are substantially identical to earlier, unsuccessful motions is often sanctioned for harassment. *See, e.g.*, Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989); Fox v. Boucher, 794 F.2d 34, 36–38 (2d Cir. 1986); McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986); Cannon v. Loyola Univ. of Chi., 784 F.2d 777, 782 (7th Cir. 1986). Courts will also infer an improper purpose to harass if the claim falls into an established pattern of frivolous

- 4 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

claims, See <u>Tarkowski v. County of Lake</u>, 775 F.2d 173, 176 (7th Cir. 1985) or a frivolous claim or paper is presented in circumstances which suggest that the presenter has a motive to harass. <u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394, 410–11 (4th Cir. 1999); see <u>Derechin v. State Univ. of N.Y.</u>, 963 F.2d 513, 517 (2d Cir. 1992).

A party seeking to impose sanctions must first serve the opposing party with a Rule 11 motion at least twenty-one days before presenting the motion to the court, and then file the motion with the court. This "safe harbor" gives a litigant twenty-one days to correct or withdraw the challenged submission in order to avoid the imposition of sanctions before the motion is filed with the court.

## 3. <u>CHASE DEFENDANTS' *EX PARTE* APPLICATION TO STAY ENFORCEMENT OF JUDGMENT IS FRIVOLOUS.</u>

The discretionary stay authority as provided by Rule 62(b), reflect "the inherent power of the courts to make whatever order is necessary to preserve the status quo and to ensure the effectiveness of the final judgment." <u>In re Wymer</u>, 5 B.R. 802, 806 (BAP 9th Cir. 1980) <u>citing</u> 11 Wright & Miller p.315. The court's discretion is exercised upon "appropriate terms for the opposing party's security." FRCP 62(b).

"The Ninth Circuit has set forth the following sliding scale to govern this determination: At one end of the continuum, the moving party is required to show both a probability of success on the merits and the possibility of irreparable injury. At the other end of the continuum, the moving party must demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." <u>Platforms Wireless International Corp.</u>, 2008 U.S. Dist. LEXIS at *26 [internal quotations and citations omitted].

This Court took substantial time and efforts in its consideration before entering default judgment against Defendants. Furthermore, this Court explicitly stated that "**<u>The Court has made a careful and considered determination of its decision to enter judgment and will not be receptive to the filing of a motion for</u>**

**reconsideration."** Despite such clear order and meet and confer between Plaintiffs and Mr. Yoo, Counsel for Defendants, they still bring this frivolous *Ex Parte* Application to Stay Enforcement of Judgment; which based on frivolous motion to alter or amend judgment and motion to be relieved from default and default judgment.

Not only Defendants Ex Parte request is meritless based on frivolous motions, Defendants' conducts are despicable in wasting judicial resources, and blatantly disregard power and authority of this Court. Defendants' conducts can be traced back to multiple OSC re Contempt before this Court and its repeated warnings.

Chase Defendants' motion clearly not dispute the fact that the Deed of Trust is VOID because forgeries. 15 U.S.C. §1635(b) **Return of money or property following rescission** is very clear as it stated as follows:

> "When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. **Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction**. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value. Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor. If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it. The procedures prescribed by this subsection shall apply except when otherwise ordered by a court."

- 6 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

This Court has found that rescission is proper and has not ordered otherwise. In fact, this Court specifically ordered Defendants to comply with 15 U.S.C. §1635(b) to return property to Plaintiff and take action to terminate security interest within 20 days, although the Court had discretion to alter the process but declined to do so.

### 4. **CHASE DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) OF FRCP AND RELIEF FROM DEFAULT UNDER RULE 55(C) IS A SHAM AND SUBSTANTIALLY IDENTICAL TO PREVIOUS PLEADINGS, DESIGNED TO CAUSE DELAY AND INCREASE COST FOR PLAINTIFFS.**

Chase Defendants and their counsel argued that Mr. Yoo's action constituted excusable neglect and cannot imputed upon Chase Defendants. These arguments are exactly the same as what Mr. Yoo argued in response to the Court's OSC why default judgment should not be entered against Chase Defendants. Despite such issues had been adjudicated and ruled upon by this Court and its explicit order that "***The Court has made a careful and considered determination of its decision to enter judgment and will not be receptive to the filing of a motion for reconsideration.***" Chase Defendants and their counsel bring before the Court same facts and arguments in this motion that are substantially identical to earlier, unsuccessful motions. Therefore, sanction is appropriate under Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989); Fox v. Boucher, 794 F.2d 34, 36–38 (2d Cir. 1986); McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986); Cannon v. Loyola Univ. of Chi., 784 F.2d 777, 782 (7th Cir. 1986).

### 5. **CHASE DEFENDANTS' MOTION TO ALTER OR AMEND JUDGMENT IS A SHAM AND SUBSTANTIALLY IDENTICAL TO PREVIOUS PLEADINGS, DESIGNED TO CAUSE DELAY AND INCREASE COST FOR PLAINTIFFS.**

Chase Defendants and their Counsel submitted their response to Plaintiffs' proposed judgment as ordered by this Court. This motion is substantially identical to previous pleadings [Docket # 120]. This Court reviewed and issued its order on 09/15/2010 [Docket # 127]. Here, Chase Defendants and their counsel brought this substantially identical motion. Therefore, sanction is appropriate under Coats v. Pierre, 890 F.2d 728, 734 (5th Cir. 1989); Fox v. Boucher, 794 F.2d 34, 36–38 (2d Cir. 1986); McLaughlin v. Bradlee, 803 F.2d 1197, 1205 (D.C. Cir. 1986); Cannon v. Loyola Univ. of Chi., 784 F.2d 777, 782 (7th Cir. 1986).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move the Court to sanction Chase Defendants, its attorneys S. Christopher Yoo, John M. Sorich, Theodore E. Bacon and the law firm Adorno Yoss Alvarado & Smith for violations of Rule 11(b)(3) of the Federal Rules of Civil Procedure.

DATED: 10/27/ 2010          _____
                             Paul Nguyen, Plaintiff

DATED: 10/27/2010           _____
                             Laura Nguyen, Plaintiff

## DECLARATION OF GARY HARRE, ESQ.

I, Gary Harre, declare as follows:

1. I have been retained by Paul Nguyen and Laura Nguyen on 10/05/2010 to prepare motion for sanctions pursuant to Rule 11 of the FRCP against Defendants Chase Bank USA, N.A. ("Chase Bank") and Chase Home Finance LLC ("Chase Home") or collectively "Defendants" and their attorneys.

2. I have been duly admitted to practice law in the state of California and before this Court. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, as to the matters set forth in this Declaration.

3. I agreed to prepare this motion and spent 1 hour reviewing docket of this case, judgment, Chase Defendants' Ex Parte Application, motion for relief from judgment under rule 60(b) and relief from default under rule 55(c), and Chase Defendants' motion to alter or amend judgment.

4. I spent 3 hours preparing this motion.

5. I bill the NGUYEN total of 4 hours, which amounted to $2,200.00.

6. Furthermore, should special appearance is necessary, hourly billing for travel and hearing is anticipated and Plaintiffs will be billed accordingly.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed this 6th day of October 2010, at Orange, California.

_____
Gary Harre, Esq.

## PROOF OF SERVICE

I am a citizen of the United States; I am over 18 years of age; my business address is 1940 W. Orangewood Ave, Ste 110, Orange, California 92868. I am employed in the County of Orange and that I served the following notice.

On 10/06/2010, I served the following document(s):

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE. DECLARATION OF GARY HARRE, ESQ.

On the following party(s):

S. Christopher Yoo
Adorno Yoss Alvarado & Smith
1 MacArthur Place, Suite 200
Santa Ana, CA 92707
Email: cyoo@adorno.com

XX   **BY MAIL:** I caused such envelope(s) to be deposited in the mail at my business address, addressed to the addressee(s) designated. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

____   **BY HAND DELIVERY:** I caused such envelope(s) to be delivered by hand to the addressee(s) designated.

____   **BY FEDERAL EXPRESS:** I caused such envelope(s) to be delivered via Federal Express to the addressee(s) designated.

XX   **BY EMAIL:** I caused said documents(s) to be transmitted to the Email(s) of the addressee(s) designated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Orange, California, on 10/06/2010

Judy Pham