O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | PAUL NGUYEN v. CHASE BANK USA, N.A., et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:   Attorneys **NOT** Present for Defendants:

**Proceedings:**   IN CHAMBERS (No Proceedings Held)

Given the plethora of motions now before the Court, and without there being any basis for the parties to infer how the Court will rule on those motions, the Court directs each of the Parties in this matter separately to provide the further information specified below, by no later than November 5, 2010.

First:
- What is the full amount of the loan at issue?
- What is the interest rate?
- How much of the principal has been repaid by the borrower[s]?
- How much interest has been paid by the borrower[s]?
- What is the current principal balance of the loan?
- Was any form of downpayment or earnest money provided to the lender by the borrower? If so, what and how much?
- When was a tender offer made by the borrower[s] to the lender, and what did the offer consist of in its entirety?
- What is the last appraised value of the residence at issue? If there is no formal appraisal available, what is the most current entry on Zillow (www.zillow.com)?

Second, the Partes are directed to set forth their analyses (with legal citations to support their position) as to the respective rights and obligations of the creditor and borrower under TILA (assuming a valid and timely demand for rescission by the borrower) under the following hypothetical scenario:

Hypothetical: The appraised value of the residence at the time the mortgage loan

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-4589 AHM (AJWx) | Date | November 1, 2010 |
|---|---|---|---|
| Title | PAUL NGUYEN v. CHASE BANK USA, N.A., et al. | | |

was extended was $500,000.  The downpayment was $50,000.  Purchasers took out a $450,000 loan.  The amount of the loan paid back by the time of default was $50,000, leaving a $400,000 balance.  The amount of interest paid as of that point was $50,000.  Thus, the borrower had paid the lender a total of $100,000.  At the time of default, the value of the home was appraised at $250,000.  Assume the borrower has a total of $1,000 in liquid assets.

For this hypothetical, specify the following: What payments must the lender return to the borrower?  What payments must the borrower make to the lender?  What offsets are available to each side?  What happens to the home — who gets or keeps the title?  If the borrower has future (or continuing) obligations, does the Court's equitable powers under the statute, 15 U.S.C. § 1635(b), entitle the Court to decree "workout" terms, such as a reduced interest rate, reduced monthly loan payments, or extension of the duration of the loan period?

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |